**IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| IN RE: § | |
| § | CHAPTER 11 |
| § | |
| **REMARKABLE HEALTHCARE OF** § | **CASE NO. 24-40605** |
| **CARROLLTON LP, ET AL.,**[1] § | |
| § | **(Joint Administration Requested)** |
| § | |
| **DEBTORS.** § | |

**DEBTORS' EMERGENCY MOTION FOR ENTRY OF AN ORDER
(I) DIRECTING JOINT ADMINISTRATION OF THE DEBTORS' CHAPTER 11 CASES
AND (II) GRANTING RELATED RELIEF**

TO THE HONORABLE BRENDA T. RHOADES CHIEF
UNITED STATES BANKRUPTCY JUDGE:

Come now, Remarkable Healthcare of Carrollton, LP, Remarkable Healthcare of Dallas, LP, Remarkable Healthcare of Fort Worth, LP, Remarkable Healthcare of Seguin, LP, and Remarkable Healthcare, LLC, the Debtors and Debtors-In-Possession (collectively, the "**Debtors**"), in the above-captioned cases (collectively, the "**Cases**"), and respectfully file this Emergency Motion for Joint Administration (the "**Motion**"), and, in support hereof, state as follows:

### I. JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. Consideration of this action is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### II. PROCEDURAL BACKGROUND

2. On March 20, 2024 (the "**Petition Date**"), the Debtors commenced these

---

[1] The Debtors in these jointly-administered chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Remarkable Healthcare of Carrollton, LP (5960), Remarkable Healthcare of Dallas, LP (3418), Remarkable Healthcare of Fort Worth (1692), Remarkable Healthcare of Seguin, LP (4566), and Remarkable Healthcare, LLC (5142).

Cases by filing voluntary petitions for relief under subchapter V of Chapter 11 of Title 11 of the United States Code, 11 U.S.C. § 101, et seq. (the "**Bankruptcy Code**").

3. The Debtors continue to operate their business as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. A Sub-V Trustee has been appointed and no other trustee, examiner, or official committees have been appointed in these Cases.

### III. FACTUAL BACKGROUND

4. The Debtors were formed in Texas from 2010 to 2013 and operate four skilled nursing facilities with approximately 270 resident patients and employees located in Carrollton, Dallas, Fort Worth, and Seguin. Remarkable Healthcare is focused on the individual who needs healthcare services after his/her hospital stay and offers both services to help individuals return home as well as long-term services for those who require extended care. Services are tailored to each individual with the goal of facilitating increased strength and flexibility while minimizing pain and impairment. Stabilizing the patient from a clinical, nursing, and social aspect is Remarkable Healthcare's top priority.

5. The Reorganization Cases are intended to provide the Debtors and their estates a forum for the orderly and efficient reorganization of their assets and satisfaction of outstanding obligations, including working to refinance or restructure their debts. The Debtors believe this process will be in the best interests of their creditors and estates. Throughout these Reorganization Cases, the Debtors will continue to work on refinancing options while also implementing cost-cutting measures and profit-centered efficiencies to stabilize their businesses and increase growth and liquidity to repay their debts over time through a plan of reorganization.

### IV. RELIEF REQUESTED AND AUTHORITY FOR RELIEF

6. By this Motion, the Debtors respectfully request entry of an order authorizing the joint administration of their Reorganization Cases.

7. This Court may order the joint administration of the estates of a debtor and an affiliate. Fed. R. Bankr. P. 1015(b). Bankruptcy Rule 1015(b) provides, in relevant part, if "two or more petitions are pending in the same court by . . . a debtor and an affiliate, the court may order a joint administration of the estates." Local Rule 1015-1 provides the requisite procedure for filing a motion requesting joint administration, with which the Debtors have complied.

8. Joint administration of the Reorganization Cases is appropriate because the Debtors intend to file motions and, likely, a joint disclosure statement and plan that will affect all the Debtors. The joint administration of these Reorganization Cases, including the combining of notice to creditors of the respective estates, as well as the notices and hearings of all matters at the same time will promote the efficient and convenient administration of the Debtors' estates. The practicalities of providing professional services to the affiliated Debtors and their related management and operations further justifies consolidated fee and expense applications in the jointly administered case.

