**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | **CHAPTER 11** |
| | § | |
| **REMARKABLE HEALTHCARE OF** | § | **CASE NO. 24-40605** |
| **CARROLLTON LP, ET AL.,**[1] | § | |
| | § | **(Joint Administration Requested)** |
| | § | |
| **DEBTORS.** | § | |

**REQUEST FOR EMERGENCY HEARING AS TO
(1) DEBTORS' MOTION FOR SANCTIONS AGAINST ALLEON CAPITAL PARTNERS,
LLC, (2) DEBTORS' MOTION FOR ENTRY OF AN ORDER DIRECTING JOINT
ADMINISTRATION OF THE DEBTORS' CHAPTER 11 CASES, AND (3) MOTION OF
DEBTORS FOR ENTRY OF INTERIM ORDERS AUTHORIZING PAYMENT OF
(I) CERTAIN PREPETITION WORKFORCE CLAIMS, INCLUDING WAGES,
SALARIES, AND OTHER COMPENSATION, (II) CERTAIN EMPLOYEE BENEFITS
AND CONFIRMING RIGHT TO CONTINUE EMPLOYEE BENEFITS ON
POSTPETITION BASIS, (III) REIMBURSEMENT TO EMPLOYEES FOR
PREPETITION EXPENSES, (IV) WITHHOLDING AND PAYROLL RELATED TAXES
(V) WORKER'S COMPENSATION OBLIGATIONS, AND (VI) PREPETITION CLAIMS
OWING TO <u>ADMINISTRATORS AND THIRD PARTY PROVIDERS</u>**

TO THE HONORABLE BRENDA T. RHOADES
CHIEF UNITED STATES BANKRUPTCY JUDGE:

COMES NOW Remarkable Healthcare of Carrollton, LP and its affiliated debtors and

debtors-in-possession, (together, the "**Debtors**") in the above style and numbered jointly

administered case (the "**Bankruptcy Cases**"), by and through undersigned counsel, and files this

*Request for Emergency Hearing as to (1) Debtors' Motion for Sanction Against Alleon Capital*

*Partners, LLC, (2) Debtors' Motion for Entry of an Order Directing Joint Administration of the*

---

[1] The Debtors have requested the joint administration of the following chapter 11 cases (followed by the last four digits of each Debtor's federal tax identification number): Remarkable Healthcare of Carrollton, LP (5960), Remarkable Healthcare of Dallas, LP (3418), Remarkable Healthcare of Fort Worth (1692), Remarkable Healthcare of Seguin, LP (4566), and Remarkable Healthcare, LLC (5142).

1

*Debtors' Chapter 11 Cases, and (3) Motion of the Debtors for Entry of Interim Orders Authorizing Payment of (I) Certain Prepetition Workforce Claims, Including Wages, Salaries, and Other Compensation, (II) Certain Employee Benefits and Confirming Right to Continue Employee Benefits on a Postpetition Basis, (III) Reimbursement to Employees for Prepetition Expenses, (IV) Withholding and Payroll Related Taxes (V) Worker's Compensation Obligations, and (VI) Prepetition Claims Owing to Administrators and Third Party Providers* (the "**Emergency Motion**"), and would respectfully show the Court as follows:*

1.      Concurrent with this Emergency Motion, the Debtors filed:

   i.   Docket No. 2, *Debtors' Motion for Entry of an Order Directing Joint Administration of the Debtors' Chapter 11 Cases* (the "**Joint Administration Motion**");

  ii.   Docket No. 3, *Debtors' Motion for Sanctions Against Alleon Capital Partners, LLC* (the "**Sanctions Motion**"); and

 iii.   Docket No. 5, *Motion of the Debtors for Entry of Interim Orders Authorizing Payment of (I) Certain Prepetition Workforce Claims, Including Wages, Salaries, and Other Compensation, (II) Certain Employee Benefits and Confirming Right to Continue Employee Benefits on a Postpetition Basis, (III) Reimbursement to Employees for Prepetition Expenses, (IV) Withholding and Payroll Related Taxes (V) Worker's Compensation Obligations, and (VI) Prepetition Claims Owing to Administrators and Third Party Providers* (the "**Wages Motion**") (collectively, the "**Motions**")).

2.      The Debtors request emergency consideration of the matters listed herein to avoid irreparable injury to the Debtors and their patient residents and to their employees.

3.      An emergency hearing on the Motions to claw back the Debtors' collected cash that the Lender Alleon Capital Partners, LLC ("**Alleon**") has taken from the Debtors' accounts and refuses to return, and to pay employees is critical. Alleon has left the Debtors with $0 in their operating accounts. If an Order is not entered requiring Alleon to disgorge the funds and the funds are not back in the Debtors' account to fund payroll before 11 a.m. March 22, 2024, the Debtors

2

will not be able to make payroll and will be forced to inform the State of Texas that they are unable to pay their employees, forcing an automatic turnover of their facilities to the State of Texas. Additionally, the Debtors must also have this Court's approval to pay the employees. Without an emergency hearing and relief, the patient residents and employees will be irreparably harmed, and the Debtors will be unable to continue to operate the facilities for the benefit of the patients and residents.

4. Accordingly, the Debtors request the Court enter an order granting an emergency hearing on the Motions to be held as soon as practicable, but more specifically on March 21, 2024. The Debtors also request all the Motions be heard at the same time, because without disgorgement of the Debtors' cash from Alleon, the Debtors will be unable to make payroll on March 22, 2024, and the Debtors must also have the authority to pay payroll.

WHEREFORE, the Debtors respectfully asks the Court to set the Motions for an emergency hearing, and for all other relief to which the Debtor shows itself justly entitled.

4861-5435-4605, v. 1

Dated: March 20, 2024
     Dallas, Texas

          **GUTNICKI LLP**

          */s/ Alexandria Rahn*
          Liz Boydston (SBN 24053684)
          Alexandria Rahn (SBN 24110246)
          10440 N. Central Expy., Suite 800
          Dallas, Texas 75231
          Telephone: (469) 935-6699
          Facsimile: (469) 895-4413
          lboydston@gutnicki.com
          arahn@gutnicki.com

          -and-

          Max Schlan (*Pro Hac Vice* to be filed)
          45 Rockefeller Plaza
          Suite 2000
          New York, New York 10111
          Telephone: (646) 825-2330
          Facsimile: (646) 825-2330
          mschlan@gutnicki.com

## <u>CERTIFICATE OF CONFERENCE</u>

I hereby certify that on March 20, 2024, I sent an email to counsel for Alleon Capital LLC's counsel of record, however, it was late in the evening and I did not expect to receive a response. However, I'm filing this Request expecting Alleon to oppose this emergency hearing request and the relief requested in the Joint Administration Motion, the Sanctions Motion, and the Workforce Motion.

          */s/ Liz Boydston*
          Liz Boydston

4861-5435-4605, v. 1

## DECLARATION

I declare under penalty of perjury that the foregoing is true and correct to the best of my

knowledge.

Executed on March 20, 2024

/s/ Liz Boydston
Liz Boydston

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that this document was served on March 20, 2024 via electronic mail to the U.S. Trustee, any Subchapter V Trustee, Lender and Landlord, Regions Bank, HHS and the US Attorney, and any party who consents to service via the court's ecf noticing service.

/s/ Alexandria Rahn

4861-5435-4605, v. 1