Buffey E. Klein
State Bar No. 24032515
Buffey.Klein@huschblackwell.com
HUSCH BLACKWELL LLP
1900 N. Pearl Street, Suite 1800
Dallas, Texas 75201
(214) 999-6152; fax (214) 999-6170

Lynn Hamilton Butler
Lynn.butler@huschblackwell.com
HUSCH BLACKWELL LLP
111 Congress Avenue, Suite 1400
Austin, Texas 78701
(512) 472-5456; fax (512) 479-1101

*Attorneys for Alleon Capital Partners LLC*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| IN RE: § § | |
| REMARKABLE HEALTHCARE OF CARROLLTON LP, § § § | Jointly Administered Under Case: |
| § | Case No. 24-40605 |
| REMARKABLE HEALTHCARE OF DALLAS, LP, § § § | Chapter 11 Subchapter V |
| REMARKABLE HEALTHCARE OF FORT WORTH, LP, § § § § | |
| REMARKABLE HEALTHCARE OF SEGUIN, LP, § § § § | |
| REMARKABLE HEALTHCARE, LLC, § § § § | |
| DEBTORS. § § | |

**ALLEON CAPITAL PARTNERS LLC'S OBJECTION TO REQUEST FOR**
<u>**EMERGENCY HEARING**</u>
<u>**(RELATED TO DKT. #6)**</u>

TO THE HONORABLE BRENDA T. RHOADES,
UNITED STATES BANKRUPTCY JUDGE:

HB: 4892-2748-8432.1

Alleon Capital Partners LLC ("Alleon Capital"), by and through counsel, hereby files this objection (the "Objection") to Debtors' *Request For Emergency Hearing* [Docket No. 6] (the "Motion") and in support thereof would show the Court as follows.

1. Alleon objects to the relief requested in Debtor's Request For Emergency Hearing on the grounds that the relief sought as to disgorgement is inappropriate, requires an adversary proceeding and is unsupported by law or fact.

2. The Debtors filed bankruptcy yesterday afternoon.

3. At 11:59 p.m. last night, counsel for the Debtors sent an email to counsel for Alleon requesting a conference for an emergency hearing, claiming she had forgot to do so earlier in the day.

4. The Debtors filed a wage motion, which is understandable. However, the Debtors apparently seek "disgorgement" of Alleon's collateral. Such relief is non-sensical. If the Debtors want to use Alleon's cash collateral, that would be a motion under Bankruptcy Code section 363. Disgorgement would be injunctive relief requiring an adversary under Bankruptcy Rule 7001. Alleon does not agree to waive the adversary requirement.

5. Instead of engaging with Alleon on this cash crunch with substantive proposals, Alleon has received nothing from the Debtors except a request to simply cover payroll after Tuesday's hearing. No offer of adequate protection or explanation of how Alleon is to get repaid was ever given. No further communication occurred.

6. Alleon does not object to an interim hearing on the payment of wages from cash held by the Debtors. Alleon does not waive any substantive objections it may have to the wage motion.

7. This is a problem of the Debtors' making. While Alleon understands their need to

HB: 4892-2748-8432.1

pay wages, Alleon is not the one to bear the burden of that payment.

WHEREFORE, for the reasons set forth in the Objection, Alleon Capital hereby requests that this Court deny any emergency hearing on any issue other than an interim wage motion in which Alleon reserves all objections and grant such other and further relief to which it is entitled at law or in equity.

Date:   March 21, 2024                                HUSCH BLACKWELL, LLP

By:   */s/ Lynn Hamilton Butler*
Buffey E. Klein
State Bar No. 24032515
Buffey.Klein@huschblackwell.com
1900 N. Pearl Street, Suite 1800
Dallas, Texas 75201
(214) 999-6152; fax (214) 999-6170

Lynn Hamilton Butler
State Bar No. 03527350
Lynn.butler@huschblackwell.com
HUSCH BLACKWELL LLP
111 Congress Avenue, Suite 1400
Austin, Texas 78701
(512) 472-5456; fax (512) 479-1101

*Attorneys for Alleon Capital Partners LLC*

# CERTIFICATE OF SERVICE

I do hereby certify that the foregoing objection was filed electronically through the Court's CM/ECF system and served electronically on all parties enlisted to receive service electronically.

/s/   *Lynn Hamilton Butler*
Lynn Hamilton Butler

HB: 4892-2748-8432.1