UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| **Remarkable Healthcare of** | § | Case No. 24-40605 |
| **Carrollton, LP.** *et al.* | § | (Joint Administration Requested) |
| | § | |
| Debtor(s). | § | |

**OBJECTION TO DEBTORS' EMERGENCY MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS AUTHORIZING PAYMENT OF (I) CERTAIN PREPETITION WORKFORCE CLAIMS, INCLUDING WAGES, SALARIES, AND OTHER COMPENSATION, (II) CERTAIN EMPLOYEE BENEFITS AND CONFIRMING RIGHT TO CONTINUE EMPLOYEE BENEFITS ON POSTPEITITON BASIS, (III) REIMBURSEMENT TO EMPLOYEES FOR PREPETITION EXPENSES, (IV) WITHHOLDING AND PAYROLL RELATED TAXES (V) WORKER'S COMPENSTION OBLIGATIONS, AND (VI) PREPETITION CLAIMS OWING TO ADMINISTRATORS AND THIRD PARTY PROVIDERS (RE: DOCKET NO. 5)**

**TO THE HONORABLE BRENDA T. RHOADES, U.S. BANKRUPTCY JUDGE:**

KILGORE PROPERTY MANAGEMENT LLC, KRS CARROLLTON, LLC, KRS DALLAS, LLC, KRS FORT WORTH, LLC, and KRS SEGUIN, LLC (collectively, "Kilgore"), file this objection to the *Debtors' Emergency Motion for Entry of Interim and Final Orders Authorizing Payment of (I) Certain Prepetition Workforce Claims, Including Wages, Salaries, and Other Compensation, (II) Certain Employee Benefits and Confirming Right to Continue Employee Benefits on Postpeititon Basis, (III) Reimbursement to Employees for Prepetition Expenses, (IV) Withholding and Payroll Related Taxes (V) Worker's Compenstion Obligations, and (VI) Prepetition Claims Owing to Administrators and Third Party Providers* (Docket No. 5) and in support thereof would show the Court the following.

**<u>No emergency wages should be paid to the McPikes and family.</u>**

1. Kilgore objects to any salary paid under an emergency motion or interim order to John McPike, Ms. McPike, and any other family member.

2. Debtors so far have failed and refused to identify the salaries to be paid to the McPike family within the alleged wage emergency. The motion appears to be silent on this topic.

3. As of the filing of this objection, Debtors so far have failed and refused to identify which employee line items pertain to the McPike family in the wage motion exhibits after requests from Kilgore. Such information should be readily available.



4. According to testimony at the most recent creditors meeting in the last case, the McPike family salaries are in the amounts shown below.

| Person | Title | Annual | Month |
|---|---|---|---|
| LoriBeth McPike | President/CEO | 260,000.00 | 21,666.67 |
| John McPike | COO | 185,000.00 | 15,416.67 |
| Dianne McPike | Sr. VP Operations | 15,000.00 | 1,250.00 |
| Spurier (?) (couldn't make out nam | Sr. VP Care Transition | 14,000.00 | 1,166.67 |
| Chris McPike | Asst Administrator Remarkable-FtW | 75,000.00 | 6,250.00 |
| Justin English (son) | Area Dir. Of Client Operations-DFW | 69,992.00 | 5,832.67 |
| | TOTAL | 618,992.00 | 51,582.67 |

5. Apparently no McPike family member has missed a paycheck or reduced their salary in spite of the representations by the Debtors of the need to care for patients first and the alleged cash shortfalls, and the failure to pay rent over the past several months in or out of bankruptcy.

6. The emergencies and necessity spoken of in the wage motion would indicate that the McPike family should forego a salary, at least for the next payroll.

7. If the McPikes cannot or will not work without a salary during this case under all of the circumstances of these cases, then they should step aside or be removed.

8. As the Court has noted, there is no economically viable path for these Debtors, especially with rent arrears well in excess of $3 million, and nothing with respect to the instant filing(s) presents any materials changes to those circumstances.

9. The Debtors are certain to reply as before that the McPikes have made other contributions and paid for things out-of-pocket from time to time, but just like the testimony about cash flow projections and other trends, any such testimony is meaningless (especially with the history of these Debtors) without actual proof and documentation of the out out-of-pocket spend and absence of reimbursement. The Court and creditors need hard data, not another sales pitch from the stand.

10. The amount of fees and source of funds paid to Debtor's new counsel is unknown, which point bears consideration and scrutiny under all of the instant circumstances.

**Request for order allowing Point Click Care access to Kilgore.**

11. In addition, any emergency relief of any kind or character and on any motion should include that Kilgore may have full access to the Point Click Care system.

12. Kilgore is prepared to sign industry standard confidentiality-non-disclosure and/or business association agreements to protect any patient information.

13. Such information is necessary as a disclosure to Kilgore as the largest creditor of the estate and to the party that is ultimately likely to take over the facilities and care for the patients.

**Josh Kilgore is prepared to step in as the receiver for and operate the properties.**

14. The Court is aware of and has heard evidence of the financial condition and operational difficulties of these properties.

15. Josh Kilgore is an experienced operator and is prepared to step in as a receiver or similar role (with control over finances and operations) to operate the properties.

16. Josh Kilgore currently is the receiver for a group of nursing home facilities in Oklahoma of which one or more entities related to Kilgore is the landlord and/or the property manager.

WHEREFORE, the Kilgore landlord entities respectfully request that the Court deny any salary to the McPike family members and/or appoint Josh Kilgore as the receiver as set forth above. Landlords respectfully request such other and further relief to which they are entitled at law or in equity.

Dated:  March 21, 2024              Respectfully submitted:

**WEYCER, KAPLAN, PULASKI & ZUBER, P.C.**

By:   */s/ Jeff Carruth*
   JEFF CARRUTH (TX SBN: 24001846)
   2608 Hibernia, Suite 105
   Dallas, Texas 75204-2514
   Telephone: (713) 341-1158
   Fax: (713) 961-5341
   E-mail:  jcarruth@wkpz.com

**ATTORNEYS FOR:**

**KILGORE PROPERTY MANAGEMENT LLC**
**KRS CARROLLTON, LLC**
**KRS DALLAS, LLC**
**KRS FORT WORTH, LLC**
**KRS SEGUIN, LLC**

## CERTIFICATE OF SERVICE

On March 21, 2024, I hereby certify that a true and correct copy of the foregoing Notice of Appearance was served upon all registered ECF users who have appeared in this case to date through the ECF noticing system.

                     */s/ Jeff Carruth*
                     JEFF CARRUTH