United States Department of Justice
Office of the United States Trustee
110 N. College Avenue, Suite 300
Tyler, Texas 75202
(903) 590-1450

## IN THE UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | |
|---|---|
| **IN RE:** | |
| **REMARKABLE HEALTHCARE OF CARROLLTON LP,** | **Case No.:**    **24-40605** |
| **REMARKABLE HEALTHCARE OF DALLAS, LP,** | **Case No.:**    **24-40608** |
| **REMARKABLE HEALTHCARE OF FORT WORTH, LP,** | **Case No.:**    **24-40610** |
| **REMARKABLE HEALTHCARE OF SEGUIN, LP,** | **Case No.:**    **24-40612** |
| **REMARKABLE HEALTHCARE, LLC,** | **Case No.:**    **24-40611** |
| **DEBTORS** | **Jointly Administered Under Case 24-40605** |

## UNITED STATES TRUSTEE'S *UNOPPOSED* MOTION FOR ORDER DIRECTING APPOINTMENT OF PATIENT CARE OMBUDSMAN

### 14-DAY NEGATIVE NOTICE – LBR 1017(b):

**Your rights may be affected by the relief sought in this pleading. You should read this pleading carefully and discuss it with your attorney, if you have one in this bankruptcy case. If you oppose the relief sought by this pleading, you <u>must</u> file a written objection, explaining the factual and/or legal basis for opposing the relief.**

**No hearing will be conducted on this Motion unless a written objection is filed with the Clerk of the United States Bankruptcy Court and served upon the party filing this pleading <u>WITHIN FOURTEEN (14) DAYS FROM THE DATE OF SERVICE</u> shown in the certificate of service unless the Court shortens or extends the time for filing such objection.**

**If no objection is timely served and filed, this pleading shall be deemed to be unopposed, and the Court may enter an order granting the relief sought. If an objection is filed and served in a timely manner, the Court will thereafter set a hearing with appropriate notice. If you fail to appear at the hearing, your objection may be stricken. The Court reserves the right to set a hearing on any matter.**

TO THE HONORABLE BRENDA T. RHOADES, UNITED STATES BANKRUPTCY JUDGE:

Comes now, Kevin Epstein, the United States Trustee ("U.S. Trustee"), and files this his Unopposed Motion for Order Directing Appointment of Patient Care Ombudsman ("Motion") filed in the above-numbered and captioned bankruptcy cases ("Cases"). 11 U.S.C. §333(a)(1) directs the Court to order the appointment of a patient care ombudsman "not later than 30 days after the commencement of the case…. unless the court finds that the appointment of such ombudsman is not necessary for the protection of patients under the facts of the case."

Pursuant to Fed. R. Bankr. P. 2007.2(c), the U.S. Trustee has selected Thomas A. Mackey as the patient care ombudsman ("PCO") for Debtors' patients.

*Debtor is unopposed to the appointment of a Patient Care Ombudsman.*

Mr. Mackey's contact information is as follows:

Thomas A. Mackey, PhD, APRN-BC, FAAN FAANP
713-775-2892
tmackey70@gmail.com

To the best of his knowledge, Mr. Mackey has no connections with the Debtors, creditors, any other parties in interest, their respective attorneys and accountants, the U.S. Trustee, and persons employed in the Office of the U.S. Trustee, except as set forth in his verified statement ("Verified Statement") filed concurrently with this Motion. *In the past, Mr. Mackey has served as PCO in numerous bankruptcy cases. In that regard, further information is available upon request.*

**WHEREFORE** the U.S. Trustee respectfully requests the Court to issue its order

that the appointment of Mr. Mackey as the PCO is approved, subject to the following:

1.  The PCO shall:

   (a)   monitor the quality of patient care provided to patients of the Debtor to the extent necessary under the circumstances, including interviewing patients and physicians;

   (b)   report to the Court, not later than 30 days after the date of this appointment, and not less frequently than at 60 day intervals thereafter, after notice to parties in interest, at a hearing or in writing, regarding the quality of patient care provided to patient of the Debtor;

   (c)   file with the Court a motion or a written report if PCO determines that the quality of patient care provided to patients of the Debtor is declining significantly or is otherwise being materially compromised, with notice to the parties in interest immediately upon making such determination;

   (d)   without special notice to patients, have access to and review confidential patient records as necessary and appropriate to discharge her duties and responsibilities under this Order, provided, however, that she protect the confidentiality of such records as required under non-bankruptcy law and regulations, including but not limited to the Health Insurance Portability and Accountability Act of 1996 (Pub. L. 104-191), and any amendments or implementing regulations ("HIPAA"), and the Health Information Technology for Economic and Clinical Health Act, which was enacted as title XIII of division A and title IV of division B of the American Recovery and Reinvestment Act of 2009 (Pub. L. 111-5), and any amendments or implementing regulations ("HITECH"), including the Final Omnibus Privacy Regulations in 45 C.F.R. Parts 160 and 164 ("Final HIPAA Rules");

   (e)   in the interests of judicial economy and to avoid confusing Debtor's patients, the Ombudsman will not personally serve individual patients pursuant to Fed. R. Bankr. P. 2015.1(a).  Alternatively, PCO will work with Debtor to post a notice informing patients of the Ombudsman appointment, duties, and availability.  Such notice will include a statement that Ombudsman reports are available at the facility, through direct contact with the Ombudsman, and/or through Debtor's counsel; and,

   (f)   apply to the Court for payment of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy

Code, including but not limited to 11 U.S.C. § 330, the Bankruptcy Rules, the Local Rules, and pursuant to any orders of this Court establishing interim compensation and reimbursement of expenses for Chapter 11 professionals.

Dated:  March 27, 2024

Respectfully submitted,

Kevin Epstein
United States Trustee
Region 6

By:     _/s/ John Vardeman_____
John Vardeman
Trial Attorney
Texas Bar 20496260
110 N. College Avenue, Suite 300
Tyler, Texas 75702
(903) 590-1450; Fax (903) 590-1461

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing document was served on the following listed persons, *pursuant to Bankruptcy Rule 2007.2(e)*, and the attached list, through the court's electronic notification system as permitted by Appendix 5005 to the Local Rules of the U.S. Bankruptcy Court for the Eastern District of Texas, or by first class United States Mail, postage prepaid, no later than March 27, 2024.

.

_/s/ John Vardeman_____
John Vardeman

**Debtors**
Remarkable Healthcare of Carrollton, LP
4501 Plano Parkway
Carrollton, TX 75010

Remarkable Healthcare of Dallas, LP
3350 Bonnie View Road
Dallas, TX 75216

Remarkable Healthcare of Fort Worth, LP
6649 N. Riverside Drive
Fort Worth, TX 76137

Remarkable Healthcare of Seguin, LP
1339 Eastwood Drive
Seguin, TX 78155

Remarkable Healthcare LLC
904 Emerald Blvd
Southlake, TX 76092

**<u>Debtors' Counsel</u>**
Elizabeth Nicolle Boydston
Gutnicki LLP
10440 North Central Expressway
Suite 800
Dallas, TX 75231

Alexandria Rahn
Gutnicki LLP
10440 N. Central Expressway
Suite 800
Dallas, TX 75231

**Matrix for each Debtor**
Attached