# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| IN RE: § | |
| § | CHAPTER 11 |
| § | |
| **REMARKABLE HEALTHCARE OF** § | CASE NO. 24-40605 |
| **CARROLLTON LP, ET AL.,**[1] § | |
| § | (Jointly Administered) |
| § | |
| § | |
| DEBTORS. § | |

**FINAL ORDER AUTHORIZING PAYMENT OF (I) CERTAIN PREPETITION WORKFORCE CLAIMS, INCLUDING WAGES, SALARIES, AND OTHER COMPENSATION, (II) CERTAIN EMPLOYEE BENEFITS AND CONFIRMING RIGHT TO CONTINUE EMPLOYEE BENEFITS ON POSTPETITION BASIS, (III) REIMBURSEMENT TO EMPLOYEES FOR PREPETITION EXPENSES, (IV) WITHHOLDING AND PAYROLL RELATED TAXES (V) WORKER'S COMPENSATION OBLIGATIONS, AND (VI) PREPETITION CLAIMS OWING TO ADMINISTRATORS AND THIRD PARTY PROVIDERS**

Upon the motion (the "**Motion**") of the Debtors for entry of a final order (this "**Final Order**") authorizing payment of (i) certain prepetition Workforce claims, including wages, salaries, and other compensation, (ii) certain employee benefits and confirms right to continue employee benefits on postpetition basis, (iii) reimbursement to employees for expenses incurred prepetition, (iv) withholding and payroll-related taxes, (v) workers' compensation obligations, and (vi) prepetition claims owing to administrators and third-party providers; the Court having reviewed the Motion, and the *Interim Order Authorizing Payment of Certain Prepetition Workforce Claims, Including Wages, Salaries, and Other Compensation, Employee Benefits and Confirming Right to Continue Employee Benefits on Postpetition Basis, (III) Reimbursement to Employees for Prepetition Expenses, (IV) Withholding and Payroll-Related Taxes, (IV)*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Remarkable Healthcare of Carrollton, LP (5960), Remarkable Healthcare of Dallas, LP (3418), Remarkable Healthcare of Fort Worth (1692), Remarkable Healthcare of Seguin, LP (4566), and Remarkable Healthcare, LLC (5142).

1

*Withholding and Payroll-Related Taxes, (V) Workers' Compensation Obligations, and (VI) Prepetition Claims Owing to Administrators or Third-Party Providers* [Docket No. 37] (the "**Interim Order**"); and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(b); and the Court having found that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that the Debtors' consent to entry of a final order under Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefore, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is GRANTED on a final basis, as set forth herein.

2. All objections to the entry of this Final Order, to the extent not withdrawn or settled, are overruled.

3. The Debtors shall provide the Landlord access to Point Click Care for the facility located in Seguin, provided that the Landlord signs a Non-Disclosure Agreement.

4. The Debtors are authorized, but not directed to (i) pay prepetition claims and honor obligations incurred or related to the Employee Obligations and (ii) maintain, continue, and honor, in the ordinary course of business, the Employee Plans and Programs, except those prepetition claims and obligations related to the McPike's and the McPike's family members may be paid only after the Landlord receives access to Point Click Care for the facility located in Seguin.

5. The Debtors are authorized, but not directed, to continue the employee benefits programs and policies described in the Motion on a postpetition basis and to alter, modify or discontinue such programs and policies as they deem necessary or appropriate in the ordinary course of business, without further notice to or order of the Court.

6. Except as otherwise set forth herein, the Debtors are authorized, pursuant to Bankruptcy Code sections 105(a) and 363(b), but not obligated or directed, in the reasonable exercise of their business judgment and in the ordinary course of business, to pay and honor amounts on account of Employee Compensation Obligations and Contractor Obligations (exclusive of Withholding Obligations). The Debtors shall not make any payments in excess of $15,150.00 on account of prepetition Employee Compensation Obligations to any one Employee, respectively, absent further order of the Court.

7. The Debtors and any applicable third parties are authorized to continue to allocate and distribute Withholding Obligations to the appropriate third-party recipients or taxing authorities in accordance with the Debtors' stated policies and prepetition practices.

8. The Debtors are authorized, but not directed, (i) to continue the Debtors' PTO, Sick Leave, and Holiday Pay policies in the ordinary course of business and (ii) to honor all obligations under the Debtors' PTO, Sick Leave, and Holiday Pay policies, including payout of accrued PTO upon termination in accordance with the Debtors' prepetition practices and applicable law; provided, however, that payments to any terminated Employee on account of PTO accrued and due prepetition shall not exceed $15,150.

9. The Debtors are authorized, but not directed, to continue to honor their Reimbursable Expense Obligations including any prepetition obligations, and to continue in accordance with the Debtors' stated policies and prepetition practices, including utilization of the

Corporate Cards; *provided, however,* that satisfaction of prepetition Reimbursable Expense Obligations shall only be allowed to the extent Employees have paid for such expenses directly from their own funds or are otherwise personally liable for such expenses.

10. The Debtors are authorized, but not directed, to honor the Employee Benefits Plans in the ordinary course of business and in accordance with the Debtors' prepetition policies and programs, and to make any necessary contributions to such programs and pay any unpaid premium, claim, or amount owed as of the Petition Date with respect thereto.

11. The Debtors are authorized, but not directed, to pay all processing and administrative fees associated with and all costs and expenses incidental to payment of the Compensation Obligations or the Employee Benefits Obligations.

12. Nothing in the Motion, the Interim Order, or this Final Order, nor as a result of any payment made pursuant to this Final Order, shall be deemed or construed as an admission as to the validity or priority of any claim against the Debtors, an approval or assumption of any agreement, contract or lease pursuant to Bankruptcy Code § 365, or a waiver of the right of the Debtors, or shall impair the ability of the Debtors, or any other party in interest, to the extent applicable, to contest the validity and amount of any payment made pursuant to this Final Order.

13. Each of the Processors are authorized to receive, process, honor, and pay all checks and transfers issued or requested by the Debtors, to the extent that sufficient funds are on deposit in the applicable accounts, in accordance with this Final Order and any other order of this Court.

14. The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests in connection with any Employee Obligations that are dishonored or rejected.

15. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Final Order in accordance with the Motion.

16. The requirements set forth in Bankruptcy Rule 6003(b) are satisfied.

17. Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Final Order shall be effective and enforceable immediately upon entry hereof.

18. The requirements set forth in Bankruptcy Rule 6004(a) are hereby waived.

19. This Court shall retain jurisdiction over any and all matters arising from the interpretation, implementation, or enforcement of this Final Order.

Signed on 04/04/2024

_Brenda T. Rhoades_    SD

HONORABLE BRENDA T. RHOADES,
CHIEF UNITED STATES BANKRUPTCY JUDGE

5

Submitted by:

**GUTNICKI LLP**

Liz Boydston (SBN 24053684)
Alexandria Rahn (SBN 24110246)
10440 N. Central Expy., Suite 800
Dallas, Texas 75231
Telephone: (469) 935-6699
Facsimile: (469) 895-4413
lboydston@gutnicki.com
arahn@gutnicki.com

-and-

Max Schlan (*Pro Hac Vice* to be filed)
45 Rockefeller Plaza, Suite 2000
New York, New York 10111
Telephone: (646) 825-2330
mschlan@gutnicki.com

*Proposed Counsel to the Debtors and Debtors in Possession*