## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **CHAPTER 11** |
| | § | |
| **REMARKABLE HEALTHCARE OF** | § | **CASE NO. 24-40605** |
| **CARROLLTON LP, ET AL.,[1]** | § | |
| | § | **(Jointly Administered)** |
| | § | |
| **DEBTORS.** | § | |

**FINAL ORDER AUTHORIZING PAYMENT OF (I) CERTAIN PREPETITION WORKFORCE CLAIMS, INCLUDING WAGES, SALARIES, AND OTHER COMPENSATION, (II) CERTAIN EMPLOYEE BENEFITS AND CONFIRMING RIGHT TO CONTINUE EMPLOYEE BENEFITS ON POSTPETITION BASIS, (III) REIMBURSEMENT TO EMPLOYEES FOR PREPETITION EXPENSES, (IV) WITHHOLDING AND PAYROLL RELATED TAXES (V) WORKER'S COMPENSATION OBLIGATIONS, AND (VI) PREPETITION CLAIMS OWING TO <u>ADMINISTRATORS AND THIRD PARTY PROVIDERS</u>**

Upon the motion (the "**Motion**") of the Debtors for entry of a final order (this "**Final Order**") authorizing payment of (i) certain prepetition Workforce claims, including wages, salaries, and other compensation, (ii) certain employee benefits and confirms right to continue employee benefits on postpetition basis, (iii) reimbursement to employees for expenses incurred prepetition, (iv) withholding and payroll-related taxes, (v) workers' compensation obligations, and (vi) prepetition claims owing to administrators and third-party providers; the Court having reviewed the Motion, and the *Interim Order Authorizing Payment of Certain Prepetition Workforce Claims, Including Wages, Salaries, and Other Compensation, Employee Benefits and Confirming Right to Continue Employee Benefits on Postpetition Basis, (III) Reimbursement to Employees for Prepetition Expenses, (IV) Withholding and Payroll-Related Taxes, (IV)*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Remarkable Healthcare of Carrollton, LP (5960), Remarkable Healthcare of Dallas, LP (3418), Remarkable Healthcare of Fort Worth (1692), Remarkable Healthcare of Seguin, LP (4566), and Remarkable Healthcare, LLC (5142).

1

*Withholding and Payroll-Related Taxes, (V) Workers' Compensation Obligations, and (VI)*
*Prepetition Claims Owing to Administrators or Third-Party Providers* [Docket No. 37] (the
"**Interim Order**"); and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157
and 1334(b); and the Court having found that this matter is a core proceeding pursuant to 28 U.S.C.
§ 157(b)(2), and that the Debtors' consent to entry of a final order under Article III of the United
States Constitution; and the Court having found that venue of this proceeding and the Motion in
this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having determined
that the relief requested in the Motion is in the best interests of the Debtors, their estates, their
creditors, and other parties in interest; and it appearing that proper and adequate notice of the
Motion has been given and that no other or further notice is necessary; and upon the record herein;
and after due deliberation thereon; and good and sufficient cause appearing therefore, it is hereby

### ORDERED, ADJUDGED, AND DECREED THAT:

1.      The Motion is GRANTED on a final basis, as set forth herein.

2.      All objections to the entry of this Final Order, to the extent not withdrawn or settled,
are overruled.

3.      The Debtors shall provide the Landlord access to Point Click Care for the facility
located in Seguin, provided that the Landlord signs a Non-Disclosure Agreement.

4.      The Debtors are authorized, but not directed to (i) pay prepetition claims and honor
obligations incurred or related to the Employee Obligations and (ii) maintain, continue, and honor,
in the ordinary course of business, the Employee Plans and Programs, except those prepetition
claims and obligations related to the McPike's and the McPike's family members may be paid
only after the Landlord receives access to Point Click Care for the facility located in Seguin.

2

5.      The Debtors are authorized, but not directed, to continue the employee benefits programs and  policies described in the Motion on a postpetition basis and to alter, modify or discontinue such programs and policies as they deem necessary or appropriate in the ordinary course of business, without further notice to or order of the Court.

