**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **CHAPTER 11** |
| | § | |
| **REMARKABLE HEALTHCARE OF** | § | **CASE NO. 24-40605** |
| **CARROLLTON LP, ET AL.,**[1] | § | |
| | § | **(Jointly Administered)** |
| | § | |
| **DEBTORS.** | § | |

## GLOBAL NOTES REGARDING THE DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

On March 20, 2024 (the "Petition Date"), the Debtors each filed voluntary petitions for relief under subchapter V of chapter 11 of Bankruptcy Code (the "Cases"). The Debtors continue to operate their businesses and manage their properties as debtors and debtors in possession, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Cases have been consolidated for procedural purposes only and are jointly administered under case number 24-40605.

The Schedules of Assets and Liabilities (the "Schedules") and Statements of Financial Affairs (the "Statements") were prepared by management of the Debtors. The Schedules of Assets were prepared with unaudited information available as of December 31, 2023 unless indicated otherwise. The Schedules of Liabilities were prepared with unaudited information available as of the Petition Date.

These *Global Notes Regarding the Debtors' Schedules and Statements of Financial Affairs* (the "Global Notes") are incorporated by reference in each Debtor's respective Schedules and Statements and should be referred to and considered in connection with any review of the Schedules and Statements.

In preparing the Schedules and Statements, the Debtors relied on financial data derived from their books and records that was available at the time of such preparation. The Debtors, and their agents, attorneys, and advisors do not guarantee or warrant the accuracy or completeness of the data that is provided herein, and shall not be liable for any loss or injury arising out of or caused in whole or in part by the acts, errors, or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating, or delivering the information contained herein. While reasonable efforts have been made to provide accurate and complete

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Remarkable Healthcare of Carrollton, LP (5960), Remarkable Healthcare of Dallas, LP (3418), Remarkable Healthcare of Fort Worth (1692), Remarkable Healthcare of Seguin, LP (4566), and Remarkable Healthcare, LLC (5142).

information herein, inadvertent errors or omissions may exist.  The Debtors reserve their rights to amend and supplement the Schedules and Statements as may be necessary or appropriate.

Laurie Beth McPike has signed each set of the Schedules and Statements.  Mrs. McPike serves as the Chief Executive Officer ("CEO") of the Debtors, and she is an authorized signatory for each of the Debtors in these Cases.  In reviewing and signing the Schedules and Statements, Mrs. McPike has necessarily relied upon the efforts, statements, advice, and representations of the Debtors and their advisors.  Mrs. McPike has not (and could not have) personally verified the accuracy of each such statement and representation, including statements and representations concerning amounts owed to creditors, classification of such amounts, and creditor addresses.

### Global Notes and Overview of Methodology

### I.  Methodology.

(a)  **Basis of Presentation.**  The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("GAAP") nor are they intended to be fully reconciled to the financial statements of each Debtor. The Schedules and Statements contain unaudited information that is subject to further review and potential adjustment. The Schedules and Statements reflect the Debtors' reasonable efforts to report the assets and liabilities of each Debtor on an unconsolidated basis.

(b)  **Undetermined Amounts.**  The description of an amount as "unknown," "TBD," or "undetermined" is not intended to reflect upon the materiality of such amount.

(c)  **Unliquidated Amounts.** Amounts that could not be fairly quantified by the Debtors are scheduled as "unliquidated."

(d)  **Totals.**  All totals that are included in the Schedules and Statements represent totals of all known amounts.  To the extent there are unknown or undetermined amounts, the actual total may be different from the listed total.

(e)  **Paid Claims.**  The Debtors have the authority to pay certain outstanding prepetition payables pursuant to various orders entered by the Court.  The Debtors scheduled such amounts as of the Petition Date and noted such amounts contingent.  To the extent the Debtors later pay any amount of the claims listed in the Schedules and Statements pursuant to any orders entered by the Court, the Debtors reserve all rights to amend or supplement the Schedules and Statements or to take other action, such as filing claims objections, as is necessary and appropriate to avoid overpayment or duplicate payments for liabilities.  Nothing contained herein should be deemed to alter the rights of any party in interest to contest a payment made pursuant to an order of the Court where such order preserves the right to contest.

(f)  **Intercompany Transfers.** – Given the significant volume and ordinary course nature of the intercompany transactions, the Debtors have not listed all intercompany transfers and transactions. Moreover, the Debtors' intercompany transactions—intercompany receivables and payables—are just an accounting

function that ultimately gets netted out to zero. The Debtors are still reconciling amounts and will amend the Schedules and Statements accordingly. Nevertheless, the listing in the Schedules or Statements (including, without limitation, Schedule A/B or Schedule E/F) by the Debtors of any obligation between a Debtor and another Debtor is a statement of what appears in the Debtors' books and records and does not reflect any admission or conclusion regarding whether such amount would be allowed as a Claim or how such obligations may be classified and/or characterized in a plan of reorganization or otherwise by the Bankruptcy Court and does not include any claim of one Debtor against any other Debtor for contribution, indemnification or reimbursement. The Debtors reserve all rights with respect to such obligations.

