UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| REMARKABLE HEALTHCARE OF CARROLLTON, LP *et al.* | § § | Case No. 24-40605 |
| Debtor(s). | § § § | . |

**STATUS REPORT REGARDING ORDER TO SHOW CAUSE (RE: DOCKET NO. 83)**

**TO THE HONORABLE BRENDA T. RHODES U.S. BANKRUPTCY JUDGE:**

KRS Carrollton LLC, KRS Dallas LLC, KRS Fort Worth LLC, KRS Seguin LLC, and Kilgore Property Management LLC (collectively, "KRS") provide the following status updates.

1. A new entity managed by Andy Rye and of which Andy Rye and Joshua Kilgore are among the equity interest owners are is poised to become the manager of the Carrollton and Dallas facilities with a target effective date and transition date of May 13, 2024.

2. In preparation for the transition, KRS has been informed that the Dallas resident trust fund account has a deficit in excess of $108,000. See Exhibits KIL022 and KIL023, attached.

Dated: May 9, 2024

Respectfully submitted:

WEYCER, KAPLAN, PULASKI & ZUBER, P.C.
By:   */s/ Jeff Carruth*
   JEFF CARRUTH (TX SBN:. 24001846)
   3030 Matlock Rd., Suite 201
   Arlington, Texas 76105
   Telephone: (713) 341-1158
   E-mail:  jcarruth@wkpz.com
ATTORNEYS FOR
KRS CARROLLTON LLC, KRS DALLAS LLC, KRS SEGUIN, LLC, KRS FORT WORTH LLC, AND KILGORE PROPERTY MANAGEMENT LLC

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing was served on May 9, 2024 by electronic notice to all ECF users who have appeared in this case to date

     */s/ Jeff Carruth*
     JEFF CARRUTH

NF Trust Fund CHOW/Closure Audit

**EXHIBIT KIL022**



**Texas Health and Human Services Commission**

*Cecile Erwin Young*
*Executive Commissioner*

CERTIFIED MAIL:    9589 0710 5270 3513 93

March 27, 2024

Alan Roget
Remarkable Healthcare of Dallas
3350 Bonnie View Rd.
Dallas TX  75216

Contract number:    1020856
Facility License #    145061
TIN:    1.90083E+13
Re:    Notice of Trust Fund Close-Out Audit Findings

Dear Contractor:

This letter serves as official notification of the results for the close-out audit completed on    (enter date audit completed)    .
The close-out audit findings are as follows:

☐ No findings-close-out complete
  ☐ The vendor hold for trust fund audit will be removed

☑ Findings requiring corrective action:
  The attached **Summary of Findings and sample list** identifies the items requiring corrective action, describes the corrective action required, and the applicable due date.
  ☑ Corrective action for all items is due by:    May 25, 2024
  ☑ The vendor hold for final trust fund audit will be released when all deficiencies have been cleared.
  The **Summary of Findings** and sample list is provided to the facility Administrator.  Anyone requesting copies must submit the request to the facility Administrator.

**Contractor Deliverables**

☐ All requested items must be submitted to the trust fund monitor within the specified time frame. Submit requested documents by fax or mail to:
Patricia Gail McBride
Trust Fund Monitor
LTC Regulation Trust Fund Monitoring
121 Westgate Drive
Waxahachie TX  76165
patricia.mcbride@hhs.texas.gov
Area Code and Phone No.:        (2140 301-1818
Area Code and Fax No.:        (972) 937-5868

☐ Requirement to provide documentation to clear trust fund deficiencies in order to release vendor hold for Trust fund audit.

**Contractor Recourse**

Request an informal appeal. If the contractor believes the staff conducting a close-out audit did not adhere to HHS procedures or rules, the contractor may request an informal appeal. The request must be received by the Trust Fund Manager within 15 calendar days from the date the contractor receives this letter. The request must specify the procedures or rules that were not followed; identify the affected case(s); describe the reason each deficiency is being disputed; and include supporting information or documentation that directly demonstrates that each disputed deficiency is not sustainable.

Submit request to:

Texas Health and Human Services
LTCR Survey Operations, Attn.: Sandy Moore, Trust Fund Unit Manager
P.O. Box 149030, Mail Code W-340

Version 4.2 1-1-23

**EXHIBIT KIL022 - Page 1**

Austin, Texas 78714-9030

**A request for an informal appeal will postpone the deadline for later requesting a formal hearing until 15 calendar days from the date the contractor receives the results from the informal appeal.**

**Right to request a formal hearing**.  Per 1 TAC Section 357.484 the request must be received within 15 calendar days from the date the contractor receives this letter; must be in writing and state the basis for the appeal. The request must specify the procedures or rules that were not followed; identify the affected allegations(s); describe the reason each allegation is being disputed; include supporting information or documentation that directly demonstrates that each disputed allegation is not sustainable. The request must include a legible copy of this letter.