9. The rights of creditors of each of the Debtors will not be adversely affected by the joint administration of these Reorganization Cases. Joint administration will not affect substantive rights, and nothing set forth herein should be deemed to be a request for substantive consolidation of the Debtors' estates and their Reorganization Cases. To the extent that proofs of claim are required to be filed, each creditor will be entitled to file a claim against the particular estate that owes it money unless substantive consolidation actually is requested and granted. Finally, joint supervision of the administrative aspects of the Reorganization Cases by the Court and the Office of the United States Trustee may be simplified.

10. The Debtors further request that the official caption to be used by all parties in all pleadings in the jointly administered cases be as follows:

| | |
|---|---|
| IN RE: | § |
| | §    **CHAPTER 11** |
| | § |
| **REMARKABLE HEALTHCARE OF** | §    **CASE NO. 24-40605** |
| **CARROLLTON LP, ET AL.,**[2] | § |
| | §    **(Jointly Administered)** |
| | § |
| **DEBTORS.** | § |

11. The Debtors believe that the joint administration of the respective Debtors' estates is warranted and will ease the administrative burdens and costs of the Court and all interested parties.

12. There are no existing administrative or scheduling orders which require modification if this Motion is granted.

## V.  REQUEST FOR EMERGENCY HEARING

13. Debtors are requesting an emergency hearing on this Motion to avoid immediate and irreparable harm as contemplated by Fed. R. Bank. P. 6002.

14. The Debtors aver urgency exists for the following reasons: (1) Joint Administration will save costs and prevent confusion from multiple early filings and orders that otherwise would be entered in each of the five Debtor cases; (2) notice should be limited as appropriate to save costs of the estates from inception of the cases and parties can later ask to be added; (3) the Debtors' businesses are effectively paralyzed until they can use cash collateral to pay employees; (4) the Debtors must maintain employee confidence by ensuring prompt payment of prepetition compensation within the priority caps of section 507; and (5) the Debtors' continued operation of their Cash Management System is essential to operations and payment of critical vendors is necessary because the venders are the sole suppliers, or the only economically feasible supplier, of the relevant goods and services.

---

[2] The Debtors in these jointly-administered chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Remarkable Healthcare of Carrollton, LP (5960), Remarkable Healthcare of Dallas, LP (3418), Remarkable Healthcare of Fort Worth (1692), Remarkable Healthcare of Seguin, LP (4566), and Remarkable Healthcare, LLC (5142).

Debtors will be filing a separate motion requesting an emergency setting of this and all other first day motions.

## VI.   PRAYER

**WHEREFORE, PREMISES CONSIDERED**, the Debtors respectfully request that the Court (i) grant the Motion and the relief requested herein, and (ii) enter an order (a) allowing for the joint administration of the Reorganization Cases, and (b) granting the Debtors all such other and further relief to which they may be justly entitled.

Dated: March 20, 2024
      Dallas, Texas

**GUTNICKI LLP**

*/s/ Liz Boydston*
Liz Boydston (SBN 24053684)
Alexandria Rahn (SBN 24110246)
10440 N. Central Expy., Suite 800
Dallas, Texas 75231
Telephone: (469) 935-6699
Facsimile: (469) 895-4413
lboydston@gutnicki.com
arahn@gutnicki.com

-and-

Max Schlan (*Pro Hac Vice* Pending)
45 Rockefeller Plaza
Suite 2000
New York, New York 10111
Telephone: (646) 825-2330
Facsimile: (646)825-2330
 mschlan@gutnicki.com

*Proposed Counsel to the Debtors and Debtors in Possession*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that this document was served on March 20, 2024 via ECF notice on all parties requesting such notice or via U.S. first class mail, postage prepaid, to all parties on the service list (*to be filed and attached in a concurrently filed Certificate of Mailing*), including

the U.S. Trustee, Subchapter V Trustee, Debtor's secured creditors, all governmental units, and each of the Debtor's unsecured creditors.