6.      Except as otherwise set forth herein, the Debtors are authorized, pursuant to Bankruptcy Code sections 105(a) and 363(b), but not obligated or directed, in the reasonable exercise of their business judgment and in the ordinary course of business, to pay and honor amounts on account of Employee Compensation Obligations and Contractor Obligations (exclusive of Withholding Obligations). The Debtors shall not make any payments in excess of $15,150.00 on account of prepetition Employee Compensation Obligations to any one Employee, respectively, absent further order of the Court.

7.      The Debtors and any applicable third parties are authorized to continue to allocate and distribute Withholding Obligations to the appropriate third-party recipients or taxing authorities in accordance with the Debtors' stated policies and prepetition practices.

8.      The Debtors are authorized, but not directed, (i) to continue the Debtors' PTO, Sick Leave, and Holiday Pay policies in the ordinary course of business and (ii) to honor all obligations under the Debtors' PTO, Sick Leave, and Holiday Pay policies, including payout of accrued PTO upon termination in accordance with the Debtors' prepetition practices and applicable law; provided, however, that payments to any terminated Employee on account of PTO accrued and due prepetition shall not exceed $15,150.

9.      The Debtors are authorized, but not directed, to continue to honor their Reimbursable Expense Obligations including any prepetition obligations, and to continue in accordance with the Debtors' stated policies and prepetition practices, including utilization of the

3

Corporate Cards; *provided, however,* that satisfaction of prepetition Reimbursable Expense Obligations shall only be allowed to the extent Employees have paid for such expenses directly from their own funds or are otherwise personally liable for such expenses.

10. The Debtors are authorized, but not directed, to honor the Employee Benefits  Plans in the ordinary course of business and in accordance with the Debtors' prepetition policies and programs, and to make any necessary contributions to such programs and pay any unpaid premium, claim, or amount owed as of the Petition Date with respect thereto.

11. The Debtors are authorized, but not directed, to pay all processing and administrative fees associated with and all costs and expenses incidental to payment of the Compensation Obligations or the Employee Benefits Obligations.

12. Nothing in the Motion, the Interim Order, or this Final Order, nor as a result of any payment made pursuant to this Final Order, shall be deemed or construed as an admission as to the validity or priority of any claim against the Debtors, an approval or assumption of any agreement, contract  or lease pursuant to Bankruptcy Code § 365, or a waiver of the right of the Debtors, or shall impair the ability of the Debtors, or any other party in interest, to the extent applicable, to contest the validity and amount of any payment made pursuant to this Final Order.

13. Each of the Processors are authorized to receive, process, honor, and pay all  checks and transfers issued or requested by the Debtors, to the extent that sufficient funds are on deposit in the applicable accounts, in accordance with this Final Order and any other order of this Court.

14. The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests in connection with any Employee Obligations that are dishonored or rejected.

15.     The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Final Order in accordance with the Motion.

16.     The requirements set forth in Bankruptcy Rule 6003(b) are satisfied.

17.     Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Final Order shall be effective and enforceable immediately upon entry hereof.

18.     The requirements set forth in Bankruptcy Rule 6004(a) are hereby waived.

19.     This Court shall retain jurisdiction over any and all matters arising from the interpretation, implementation, or enforcement of this Final Order.

Signed on 04/04/2024

*Brenda T. Rhoades*          SD

HONORABLE BRENDA T. RHOADES,
CHIEF UNITED STATES BANKRUPTCY JUDGE

Submitted by:

**GUTNICKI LLP**

Liz Boydston (SBN 24053684)
Alexandria Rahn (SBN 24110246)
10440 N. Central Expy., Suite 800
Dallas, Texas 75231
Telephone: (469) 935-6699
Facsimile: (469) 895-4413
lboydston@gutnicki.com
arahn@gutnicki.com

-and-

Max Schlan (*Pro Hac Vice* to be filed)
45 Rockefellar Plaza, Suite 2000
New York, New York 10111
Telephone: (646) 825-2330
mschlan@gutnicki.com