## II.   **Specific Schedules Disclosures.**

(g)     **Schedule A/B, Part 3 – Accounts receivables.** For book purposes, accounts receivable are stated at net realizable value. The fees charged by each Debtor to patients in its facilities are recorded on an accrual basis. These fees are based on the actual amount expected to be collected and are contractually adjusted with respect to individuals receiving benefits under federal and state-funded programs and other third party payors. Additionally, the allowance for doubtful accounts is estimated based on the aging of accounts receivable, historical collections data, review of specific accounts and other factors.

(h)     **Schedule A/B, Part 7, No. 38 – Office furniture, fixtures, and equipment; and collectibles.** The Debtors list the value of office furniture, fixtures, and equipment at net book value as of the Petition Date. Certain assets are fully depreciated.

(i)     **Schedule A/B, Part 8 – Machinery, equipment, and vehicles.** The Debtors lease some equipment including, but not limited to dishwashers, beds, and various medical equipment at certain Facilities from different companies. The leases have various expiration dates and monthly payment amounts, and are not owned by the Debtors. The Debtors also own certain trucks and trailers used in the day to day operations of the business. Certain assets are fully depreciated. Value of assets are shown at net book value as of the Petition Date.

(j)     **Schedule A/B, Part 9 – Real Property.** The Debtors lease all of their real properties and, as such, the properties' value have been marked as undetermined and it has no value for the Debtors.

(k)     **Schedule D – Creditors Who Have Claims Secured by Property.** The Debtors have made reasonable efforts to report secured claims against the Debtors on Schedule D based on the Debtors' books and records as of the Petition Date. The approximately $2.4 million listed as secured debt applies in total to all of the Debtors.

Except as specifically stated herein, lessors of real property and equipment, utility companies, and any other parties which may hold security deposits or other security

interests, have not been listed on Schedule D.  The Debtors have also not listed on Schedule D any parties whose claims may be secured through rights of setoff, deposits, or advance payments.

(l)     **Schedule E/F – Creditors Who Have Unsecured Claims.**

In the ordinary course of business, the Debtors generally receive invoices for goods and services after the delivery of such goods or services. As of the filing of the Schedules and Statements, the Debtors may not have received all invoices for payables, expenses, or liabilities that may have accrued before the Petition Date.

*Part 2 - Creditors with Nonpriority Unsecured Claims.*  The Debtors have used reasonable efforts to report all general unsecured claims against the Debtors in Schedule E/F, Part 2, based upon the Debtors' books and records as of the Petition Date. The Debtors made a reasonable attempt to set forth their unsecured obligations, although the actual amount of claims against the Debtors may vary from those liabilities represented on Schedule E/F, Part 2.  The listed liabilities, which have been listed on a gross accounts payable basis, may not reflect the correct amount of any unsecured creditor's allowed claims or the correct amount of all unsecured claims. Moreover, creditors that are listed as unliquidated are so listed because the Schedules show the amount known to the Debtors at the Petition Date, but the Debtors are still in the process of logging invoices as they are received.

Pursuant to the *Interim* [Dkt. No. 37], and *Final Order Authorizing the Payment of (I) Certain Prepetition Workforce Claims, including wages, salaries, and other compensation, (II) Certain Employee Benefits and Confirming the Right to Continue Employee Benefits on Postpetition Basis, (III) Reimbursement to Employees for Prepetition Expenses, (IV) Withholding and Payroll Related Taxes, (V) Worker's Compensation Obligations, and (VI) Prepetition Claims Owing to Administrators and Third Party Providers* [Dkt. No. 58] (together the "Wages Orders"), the Bankruptcy Court granted the Debtors authority to pay or honor certain prepetition obligations for wages, salaries, and other compensation, and employee medical and similar benefits. The Debtors have not listed on Schedule E/F any wage or wage-related obligations that the Debtors were granted authority to pay pursuant to any order that has been entered by the Bankruptcy Court, including the Wages Orders.

(m)     **Schedule G – Executory Contracts and Unexpired Leases.**  The Debtors hereby reserve all rights to dispute the validity, status, or enforceability of any contracts, agreements or leases set forth in Schedule G and to amend or supplement Schedule G as necessary.  Additionally, the placing of a contract or lease onto Schedule G shall not be deemed an admission that such contract is an executory contract or unexpired lease, or that it is necessarily a binding, valid, and enforceable contract.  Any and all of the Debtors' rights, claims and causes of action with respect to the contracts and agreements listed on Schedule G are hereby reserved and preserved.  In addition, the Debtors are continuing their review of all relevant documents and expressly reserve their right to amend all Schedules at a later time

as necessary and/or to challenge the classification of any agreement as an executory contract or unexpired lease in any appropriate filing.

The names of employees and home addresses have been redacted for privacy purposes.

Certain information, such as the contact information of the counterparty, may not be included where such information could not be obtained using the Debtors' reasonable efforts.

Omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease. The Debtors' rights under the Bankruptcy Code with respect to any such omitted contract or agreement is not impaired by the omission. Certain Debtors are guarantors and parties to guaranty agreements regarding the Debtors' prepetition credit facility. The guaranty obligations arising under these agreements are reflected on Schedules D and F only.