Submit request to:

Texas Health and Human Services Commission
Attn.: Director of Appeals
P.O. Box 149030, Mail Code W-613
Austin, Texas 78714-9030
Fax: 512-231-5779

Sincerely,

Patricia Gail McBride 3/27/24

Patricia Gail McBride
Trust Fund Monitor
LTC Regulation Trust Fund Monitoring
121 Westgate Drive
Waxahachie TX  76165
[Trust Fund Monitor's email address]
Area Code and Phone No.:	(2140 301-1818
Area Code and Fax No.:	(972) 937-5868


cc:    Laurie McPike
       lbmcpike@remarkablehealthcare.com
       Diana Hatcher
       dhatcher@remarkablehealthcare.net

Version 4.2 1-1-23

**EXHIBIT KIL022 - Page 2**

| Remarkable Healthcare of Dallas LP | | | | Facility ID: | 105408 | | |
|---|---|---|---|---|---|---|---|
| TIN: | 1.90083E+13 | | | ct Number: | 1020856 | | |
| Remarkable Healthcare of Dallas | | | | | | | |
| 3350 Bonnie View Road | | | | Exit Date: | 3/26/2024 | | |
| Dallas TX 75216 | | | | of Findings: | 3/26/2024 | | |
| Facility License # | 145061 | | | | | | |
| Monitor's Name: | Patricia Gail M | Region: | 3 | n Due Date: | 5/25/2024 | | |
| Surety Bond Co: | Western Sure | Surety bond #: | 65048122 | | | | |
| Effective Date: | Not provided | Expiration Date: | Not provided | | | | |
| Bond Amount: | $65,000.00 | | | | | | |

| Item | Reference | ription of Defic | Amount | Ref # | ctive Action Re | Completed | CA Ref # |
|---|---|---|---|---|---|---|---|
| I. | 26 TAC §554.2 | none | | | | | |
| Ia. | 26 TAC §554.4 | none | | | | | |
| Ib. | 26 TAC §554.4 | none | | | | | |
| Ic. | 26 TAC §554.4 | The residents' trust fund bank account did not reconcile for the last date of ownership. A shortage of $2987.53 was noted. | | Dic | Make a deposit to the trust fund in the amount noted and provide me a copy of the validated deposit slip. Provide documentation that the trust fund account reconciles. | | |
| Id. | 26 TAC §554.4 | The facility has not reimbursed the residents' trust fund account for bank service charges in the amount of $1185.07. | | Did | Refund the charges indicated. Send me a copy of the validated deposit slip reflecting the refund to the trust fund. | | |

| | | | | | | |
|---|---|---|---|---|---|---|
| Ie. | 26 TAC §554.4 | Interest was not posted to trust fund ledgers for the month of February 2024. | | Die | Provide me copies of the trust fund ledgers showing posted interest for the period of February 2024. | |
| If. | 26 TAC §554.4 | The trust fund bank account has outstanding checks/stale checks | | | All outstanding checks must clear the bank before the account can be closed. For any checks over 30 days old, provide follow up. Either reissue checks, or escheat to the state. Provide proof of such for each outstanding check. | |
| | | Check 1356 | $276.00 | Dif | See corrective action If above | |
| | | Check 1359 | $276.00 | Dif | See corrective action If above | |
| Ig. | 26 TAC §554.4 | none | | | | |
| Ia. rfms | 26 TAC §554.4 | none | | | | |
| Ib rfms | 26 TAC §554.4 | none | | | | |
| Ic. rfms | 26 TAC §554.4 | none | | | | |
| Id. rfms | 26 TAC §554.4 | none | | | | |
| Ie. rfms | 26 TAC §554.4 | none | | | | |
| If. rfms | 26 TAC §554.4 | none | | | | |
| Ig. rfms | 26 TAC §554.4 | none | | | | |

**EXHIBIT KIL023 - Page 2**

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Ih. rfms | 26 TAC §554. | none | | | | | | |
| II a. | 26 TAC §554. | The facility has not refunded trust fund monies of deceased and discharged residents. | | | | Either refund the trust fund balance to the resident or responsible party and send me a copy of the front and back of the cancelled check reflecting the refund or a signed receipt verifying a cash refund was made; OR if the resident or responsible party can not be located, escheat the funds to the state. Send a check made payable to HHS to HHS, ATTN: Accounts | | |
| | | | 1 | $253.16 | DIIa.1 | See corrective action II above | | |
| | | | 11 | $2,440.00 | DIIa.11 | See corrective action II above | | |
| | | | 12 | $1,233.00 | DIIa.12 | See corrective action II above | | |
| | | | 20 | $90.00 | DIIa.20 | See corrective action II above | | |

**EXHIBIT KIL023 - Page 3**

| | | | | | | |
|---|---|---|---|---|---|---|
| | | 25 | $224.00 | DIIa.25 | See corrective action II above | |
| | | 26 | $907.00 | DIIa.26 | See corrective action II above | |
| II b. | 26 TAC §554.2 | none | | | | |
| IIc | | The facility's surety bond is not for an amount sufficient to cover the average daily balance. | | | Provide a copy of the surety bond renewal in the amount covering the average daily balance in the trust fund for the 12 months prior to the effective date. The bond must have a current effective date and be in the format developed by Texas Health and Human Services. Send a copy of the surety bond via certified mail to HHS, ATTN: Trust Fund Monitoring | |