          /s/  Alexandria R. Rahn
          Alexandria R. Rahn

**IN THE UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| IN RE: | |
|---|---|
| **REMARKABLE HEALTHCARE OF CARROLLTON LP,** | Case No.:    24-40605 |
| **REMARKABLE HEALTHCARE OF DALLAS, LP,** | Case No.:    24-40608 |
| **REMARKABLE HEALTHCARE OF FORT WORTH, LP,** | Case No.:    24-40610 |
| **REMARKABLE HEALTHCARE OF SEGUIN, LP,** | Case No.:    24-40611 |
| **REMARKABLE HEALTHCARE, LLC,** | Case No.:    24-40612 |
| **DEBTORS.**[3] | Joint Administration Requested Under Case 24-40605 |

**ORDER DIRECTING JOINT ADMINISTRATION OF CASES**

On this day came on for consideration the Debtors' Emergency Motion for Order Directing Joint Administration (the "<u>Motion</u>") of the Debtors' Reorganization Cases Pursuant to Rule 1015 of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Bankruptcy Rules. After reviewing the Motion, heard on an emergency basis, and it appearing that the Court has jurisdiction over this matter under 28 U.S.C. § 1334, that this is a core proceeding under 28 U.S.C. § 157(b)(2), and that venue is proper in this District under 28 U.S.C. §§ 1408 and 1409; and it appearing that due notice of the Motion has been provided as set forth in the Motion and the

---

[3] The Debtors in these jointly-administered chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Remarkable Healthcare of Carrollton, LP (5960), Remarkable Healthcare of Dallas, LP (3418), Remarkable Healthcare of Fort Worth (1692), Remarkable Healthcare of Seguin, LP (4566), and Remarkable Healthcare, LLC (5142).

**ORDER GRANTING DEBTORS' MOTION FOR JOINT ADMINISTRATION**

certificates attached thereto; and it further appearing that the relief granted herein is in the best interests of the Debtors and their estates and creditors; it is hereby

**ORDERED** that the Motion and all relief requested therein hereby is GRANTED; and it is further

**ORDERED** that Case No. 24-40605, Case No. 24-40608, Case No. 24-40610, Case No. 24-40611, and Case No. 24-40612 (collectively, the "Reorganization Cases") shall be and hereby are ordered to be jointly administered in accordance with Federal Rule 1015(b) and Local Rule 1015-1 under the case *In re: Remarkable Healthcare of Carrollton, LP, et al.,* Case No. 24-40605 (Jointly Administered); and it is further

**ORDERED** that the style and case number of *In re: Remarkable Healthcare of Carrollton, LP, et al.,* Case No. 24-40605 (Jointly Administered); shall be used on all subsequent pleadings filed in these Reorganization Cases; and it is further

**ORDERED** that this procedural consolidation shall be for administrative purposes only and shall not be a substantive consolidation of the respective estates; and it is further

**ORDERED** that the Bankruptcy Clerk shall maintain one file for the Reorganization Cases, except that all schedules and statements required by Federal Rule 1007 shall be filed in the dockets of each separate case; and it is further

**ORDERED** that the Bankruptcy Clerk shall maintain separate claim registers for each separate case; and it is further

**ORDERED** that a docket entry shall be made in each case substantially as follows:

An Order has been entered in this case directing the procedural consolidation and joint administration under Bankruptcy Rule 1015(b) of the Reorganization Cases of the above-captioned Debtor and its affiliated Debtors. The docket of *In re: Remarkable Healthcare of Carrollton, LP,*

**ORDER GRANTING DEBTORS' MOTION FOR JOINT ADMINISTRATION**

*et al.,* Case No. 24-40605 (Jointly Administered) shall be consulted on all matters affecting these Debtors and their jointly administered cases.

Order Submitted by:

    **GUTNICKI LLP**

    */s/ Liz Boydston*
    Liz Boydston (SBN 24053684)
    Alexandria Rahn (SBN 24110246)
    10440 N. Central Expy., Suite 800
    Dallas, Texas 75231
    Telephone: (469) 935-6699
    Facsimile: (469) 895-4413
    lboydston@gutnicki.com
    arahn@gutnicki.com

    -and-

    Max Schlan (*Pro Hac Vice* Pending)
    45 Rockefeller Plaza
    Suite 2000
    New York, New York 10111
    Telephone: (646) 825-2330
    Facsimile: (646) 825-2330
    mschlan@gutnicki.com

    *Proposed Counsel to the Debtors and Debtors in Possession*

**ORDER GRANTING DEBTORS' MOTION FOR JOINT ADMINISTRATION**