*Proposed Counsel to the Debtors and Debtors in Possession*

United States Bankruptcy Court
Eastern District of Texas

In re:                                                          Case No. 24-40605-btr
Remarkable Healthcare of Carrollton, LP                         Chapter 11
    Debtor

# CERTIFICATE OF NOTICE

District/off: 0540-4                     User: admin                              Page 1 of 3
Date Rcvd: Apr 04, 2024                  Form ID: pdf400                     Total Noticed: 28

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |
| ++ | Addresses marked '++' were redirected to the recipient's preferred mailing address pursuant to 11 U.S.C. § 342(f)/Fed. R. Bank. P. 2002(g)(4). |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Apr 06, 2024:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Remarkable Healthcare of Carrollton, LP, 4501 Plano Parkway, Carrollton, TX 75010-4971 |
| cr | + | Alleon Capital Partners, LLC, c/o Buffey E. Klein, Husch Blackwell LLP, 1900 N. Pearl Street, Suite 1800, Dallas, TX 75201-2467 |
| cr | + | Antonio A. Flores, 214 North Camp Street, Seguin, TX 78155-5631 |
| cr | + | Blue Cross Blue Shield of Texas, PO Box 731428, Dallas, TX 75373-1428 |
| cr | + | Care Trips LLC, 1616 Gateway Blvd., Suite B, Richardson, TX 75080-3529 |
| cr | + | City of Seguin, PO Box 591, Seguin, TX 78156-0591 |
| cr | + | Complete ERC, 3348 Darvany Drive, Dallas, TX 75220-1616 |
| cr | + | Cotton Commercial USA, Inc., PO Box 676549, Dallas, TX 75267-6549 |
| cr | + | Direct Energy Business, PO Box 660749, Dallas, TX 75266-0749 |
| cr | + | Engie Resources, PO Box 841680, Dallas, TX 75284-1680 |
| cr | + | Fort Worth Internal Medicine, 650 St. Louis Ave., Fort Worht, TX 76104-3346 |
| cr | + | Guadalupe Regional Medical Center, 1215 E. Court Street, Seguin, TX 78155-5129 |
| cr | ++ | MEDLINE INDUSTRIES INC, ATTN ANNE KISHA, ONE MEDLINE PL, MUNDELEIN IL 60060-4486 address filed with court:, Medline Industries, Inc., PO Box 121080, Dallas, TX 75312 |
| cr | + | MedixCar LLC, 7309 Big Bend Ct., Fort Worth, TX 76137-4448 |
| cr | + | New Source Medical, 9913 Shelbyville Road, Lousiville, KY 40223-2904 |
| cr | + | Performance Foodservice, 524 West 61st Street, Shreveport, LA 71106-2513 |
| cr | + | PointClick Care Technologies Inc., PO Box 674802, Detriot, MI 48267-4802 |
| cr | + | Quatro Tax LLC, 3909 Hulen Street, Suite 100, Forth Worth, TX 76107-7225 |
| cr | + | Quintairos, Prieto, Wood and Boyer PA, 9300 South Dadeland Blvd, 4th Floor, Miami, FL 33156-2748 |
| cr | + | The PICC Team DFW, 4500 Northside Drive, Amarillo, TX 79108-6614 |
| cr | + | Three D Lawn Care LLC, 3681 Agnes Circle, Springtown, TX 76082-5781 |