III.   **Specific Statements Disclosures.**

(n)   **Statements, Part 2, Question 4 – Payments and Transfers to Certain Insiders within 1 year before the filing.** The Debtors reported payments to non-officer insiders within the year prior to the Petition Date. Please see response to Question 30 for officer payments and distributions within the year prior to the Petition Date. The Debtors reserve all rights with respect to the determination or status of a person as an "insider" as defined in section 101(13) of the Bankruptcy Code.

(o)   **Statements, Part 13, Questions 28 and 29 – Current and Former Officers and Directors.** While the Debtors have made reasonable best efforts to list all applicable officers and directors for each Debtor in response to Statement Questions 28 and 29, some may have been omitted. Disclosures relate specifically to terminated job titles or positions and are not indicative of the individuals' current employment status with the Debtors.

(p)   **Statement, Part 13, Question 26d –** The Debtors are currently marketing for potential lenders and the list is extensive; therefore, the Debtors have not listed all potential lenders here, but have listed those that are most relevant. Nevertheless, for additional information on potential lenders, please contact Debtors' counsel.

(q)   **Statements, Part 13, Question 31 -** The Debtors are treated as independent entities that file taxes separately.

\*     \*     \*     \*     \*

END OF GLOBAL NOTES

| Debtor Name | **Remarkable Healthcare of Carrollton, LP** |
|---|---|
| **United States Bankruptcy Court for the Eastern District of Texas** | |
| Case number (if known): | **24-40605** |

☐ Check if this is an amended filing

## Official Form 207

# Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy

04/22

The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).

**Part 1:    Income**

### 1. Gross Revenue from business

☐ None

| | Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | | | | Sources of Revenue | Gross Revenue (before deductions and exclusions) |
|---|---|---|---|---|---|---|
| 1.1 | From | 01/01/2023 | To | 12/31/2023 | ☑ Operating a business ☐ Other | $5,132,107.00 |
| 1.2 | From | 01/01/2022 | To | 12/31/2022 | ☑ Operating a business ☐ Other | $5,288,379.00 |
| 1.3 | From | 01/01/2021 | To | 12/31/2021 | ☑ Operating a business ☐ Other | $5,220,597.00 |

### 2. Non-business revenue

Include revenue regardless of whether that revenue is taxable. Non-business income may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

☐ None

| | | From | To | | Description of sources of revenue | Gross Revenue from (before deductions and exclusions) |
|---|---|---|---|---|---|---|
| 2.1 | From | 01/01/2023 | To | 12/31/2023 | IRS ERC Refund | $355,782.00 |
| 2.2 | From | 01/01/2022 | To | 12/31/2022 | Insurance Claim Payout | $385,000.00 |

**Part 2:**        **List Certain Transfers Made Before Filing for Bankruptcy**

### 3. Certain payments or transfers to creditors within 90 days before filing this case

List payments of transfers - including expense reimbursements to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $7,575.  (This amount may be adjusted on 4/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

☐ None

| | Creditor's name and address | Dates | Total amount or value | Reasons for payment or transfer *Check all that apply* |
|---|---|---|---|---|
| 3.1 | See attached Exhibit SOFA3 | | $205,953.56 | ☐ Secured Debt<br>☐ Unsecured Loan Payments<br>☐ Suppliers or vendors<br>☐ Services<br>☐ Other |

### 4. Payments or other transfers of property made within 1 year before filing  this case that benefited any insider

List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $7,575. (This amount may be adjusted on 4/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. Insiders include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

☒ None

| Insider's name and address | Dates | Total amount or value | Reasons for payment or transfer |
|---|---|---|---|
| | | | |

### 5. Repossessions, foreclosures, and returns

List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

☒ None

| Creditor's name and address | Description of the property | Date | Value of property |
|---|---|---|---|
| | | | |

### 6. Setoffs

List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

☐ None

| | Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|---|
| 6.1 | Alleon Capital Partners<br>1086 Teaneck Rd, Ste 4D<br>Teaneck, NJ 07666 | Money swept and not returned | Multiple | $295,920.38 |

Last 4 digits of account number: XXXX-

| **Part 3:** | **Legal Actions or Assignments** |
|---|---|

**7. Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**

List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

☐ None

| | **Case title** | **Nature of case** | **Court or agency's name and address** | **Status of case** |
|---|---|---|---|---|
| 7.1 | Hernandez v Remarkable Healthcare of Carrollton | Settlement paydown | District Court | ☐ Pending<br>☐ On appeal<br>☑ Concluded |
| | **Case number** | | | |

| | **Case title** | **Nature of case** | **Court or agency's name and address** | **Status of case** |
|---|---|---|---|---|
| 7.2 | | Annual licensure survey | Dept of Aging & Disability (DADS)<br>2561 Matlock Rd<br>Arlington, TX 76015 | ☐ Pending<br>☐ On appeal<br>☑ Concluded |
| | **Case number** | | | |

**8. Assignments and receivership**

List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

☒ None

| **Custodian's name and address** | **Description of the property** | **Value** |
|---|---|---|

| **Part 4:** | **Certain Gifts and Charitable Contributions** |
|---|---|

**9. List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of gifts to that recipient is less than $1,000**

☒ None

| **Recipient's name and address** | **Description of the gifts or contributions** | **Dates given** | **Value** |
|---|---|---|---|