**EXHIBIT KIL023 - Page 4**

| | | | | | | |
|---|---|---|---|---|---|---|
| III. | 26 TAC §554.2 | The facility has not resolved resident credit balances indicated on the facility's Accounts Receivable Aging Summary Report. | | | Resolve the credit balance by one of the following methods (not all credits will necessarily require a refund): 1) Provide documentation showing how the credit was resolved or provide a valid explanation for the credit balance (i.e. a signed letter from the resident or responsible party); OR 2) Refund the credit to the resident, responsible party (RP), legally | | |
| | | | 1 | $1,188.63 | DIII.1 | See corrective action III above |
| | | | 3 | $754.00 | DIII.3 | See corrective action III above |
| | | | 4 | $26,659.30 | DIII.4 | See corrective action III above |
| | | | 6 | $1,664.28 | DIII.6 | See corrective action III above |
| | | | 8 | $1,837.89 | DIII.8 | See corrective action III above |

**EXHIBIT KIL023 - Page 5**

| | | | | | |
|---|---|---|---|---|---|
| 10 | $914.00 | DIII.10 | See corrective action III above | | |
| 11 | $6,085.73 | DIII.11 | See corrective action III above | | |
| 12 | $618.54 | DIII.12 | See corrective action III above | | |
| 14 | $1,545.00 | DIII.14 | See corrective action III above | | |
| 17 | $1,301.60 | DIII.17 | See corrective action III above | | |
| 19 | $3,681.32 | DIII.19 | See corrective action III above | | |
| 22 | $20.80 | DIII.22 | See corrective action III above | | |
| 23 | $2,247.70 | DIII.23 | See corrective action III above | | |
| 25 | $547.40 | DIII.25 | See corrective action III above | | |
| 27 | $685.28 | DIII.27 | See corrective action III above | | |
| 28 | $4,072.00 | DIII.28 | See corrective action III above | | |
| 29 | $3,677.00 | DIII.29 | See corrective action III above | | |
| 30 | $2,612.45 | DIII.30 | See corrective action III above | | |

| | | | | | |
|---|---|---|---|---|---|
| | 33 | $12.44 | DIII.33 | See corrective action III above | |
| | 37 | $505.88 | DIII.37 | See corrective action III above | |
| | 38 | $2,250.00 | DIII.38 | See corrective action III above | |
| | 39 | $1,105.96 | DIII.39 | See corrective action III above | |
| | 40 | $1,335.84 | DIII.40 | See corrective action III above | |
| | 41 | $1,522.84 | DIII.41 | See corrective action III above | |
| | 42 | $200.00 | DIII.42 | See corrective action III above | |
| | 43 | $0.60 | DIII.43 | See corrective action III above | |
| | 44 | $965.60 | DIII.44 | See corrective action III above | |
| | 45 | $737.40 | DIII.45 | See corrective action III above | |
| | 46 | $243.65 | DIII.46 | See corrective action III above | |
| | 47 | $1,369.46 | DIII.47 | See corrective action III above | |
| | 48 | $367.68 | DIII.48 | See corrective action III above | |

**EXHIBIT KIL023 - Page 7**

| | | | | | |
|---|---|---|---|---|---|
| | 49 | $262.48 | DIII.49 | See corrective action III above | |
| | 50 | $1,927.53 | DIII.50 | See corrective action III above | |
| | 51 | $529.71 | DIII.51 | See corrective action III above | |
| | 52 | $1,698.62 | DIII.52 | See corrective action III above | |
| | 53 | $3,137.61 | DIII.53 | See corrective action III above | |
| | 54 | $4,359.92 | DIII.54 | See corrective action III above | |
| | 55 | $53.13 | DIII.55 | See corrective action III above | |
| | 56 | $1,317.70 | DIII.56 | See corrective action III above | |
| | 57 | $214.94 | DIII.57 | See corrective action III above | |
| | 58 | $1,120.00 | DIII.58 | See corrective action III above | |
| | 59 | $1,098.00 | DIII.59 | See corrective action III above | |
| | 60 | $640.00 | DIII.60 | See corrective action III above | |
| | 61 | $4,231.50 | DIII.61 | See corrective action III above | |

| | | | | | |
|---|---|---|---|---|---|
| 62 | $169.75 | DIII.62 | See corrective action III above | | |
| 63 | $324.84 | DIII.63 | See corrective action III above | | |
| 64 | $1,884.55 | DIII.64 | See corrective action III above | | |
| 65 | $2,727.19 | DIII.65 | See corrective action III above | | |
| 66 | $3,529.84 | DIII.66 | See corrective action III above | | |
| 67 | $261.47 | DIII.67 | See corrective action III above | | |
| 68 | $100.00 | DIII.68 | See corrective action III above | | |
| **Total** | **$106,018.21** | | | | |