TOTAL: 21

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**

Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| cr | + | Email/Text: dallas.bankruptcy@LGBS.com | Apr 04 2024 23:41:00 | City of Carrollton, Linebarger Goggan Blair & Sampson, LLP, c/o John Kendrick Turner, 2777 N. Stemmons Freeway, Dallas, TX 75207-2277 |
| cr | + | Email/Text: dallas.bankruptcy@LGBS.com | Apr 04 2024 23:41:00 | Dallas County, Linebarger, Goggan, Blair & Sampson, LLP, c/o John K. Turner, 2777 N. Stemmons Freeway, Suite 1000, Dallas, TX 75207-2328 |
| cr | + | Email/Text: dallas.bankruptcy@LGBS.com | Apr 04 2024 23:41:00 | Lewisville ISD, Linebarger Goggan Blair & Sampson, LLP, c/o John K. Turner, 2777 N. Stemmons Fwy, Ste. 1000, Dallas, TX 75207-2328 |
| cr | + | Email/Text: kskaggs@pharmacyunlimited.com | Apr 04 2024 23:42:00 | Pharmacy Unlimited, PO Box 592602, San Antonio, TX 78259-0179 |
| cr | + | Email/Text: dallas.bankruptcy@LGBS.com | Apr 04 2024 23:41:00 | Tarrant County, Linebarger Goggan Blair & Sampson, LLP, C/O John Kendrick Turner, 2777 North Stemmons Frwy, Suite 1000, Dallas, TX 75207-2328 |
| cr | | Email/Text: julie.parsons@mvbalaw.com | Apr 04 2024 23:41:00 | The County of Denton, Texas, McCreary Veselka |

| District/off: 0540-4 | User: admin | Page 2 of 3 |
|---|---|---|
| Date Rcvd: Apr 04, 2024 | Form ID: pdf400 | Total Noticed: 28 |

| | | | Bragg & Allen, P.C., c/o Julie Anne Parsons, P.O. Box 1269, Round Rock, TX 78680-1269 |
|---|---|---|---|
| cr | Email/Text: julie.parsons@mvbalaw.com | | |
| | | Apr 04 2024 23:41:00 | The County of Guadalupe, Texas, McCreary, Veselka, Bragg & Allen, P.C., P.O. Box 1269, Round Rock, TX 78680-1269 |

TOTAL: 7

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

| Recip ID | Bypass Reason | Name and Address |
|---|---|---|
| cr | | A Lawn and Landcare Services Company, LLC, 500 W. 7th Street |

TOTAL: 1 Undeliverable, 0 Duplicate, 0 Out of date forwarding address

# NOTICE CERTIFICATION

I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

Date: Apr 06, 2024        Signature:        /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on April 4, 2024 at the address(es) listed below:

| Name | Email Address |
|---|---|
| Aimee E. Marcotte | on behalf of Creditor A Lawn and Landcare Services Company  LLC amarcotte@popehardwicke.com |
| Alejandra Garcia Castro | on behalf of Creditor Alleon Capital Partners  LLC alejandra.garciacastro@huschblackwell.com |
| Alexandria Rahn | on behalf of Debtor Remarkable Healthcare of Dallas  LP arahn@gutnicki.com, docket@gutnicki.com;1694884420@filings.docketbird.com |
| Alexandria Rahn | on behalf of Debtor Remarkable Healthcare  LLC arahn@gutnicki.com, docket@gutnicki.com;1694884420@filings.docketbird.com |
| Alexandria Rahn | on behalf of Debtor Remarkable Healthcare of Seguin  LP arahn@gutnicki.com, docket@gutnicki.com;1694884420@filings.docketbird.com |
| Alexandria Rahn | on behalf of Debtor Remarkable Healthcare of Carrollton  LP arahn@gutnicki.com, docket@gutnicki.com;1694884420@filings.docketbird.com |
| Alexandria Rahn | on behalf of Debtor Remarkable Healthcare of Fort Worth  LP arahn@gutnicki.com, docket@gutnicki.com;1694884420@filings.docketbird.com |
| Buffey E. Klein | on behalf of Creditor Alleon Capital Partners  LLC buffey.klein@huschblackwell.com, tanya.adams@huschblackwell.com;buffey-klein-8494@ecf.pacerpro.com |
| Elizabeth Nicolle Boydston | on behalf of Debtor Remarkable Healthcare of Carrollton  LP lboydston@gutnicki.com |

Elizabeth Nicole Boydston
    on behalf of Debtor Remarkable Healthcare of Dallas LP lboydston@gutnicki.com