## Part 5: Certain Losses

**10. All losses from fire, theft, or other casualty within 1 year before filing this case.**

☐ None

| Description of the property lost and how the loss occurred | Amount of payments received for the loss<br>If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received.<br>List unpaid claims on Official Form 106 A/B (Schedule A/B: Assets - Real and Personal Property). | Date of loss | Value of property lost |
|---|---|---|---|
| 10.1  Freeze storm caused pipe bursts in walls and attic. Flood damage and damage to fire system. | $534,045.17 | 12/23/2022 | $535,040.00 |

## Part 6: Certain Payments of Transfers

**11. Payments related to bankruptcy**

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☐ None

| Who was paid or who received the transfer? Address | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|
| 11.1  Carrington, Coleman, Sloman & Blumenthal, LLP<br>901 Main St, Ste 5500<br>Dallas, TX 75202 | | 11/02/2023<br>11/22/2023<br>11/27/2023 | $50,000<br>$25,000<br>$25,000 |

**Email or website address**
www.ccsb.com

**Who made the payment, if not debtor?**
Remarkable Healthcare, LLC

| Who was paid or who received the transfer? Address | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|
| 11.2  Gutnicki LLP<br>10440 N Central Expressway<br>Ste 800<br>Dallas, TX 75231 | | 03/19/2024 | $33,750.00 |

**Email or website address**
www.gutnicki.com

**Who made the payment, if not debtor?**
Remarkable Healthcare, LLC

**12. Self-settled trusts of which the debtor is a beneficiary**

List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
Do not include transfers already listed on this statement.

**[X]** None

| Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
| --- | --- | --- | --- |
| | | | |

**13. Transfers not already listed on this statement**

List any transfers of money or other property - by sale, trade, or any other means - made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

**[X]** None

| Who received transfer? Address. | Description of property transferred or payments received or debts paid in exchange. | Date transfer was made | Total amount or value |
| --- | --- | --- | --- |
| | | | |

---

| Part 7: | Previous Locations |
| --- | --- |

**14. Previous addresses**

List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

**[X]** Does not apply

| Address | Dates of occupancy |
| --- | --- |
| | |

---

| Part 8: | Health Care Bankruptcies |
| --- | --- |

**15. Health Care bankruptcies**

Is the debtor primarily engaged in offering services and facilities for:
- diagnosing or treating injury, deformity, or disease, or
- providing any surgical, psychiatric, drug treatment, or obstetric care?

☐ No   Go to Part 9.
☑ Yes.  Fill in the information below.

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
| --- | --- | --- |
| 15.1  Remarkable Healthcare of Prestonwood 9501 Plano Pkwy Carrollton, TX 75010 | Inpatient/skilled nursing facility | 62 |
| | **Location where patient records are maintained** | **How are records kept?** |
| | Point Click Care (electronic) and paper records online | ☑ Electronically ☑ Paper |

---

| Part 9: | Personally Identifiable Information |
| --- | --- |

**16. Does the debtor collect and retain personally identifiable information of customers?**

☐ No

☑ Yes. State the nature of the information collected and retained.   Patient medical and financial records

Does the debtor have a privacy policy about that information?

☐ No
☑ Yes.

**17. Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

☑ No   Go to Part 10.
☐ Yes. Does the debtor serve as plan administrator?

☐ No. Go to Part 10.
☐ Yes. Fill in below:

| Name of plan | Employer identification number of plan EIN: |
|---|---|
| | |

Has the plan been terminated?
☐ No
☐ Yes

| Part 10: | Certain Financial Accounts, Safe Deposit Boxes, and Storage Units |
|---|---|

**18. Closed financial accounts**

Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?
Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

☒ None

| Financial institution name and address | Last 4 digits of account number | Type of account | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|
| | | ☐ Checking<br>☐ Savings<br>☐ Money Market<br>☐ Brokerage<br>☐ Other | | |

**19. Safe deposit boxes**

List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

☒ None

| Depository institution name and address | Names of anyone with access to it. Address | Description of contents | Does debtor still have it? |
|---|---|---|---|

☐ No

☐ Yes

**20. Off-premises storage**

List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

☒ None

| Facility name and address | Names of anyone with access to it. Address | Description of contents | Does debtor still have it? |
|---|---|---|---|
| | | | ☐ No |
| | | | ☐ Yes |

---

**Part 11:**   **Property the Debtor Holds or Controls That the Debtor Does Not Own**

**21. Property held for another**

List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust.
Do not list leased or rented property.