Elizabeth Nicole Boydston
    on behalf of Debtor Remarkable Healthcare of Seguin LP lboydston@gutnicki.com

Elizabeth Nicole Boydston
    on behalf of Debtor Remarkable Healthcare of Fort Worth LP lboydston@gutnicki.com

Elizabeth Nicole Boydston
    on behalf of Debtor Remarkable Healthcare LLC lboydston@gutnicki.com

Jeff Carruth
    on behalf of Creditor KRS Dallas LLC jcarruth@wkpz.com,
    jcarruth@aol.com;atty_carruth@trustesolutions.com;ATTY_CARRUTH@bluestylus.com;carruthjr87698@notify.bestcase.com

Jeff Carruth
    on behalf of Creditor KRS Seguin LLC jcarruth@wkpz.com,
    jcarruth@aol.com;atty_carruth@trustesolutions.com;ATTY_CARRUTH@bluestylus.com;carruthjr87698@notify.bestcase.com

Jeff Carruth
    on behalf of Creditor KRS Carrollton LLC jcarruth@wkpz.com,
    jcarruth@aol.com;atty_carruth@trustesolutions.com;ATTY_CARRUTH@bluestylus.com;carruthjr87698@notify.bestcase.com

Jeff Carruth
    on behalf of Creditor Kilgore Property Management LLC jcarruth@wkpz.com
    jcarruth@aol.com;atty_carruth@trustesolutions.com;ATTY_CARRUTH@bluestylus.com;carruthjr87698@notify.bestcase.com

Jeff Carruth
    on behalf of Creditor KRS Fort Worth LLC jcarruth@wkpz.com,
    jcarruth@aol.com;atty_carruth@trustesolutions.com;ATTY_CARRUTH@bluestylus.com;carruthjr87698@notify.bestcase.com

John Kendrick Turner
    on behalf of Creditor Dallas County john.turner@lgbs.com  Dora.Casiano-Perez@lgbs.com;Dallas.Bankruptcy@lgbs.com

John Kendrick Turner
    on behalf of Creditor Lewisville ISD john.turner@lgbs.com  Dora.Casiano-Perez@lgbs.com;Dallas.Bankruptcy@lgbs.com

John Kendrick Turner
    on behalf of Creditor Tarrant County john.turner@lgbs.com  Dora.Casiano-Perez@lgbs.com;Dallas.Bankruptcy@lgbs.com

John Kendrick Turner
    on behalf of Creditor City of Carrollton john.turner@lgbs.com  Dora.Casiano-Perez@lgbs.com;Dallas.Bankruptcy@lgbs.com

John M. Vardeman
    on behalf of U.S. Trustee US Trustee john.m.vardeman@usdoj.gov

Julie Anne Parsons
    on behalf of Creditor The County of Guadalupe Texas jparsons@mvbalaw.com,
    kalexander@mvbalaw.com;theresa.king@mvbalaw.com;julie.parsons@ecf.courtdrive.com

Julie Anne Parsons
    on behalf of Creditor The County of Denton Texas jparsons@mvbalaw.com,
    kalexander@mvbalaw.com;theresa.king@mvbalaw.com;julie.parsons@ecf.courtdrive.com

Lynn Hamilton Butler
    on behalf of Creditor Alleon Capital Partners LLC lynn.butler@huschblackwell.com,
    penny.keller@huschblackwell.com;christine.deacon@huschblackwell.com;ryan.burgett@huschblackwell.com

Mark A WEISBART (SBRA V)
    mweisbart@haywardfirm.com  tsimmons@haywardfirm.com;ecf.alert+Weisbart@titlexi.com

Robert A. Simon
    on behalf of Creditor MedixCar LLC rsimon@whitakerchalk.com  bpeck@whitakerchalk.com;acopeland@whitakerchalk.com

Whitney Tharpe
    on behalf of Creditor United States Department of Health and Human Services whitney.tharpe@usdoj.gov
    guadalupe.garcia@usdoj.gov


TOTAL: 29