☒ None

| Owner's name and address | Location of the property | Description of the property | Value |
|---|---|---|---|
| | | | |

---

**Part 12:**   **Details About Environmental Information**

For the purpose of Part 12, the following definitions apply:
 - Environmental law means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium)
 - Site means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.
 - Hazardous material means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**22. Has the debtor been a party in any judicial or administrative proceeding under any environmental law? Include settlements and orders.**

☑ No

☐ Yes. Provide details below.

| Case title | Court or agency name and address | Nature of the case | Status of case |
|---|---|---|---|
| | | | |

Official Form 207                **Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

In re   Remarkable Healthcare of Carrollton, LP                                                    Case No.   24-40605

Case number

☐ Pending
☐ On appeal
☐ Concluded

---

**23. Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

☑ No
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|

---

**24. Has the debtor notified any governmental unit of any release of hazardous material?**

☑ No
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|

---

**Part 13:**      Details About the Debtor's Business or Connections to Any Business

---

**25. Other businesses in which the debtor has or has had an interest**

List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

☒ None

| Business name and address | Describe the nature of the business | Employer identification number. Dates business existed |
|---|---|---|

---

**26. Books, records, and financial statements**
**26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.**

☐ None

| | Name and address | Dates of service |
|---|---|---|
| 26a.1 | Diane Ayoubi | 07/01/2018 - Present |

| 26a.2 Fernanda Shipp | 02/01/2018 - Present |
|---|---|

**26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.**

☐ None

| Name and address | Dates of service |
|---|---|
| 26b.1 Diane Ayoubi<br>904 Emerald Blvd<br>Southlake, TX 76092 | 07/01/2018 - Present |
| 26b.2 Turner, Stone & Co, LLP<br>12700 Park Central Dr,<br>Ste 1400<br>Dallas, TX 75251 | 01/01/2018 -<br>11/02/2023 |

**26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.**

☐ None

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| 26c.1 Jon and Laurie Beth<br>McPike<br>904 Emerald Blvd<br>Southlake, TX 76092 | |

**26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.**

☐ None

| Name and address |
|---|
| 26d.1 Kilgore Property<br>Management<br>5701 Euper Ln, Ste A<br>Fort Smith, AR 72903 |
| 26d.2 Alleon Capital Partners<br>1086 Teaneck Rd, Ste 4D<br>Teaneck, NJ 07666 |
| 26d.3 Potential Lenders -<br>See Global Notes |

**27. Inventories**

Have any inventories of the debtor's property been taken within 2 years before filing this case?

☑ No
☐ Yes.  Give the details about the two most recent inventories

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|

**Name and address of the person who has possession of inventory records**

**28. List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other**

Official Form 207          Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy

people in control of the debtor at the time of the filing of this case.

| | Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|---|
| 28.1 | Jon McPIke | 904 Emerald Blvd Southlake, TX 76092 | Chief Operating Officer | |
| 28.2 | Laurie Beth McPike | 904 Emerald Blvd Southlake, TX 76092 | Chief Executive Officer | |
| 28.3 | Remarkable Partners of Carrollton, LP | 904 Emerald Blvd Southlake, TX 76092 | Limited Partner | 99.9% |
| 28.4 | LBJM, LLC | 904 Emerald Blvd Southlake, TX 76092 | General Partner | 0.1% |

**29. Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

☐ No
☑ Yes.  Identify below.

| | Name | Address | Position and nature of any interest | Period during which position or interest was held |
|---|---|---|---|---|
| 29.1 | Diane Ayoubi | 904 Emerald Blvd Southlake, TX 76092 | VP of Operations | 07/01/2018 - 02/25/24 |

**30. Payments, distributions, or withdrawals credited or given to insiders**

Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

☑ No
☐ Yes.  Identify below.

| Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing this value |
|---|---|---|---|
| **Relationship to debtor** | | | |

**31. Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

☑ No
☐ Yes.  Identify below.

| Name of the parent corporation | Employer identification number of the parent corporation |
|---|---|

**32. Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

☑ No
☐ Yes.  Identify below.

| Name of the pension fund | Employer identification number of the pension fund |
|---|---|

In re Remarkable Healthcare of Carrollton, LP    Case 24-40605    Doc 74    Filed 04/16/24    Entered 04/16/24 23:55:23    Desc Main
Document    Page 16 of 21

Case No.    24-40605

| Part 14: | Signature and Declaration |
|---|---|

**WARNING**    Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on.    4/16/2024
                MM / DD / YYYY

/s/ Laurie Beth McPike                                    Printed name    Laurie Beth McPike
Signature of individual signing on behalf of the debtor

Position or relationship to the debtor    Chief Executive Officer

**Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy*  (Official Form 207) attached?**

☐ No

☐ Yes

# STATEMENT OF FINANCIAL AFFAIRS

## EXHIBIT
## PART 2, QUESTION 3

## CERTAIN PAYMENTS OR TRANSFERS TO CREDITORS
## WITHIN 90 DAYS BEFORE FILING THIS CASE

**Remarkable Healthcare of Carrollton, LP**
**Case No. 24-40605**
**SOFA 3. Certain payments or transfers to creditors within 90 days before filing this case**

| Creditor's name | Dates | Total Amount or Value | Reasons for Payment or Transfer |
|---|---|---|---|
| CrownShield Transport | 12/28/2023 | $282.19 | Resident Transportation |
| CrownShield Transport | 12/26/2023 | $35.00 | Resident Transportation |
| CrownShield Transport | 12/26/2023 | $35.00 | Resident Transportation |
| CrownShield Transport | 12/28/2023 | $35.00 | Resident Transportation |
| CrownShield Transport | 12/28/2023 | $35.00 | Resident Transportation |
| CrownShield Transport | 12/26/2023 | $589.85 | Resident Transportation |
| CrownShield Transport | 12/29/2023 | $63.95 | Resident Transportation |
| CrownShield Transport | 12/29/2023 | $63.95 | Resident Transportation |
| CrownShield Transport | 3/7/2024 | $100.02 | Resident Transportation |
| CrownShield Transport | 3/6/2024 | $111.63 | Resident Transportation |
| CrownShield Transport | 1/5/2024 | $122.25 | Resident Transportation |
| CrownShield Transport | 3/7/2024 | $123.11 | Resident Transportation |
| CrownShield Transport | 1/5/2024 | $123.13 | Resident Transportation |
| CrownShield Transport | 1/9/2024 | $125.03 | Resident Transportation |
| CrownShield Transport | 1/9/2024 | $125.03 | Resident Transportation |
| CrownShield Transport | 2/8/2024 | $125.03 | Resident Transportation |
| CrownShield Transport | 2/8/2024 | $125.03 | Resident Transportation |
| CrownShield Transport | 2/2/2024 | $128.68 | Resident Transportation |
| CrownShield Transport | 2/8/2024 | $129.14 | Resident Transportation |
| CrownShield Transport | 3/7/2024 | $130.08 | Resident Transportation |
| CrownShield Transport | 1/9/2024 | $130.89 | Resident Transportation |
| CrownShield Transport | 1/9/2024 | $130.89 | Resident Transportation |
| CrownShield Transport | 1/3/2024 | $137.65 | Resident Transportation |
| CrownShield Transport | 1/3/2024 | $159.24 | Resident Transportation |
| CrownShield Transport | 1/8/2024 | $224.76 | Resident Transportation |
| CrownShield Transport | 3/6/2024 | $231.54 | Resident Transportation |
| CrownShield Transport | 3/5/2024 | $243.30 | Resident Transportation |
| CrownShield Transport | 2/9/2024 | $250.00 | Resident Transportation |
| CrownShield Transport | 1/2/2024 | $282.19 | Resident Transportation |
| CrownShield Transport | 3/4/2024 | $286.30 | Resident Transportation |
| CrownShield Transport | 1/2/2024 | $307.66 | Resident Transportation |
| CrownShield Transport | 2/2/2024 | $35.00 | Resident Transportation |
| CrownShield Transport | 2/2/2024 | $35.00 | Resident Transportation |
| CrownShield Transport | 2/8/2024 | $35.00 | Resident Transportation |
| CrownShield Transport | 3/4/2024 | $394.83 | Resident Transportation |
| CrownShield Transport | 2/5/2024 | $46.93 | Resident Transportation |
| CrownShield Transport | 2/5/2024 | $464.83 | Resident Transportation |
| CrownShield Transport | 2/6/2024 | $464.83 | Resident Transportation |
| CrownShield Transport | 2/5/2024 | $47.01 | Resident Transportation |
| CrownShield Transport | 1/9/2024 | $506.95 | Resident Transportation |
| CrownShield Transport | 2/5/2024 | $51.66 | Resident Transportation |
| CrownShield Transport | 2/7/2024 | $51.66 | Resident Transportation |
| CrownShield Transport | 1/5/2024 | $51.75 | Resident Transportation |
| CrownShield Transport | 1/5/2024 | $51.75 | Resident Transportation |
| CrownShield Transport | 1/9/2024 | $51.75 | Resident Transportation |
| CrownShield Transport | 1/9/2024 | $51.75 | Resident Transportation |
| CrownShield Transport | 1/9/2024 | $52.20 | Resident Transportation |
| CrownShield Transport | 1/9/2024 | $52.20 | Resident Transportation |
| CrownShield Transport | 1/9/2024 | $53.07 | Resident Transportation |
| CrownShield Transport | 1/9/2024 | $53.07 | Resident Transportation |
| CrownShield Transport | 1/4/2024 | $564.38 | Resident Transportation |

**Remarkable Healthcare of Carrollton, LP**
**Case No. 24-40605**
**SOFA 3. Certain payments or transfers to creditors within 90 days before filing this case**

| Creditor's name | Dates | Total Amount or Value | Reasons for Payment or Transfer |
|---|---|---|---|
| CrownShield Transport | 2/9/2024 | $63.95 | Resident Transportation |
| CrownShield Transport | 2/9/2024 | $63.95 | Resident Transportation |
| CrownShield Transport | 2/1/2024 | $638.13 | Resident Transportation |
| CrownShield Transport | 2/8/2024 | $638.13 | Resident Transportation |
| CrownShield Transport | 3/4/2024 | $638.13 | Resident Transportation |
| CrownShield Transport | 3/4/2024 | $638.13 | Resident Transportation |
| CrownShield Transport | 3/4/2024 | $638.13 | Resident Transportation |
| CrownShield Transport | 3/7/2024 | $638.13 | Resident Transportation |
| CrownShield Transport | 3/8/2024 | $638.13 | Resident Transportation |
| CrownShield Transport | 1/4/2024 | $70.88 | Resident Transportation |
| CrownShield Transport | 1/4/2024 | $70.88 | Resident Transportation |
| CrownShield Transport | 1/4/2024 | $70.88 | Resident Transportation |
| CrownShield Transport | 1/5/2024 | $70.88 | Resident Transportation |
| CrownShield Transport | 1/5/2024 | $70.88 | Resident Transportation |
| CrownShield Transport | 2/6/2024 | $70.88 | Resident Transportation |
| CrownShield Transport | 2/6/2024 | $70.88 | Resident Transportation |
| CrownShield Transport | 2/2/2024 | $75.61 | Resident Transportation |
| CrownShield Transport | 2/2/2024 | $75.61 | Resident Transportation |
| CrownShield Transport | 2/2/2024 | $75.61 | Resident Transportation |
| CrownShield Transport | 2/2/2024 | $75.61 | Resident Transportation |
| CrownShield Transport | 2/6/2024 | $78.10 | Resident Transportation |
| CrownShield Transport | 2/6/2024 | $78.10 | Resident Transportation |
| CrownShield Transport | 3/4/2024 | $98.72 | Resident Transportation |
| CrownShield Transport | 2/9/2024 | -$94.14 | Resident Transportation Refund |
| CrownShield Transport | 2/20/2024 | $1,671.09 | Resident Transportation |
| CrownShield Transport | 2/21/2024 | $106.14 | Resident Transportation |
| CrownShield Transport | 1/23/2024 | $109.99 | Resident Transportation |
| CrownShield Transport | 1/23/2024 | $125.00 | Resident Transportation |
| CrownShield Transport | 3/14/2024 | $151.53 | Resident Transportation |
| CrownShield Transport | 1/18/2024 | $164.86 | Resident Transportation |
| CrownShield Transport | 1/31/2024 | $167.78 | Resident Transportation |
| CrownShield Transport | 3/15/2024 | $175.17 | Resident Transportation |
| CrownShield Transport | 3/20/2024 | $250.08 | Resident Transportation |
| CrownShield Transport | 3/18/2024 | $3,000.00 | Resident Transportation |
| CrownShield Transport | 3/19/2024 | $316.09 | Resident Transportation |
| CrownShield Transport | 1/10/2024 | $35.00 | Resident Transportation |
| CrownShield Transport | 1/10/2024 | $35.00 | Resident Transportation |
| CrownShield Transport | 1/18/2024 | $35.00 | Resident Transportation |
| CrownShield Transport | 1/18/2024 | $35.00 | Resident Transportation |
| CrownShield Transport | 1/26/2024 | $35.00 | Resident Transportation |
| CrownShield Transport | 1/26/2024 | $35.00 | Resident Transportation |
| CrownShield Transport | 2/15/2024 | $35.00 | Resident Transportation |
| CrownShield Transport | 2/16/2024 | $35.00 | Resident Transportation |
| CrownShield Transport | 2/16/2024 | $35.00 | Resident Transportation |
| CrownShield Transport | 2/20/2024 | $35.00 | Resident Transportation |
| CrownShield Transport | 2/20/2024 | $35.00 | Resident Transportation |
| CrownShield Transport | 2/28/2024 | $35.00 | Resident Transportation |
| CrownShield Transport | 2/21/2024 | $394.83 | Resident Transportation |
| CrownShield Transport | 2/22/2024 | $394.83 | Resident Transportation |
| CrownShield Transport | 1/31/2024 | $464.83 | Resident Transportation |
| CrownShield Transport | 3/18/2024 | $500.19 | Resident Transportation |

**Remarkable Healthcare of Carrollton, LP**
**Case No. 24-40605**
**SOFA 3. Certain payments or transfers to creditors within 90 days before filing this case**

| Creditor's name | Dates | Total Amount or Value | Reasons for Payment or Transfer |
|---|---|---|---|
| CrownShield Transport | 1/11/2024 | $506.95 | Resident Transportation |
| CrownShield Transport | 1/19/2024 | $51.62 | Resident Transportation |
| CrownShield Transport | 1/19/2024 | $51.62 | Resident Transportation |
| CrownShield Transport | 3/18/2024 | $51.66 | Resident Transportation |
| CrownShield Transport | 1/31/2024 | $52.65 | Resident Transportation |
| CrownShield Transport | 1/31/2024 | $52.66 | Resident Transportation |
| CrownShield Transport | 3/18/2024 | $52.66 | Resident Transportation |
| CrownShield Transport | 3/18/2024 | $52.66 | Resident Transportation |
| CrownShield Transport | 2/22/2024 | $52.87 | Resident Transportation |
| CrownShield Transport | 2/22/2024 | $52.91 | Resident Transportation |
| CrownShield Transport | 2/16/2024 | $62.89 | Resident Transportation |
| CrownShield Transport | 2/23/2024 | $63.95 | Resident Transportation |
| CrownShield Transport | 2/23/2024 | $63.95 | Resident Transportation |
| CrownShield Transport | 1/18/2024 | $638.13 | Resident Transportation |
| CrownShield Transport | 1/18/2024 | $638.13 | Resident Transportation |
| CrownShield Transport | 1/22/2024 | $638.13 | Resident Transportation |
| CrownShield Transport | 1/23/2024 | $638.13 | Resident Transportation |
| CrownShield Transport | 1/25/2024 | $638.13 | Resident Transportation |
| CrownShield Transport | 1/29/2024 | $638.13 | Resident Transportation |
| CrownShield Transport | 2/20/2024 | $638.13 | Resident Transportation |
| CrownShield Transport | 3/12/2024 | $638.13 | Resident Transportation |
| CrownShield Transport | 3/18/2024 | $638.13 | Resident Transportation |
| CrownShield Transport | 3/20/2024 | $638.13 | Resident Transportation |
| CrownShield Transport | 3/13/2024 | $68.59 | Resident Transportation |
| CrownShield Transport | 3/14/2024 | $68.59 | Resident Transportation |
| CrownShield Transport | 1/18/2024 | $70.00 | Resident Transportation |
| CrownShield Transport | 1/22/2024 | $70.84 | Resident Transportation |
| CrownShield Transport | 1/22/2024 | $70.84 | Resident Transportation |
| CrownShield Transport | 2/16/2024 | $70.88 | Resident Transportation |
| CrownShield Transport | 2/16/2024 | $70.88 | Resident Transportation |
| CrownShield Transport | 2/12/2024 | $73.62 | Resident Transportation |
| CrownShield Transport | 2/20/2024 | $963.47 | Resident Transportation |
| CrownShield Transport | 2/23/2024 | $98.72 | Resident Transportation |
| CrownShield Transport | 2/23/2024 | $98.72 | Resident Transportation |
| CrownShield Transport | 3/18/2024 | -$52.66 | Resident Transportation Refund |
| CrownShield Transport | 3/18/2024 | -$52.66 | Resident Transportation Refund |
| CrownShield Transport | 3/18/2024 | -$81.53 | Resident Transportation Refund |
| **CrownShield Transport  Total** | | **$31,163.39** | |
| Medline | 2/8/2024 | $2,818.57 | Medline |
| Medline | 3/7/2024 | $3,153.67 | Medline |
| Medline | 2/21/2024 | $2,251.81 | Medline |
| Medline | 1/19/2024 | $2,486.10 | Medline |
| Medline | 2/16/2024 | $2,572.49 | Medline |
| Medline | 1/31/2024 | $3,003.30 | Medline |
| Medline | 2/29/2024 | $6,298.89 | Medline |
| Medline | 12/26/2023 | $3,388.37 | Medline |
| **Medline  Total** | | **$25,973.20** | |
| MDS - Minimum Data Set Collec Remark | 2/16/2024 | $3,270.75 | Vendor Payment |
| MDS - Minimum Data Set Collec Remark | 3/15/2024 | $4,294.25 | Vendor Payment |
| MDS - Minimum Data Set Collec Remark | 1/26/2024 | $4,984.00 | Vendor Payment |
| MDS - Minimum Data Set Collec Remark | 1/18/2024 | $5,584.75 | Vendor Payment |

**Remarkable Healthcare of Carrollton, LP**
**Case No. 24-40605**
**SOFA 3. Certain payments or transfers to creditors within 90 days before filing this case**

| Creditor's name | Dates | Total Amount or Value | Reasons for Payment or Transfer |
|---|---|---|---|
| MDS - Minimum Data Set Collec Remark | 12/22/2023 | $7,743.00 | Vendor Payment |
| MDS - Minimum Data Set Collec Remark | 12/29/2023 | $7,854.25 | Vendor Payment |
| MDS - Minimum Data Set Collec Remark | 2/9/2024 | $4,361.00 | Vendor Payment |
| MDS - Minimum Data Set Collec Remark | 3/5/2024 | $5,041.25 | Vendor Payment |
| MDS - Minimum Data Set Collec Remark | 2/2/2024 | $5,139.75 | Vendor Payment |
| MDS - Minimum Data Set Collec Remark | 1/5/2024 | $6,052.00 | Vendor Payment |
| **Minimum Data Set Collec Remark  Total** | | **$54,325.00** | |
| KRS Carrollton, LLC | 1/19/2024 | $93,271.00 | Rent Payment |
| **Rent Wire Total** | | **$93,271.00** | |
| The Home Depot | 2/7/2024 | $6.47 | Facility Supplies and Maintenance |
| The Home Depot | 1/8/2024 | $156.81 | Facility Supplies and Maintenance |
| The Home Depot | 1/26/2024 | $5.32 | Facility Supplies and Maintenance |
| The Home Depot | 2/16/2024 | $15.47 | Facility Supplies and Maintenance |
| The Home Depot | 2/16/2024 | $26.17 | Facility Supplies and Maintenance |
| The Home Depot | 1/26/2024 | $62.83 | Facility Supplies and Maintenance |
| The Home Depot | 1/16/2024 | $977.19 | Facility Supplies and Maintenance |
| The Home Depot 1 3.82 Facility Supplies and Maintena | 2/16/2024 | -$13.82 | Facility Supplies and Maintenance Refund |
| The Home Depot 1 5.47 Facility Supplies and Maintena | 2/16/2024 | -$15.47 | Facility Supplies and Maintenance Refund |
| **The Home Depot  Total** | | **$1,220.97** | |
| **Grand Total** | | **$205,953.56** | |