**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CHAPTER 11 |
| | § | |
| **REMARKABLE HEALTHCARE OF** | § | CASE NO. 24-40605 |
| **CARROLLTON LP, ET AL.,**[1] | § | |
| | § | (Joint Administration Requested) |
| | § | |
| DEBTORS. | § | |

**MOTION OF DEBTORS FOR ENTRY OF AN ORDER ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS**

**21-DAY NEGATIVE NOTICE – LBR 4003(c):**

**Your rights may be affected by the relief sought in this pleading. You should read this pleading carefully and discuss it with your attorney, if you have one in this bankruptcy case. If you oppose the relief sought by this objection, you must file a written response in opposition to the exemption objection, explaining the factual and/or legal basis for opposing the relief.**

**No hearing will be conducted on this Objection to Exemption unless a written response in opposition to it is filed with the Clerk of the United States Bankruptcy Court and served upon the party filing this pleading WITHIN TWENTY-ONE (21) DAYS FROM THE DATE OF SERVICE listed in the certificate of service unless the Court shortens or extends the time for filing such response. If no response in opposition to the objection is timely served and filed, this objection to exemption shall be deemed to be unopposed, and the Court may enter an order sustaining the objection. If a response in opposition is filed and served in a timely manner, the Court will thereafter set a hearing with appropriate notice. If you fail to appear at the hearing, your response in opposition may be stricken. The Court reserves the right to set a hearing on any matter.**

The above-captioned debtors and debtors in possession (the "**Debtors**") hereby move (the "**Motion**") for entry of an order, substantially in the form attached hereto as Exhibit A (the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Remarkable Healthcare of Carrollton, LP (5960), Remarkable Healthcare of Dallas, LP (3418), Remarkable Healthcare of Fort Worth (1692), Remarkable Healthcare of Seguin, LP (4566), and Remarkable Healthcare, LLC (5142).

"**Proposed Order**"), pursuant to sections 105(a) and 331 of title 11 of the United States Code (the "**Bankruptcy Code**"); Rule 2016 of Federal Rules of Bankruptcy Procedure ("**Bankruptcy Rules**"); and Rule 2016(a) of the Local Rules of Bankruptcy Procedure of the United States Bankruptcy Court for the Eastern District of Texas (the "**Local Rules**"), (i) authorizing the Debtors to establish procedures for the interim compensation and reimbursement of expenses of retained professionals (the "**Professionals**"). In support of this Motion, the Debtors respectfully state as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this case pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors confirm their consent to the entry of a final order or judgment by the Court in connection with this Motion if it is determined that the Court, absent the parties' consent, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory and other predicates for the relief requested herein are Bankruptcy Code Sections 105(a) and 331, Bankruptcy Rule 2016, and Local Rule 2016(a).

## BACKGROUND

4. On March 20, 2024 (the "**Petition Date**"), each of the Debtors filed a voluntary petition in this Court commencing a case for relief under Subchapter V of Chapter 11 of the Bankruptcy Code (the "**Cases**").

5. The Debtors continue to operate their businesses and manage their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108.

6. On March 26, 2024, Mark Weisbart was appointed Subchapter V Trustee in these Cases.

7. The Debtors were formed in Texas from 2010 to 2013 and operate skilled nursing facilities with hundreds of resident patients and employees located in Carrollton, Dallas, Fort Worth, and Seguin (the "**Company**").

8. Remarkable Healthcare is focused on the individual who needs healthcare services after his/her hospital stay and offers both services to help individuals return home as well as long term services for those who require extended care. Services are tailored to each individual with the goal of facilitating increased strength and flexibility while minimizing pain and impairment. Stabilizing the patient from a clinical, nursing, and social aspect is Remarkable Healthcare's top priority.

9. The Cases are intended to provide the Debtors and their estates a forum for the orderly and efficient sale and transition of certain assets, reorganization of other assets, and satisfaction of outstanding obligations, including working to refinance or restructure their debts. The Debtors believe this process will be in the best interests of their creditors and estates. Throughout these Cases, the Debtors will continue to work on refinancing options, while also implementing cost-cutting measures and profit-centered efficiencies to stabilize their businesses and increase growth and liquidity to repay their debts over time through a plan of reorganization.

10. The Debtors have filed applications seeking authority to retain: (a) Gutnicki LLP ("**Gutnicki**") as counsel [Dkt. No. 81] and (b) Omni Agent Solutions, Inc. ("**Omni**") as claims, noticing, and solicitation agent [Dkt. No. 98]. The Court has entered an order granting the retention of Gutnicki [Dkt. No. 112].

## PROPOSED INTERIM COMPENSATION PROCEDURES

11.  By this Motion, the Debtors seek entry of an order authorizing and establishing procedures for the compensation and reimbursement of Court-approved Professionals on a monthly basis, on terms comparable to the procedures established in other chapter 11 cases. Such an order will streamline the professional compensation process and enable the Court and all other parties in interest to monitor more effectively the professional fees incurred in connection with these Cases.

12.  Specifically, the Debtors propose that, except as otherwise provided in any order of the Court authorizing the retention of a particular Professional, that the Court permit Professionals to seek interim payment of compensation and reimbursement of expenses in accordance with the following proposed procedures (the "**Compensation Procedures**"):[2]

13.  No earlier than the 10th day of each month following the month for which compensation is sought, or as soon as reasonably practical thereafter, each Professional seeking interim allowance of its fees and expenses shall be entitled to file with the Court an application, which will include the relevant time entry and description and expense detail (the "**Monthly Fee Application**"), for interim allowance of compensation for services rendered and reimbursement of expenses incurred during the preceding month (the "**Compensation Period**") and serve a copy of the Monthly Fee Application on each of the following parties (the "**Notice Parties**") by first class mail: (a) Remarkable Healthcare, LLC, 904 Emerald Blvd., Southlake, TX 76092 (Attn: Jon McPike); (b) counsel to the Debtors, Gutnicki LLP, 10440 N. Central Expy., Suite 800, Dallas, Texas 75231 (Attn: Liz Boydston and Alex Rahn) and 45 Rockefeller Plaza, Suite 2000, New York,

---

[2] To the extent that there is a conflict between the relief sought in this Motion and the individual orders approving the retention of each Professional (the "**Retention Orders**"), the applicable Retention Order shall govern.

New York 10111 (Attn: Max Schlan); (c) Mark A. Weisbart, as Subchapter V Trustee, 10501 N Central Expy, Suite 106, Dallas, TX 75231; (d) counsel to the official committee of unsecured creditors, if one is appointed; and (e) the Office of the United States Trustee, 110 N. College Ave., Suite 300, Tyler, TX 75702 (Attn: John M. Vardeman):

a. All Monthly Fee Applications shall comply with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and applicable orders of the Court.

b. Each Notice Party shall have fourteen (14) days after service of a Monthly Fee Application to object (the "**Objection Deadline**"). If no objections are raised prior to the expiration of the Objection Deadline, the Professional submitting the Monthly Fee Application shall file a certificate of no objection with the Court, after which the Debtors shall be authorized to pay such Professional an amount equal to 80% of the fees and 100% of the expenses requested in its Monthly Fee Application (the "**Maximum Interim Payment**"). If an objection is properly filed pursuant to subparagraph (c) below, the Debtors shall be authorized to pay the Professional 80% of the fees and 100% of the expenses not subject to an objection (the "**Actual Interim Payment**"). The first Monthly Fee Application submitted by each Professional shall cover the period from the Petition Date through and including May 31, 2024.

c. If any Notice Party objects to a Professional's Monthly Fee Application, the objecting Notice Party shall be required, on or before the expiration of the Objection Deadline, to file with the Court and serve on such Professional and each Notice Party a written objection so as to be received on or before the Objection Deadline. Any such objection shall identify with specificity the objectionable fees and/or expenses, including the amount of such objected to fees and/or expenses, and the basis for such objection. If the parties are unable to reach a resolution within fourteen (14) days after service of the objection, the affected Professional may either: (i) file a response to the objection with the Court or (ii) forego payment of fees subject to the objection until the next Interim Fee Application Request (as defined below) hearing or final fee application hearing.

d. Any Professional that fails to file a Monthly Fee Application for a particular month or months may subsequently submit a consolidated Monthly Fee Application including any prior month or months.

e. Beginning with the approximately three-month period from the Petition Date and ending on June 30, 2024, and at the end of each three-month period thereafter, each Professional shall file with the Court and serve on the Notice Parties a request (an "**Interim Fee Application Request**"), pursuant to Bankruptcy Code section 331, for interim Court approval and allowance of compensation for services rendered and reimbursement of expenses sought in the Monthly Fee Applications filed

during such period (the "**Interim Fee Period**"). The Interim Fee Application Request shall include a summary of the Monthly Fee Applications that are the subject of the request and any other information requested by the Court or required by the Local Rules. Each Interim Fee Application Request shall be filed with the Court and served on the Notice Parties by no later than thirty (30) days after the end of the applicable Interim Fee Period (the "**Interim Fee Application Deadline**"). The first Interim Fee Application Deadline shall be July 31, 2024 and the first Interim Fee Application Request shall cover the Interim Fee Period from the Petition Date through and including June 30, 2024. If a party in interest objects to a Professional's Interim Fee Application Request, the objecting party shall be required, on or before the expiration of the applicable objection deadline, to file with the Court and serve on such Professional and each Notice Party a written objection so as to be received on or before the objection deadline. Any such objection shall be required to identify with specificity the objectionable fees and/or expenses, including the amount of such objected to fees and/or expenses, and the basis for such objection.

f.  The Debtors request that the Court schedule a hearing on Interim Fee Application Requests at least once every three (3) months or at such other intervals as the Court deems appropriate. The Court, in its discretion, may approve an uncontested Interim Fee Application Request without the need for a hearing, upon the Professional's filing of a certificate of no objection. Upon allowance by the Court of a Professional's Interim Fee Application Request, the Debtors shall be authorized to promptly pay such Professional all fees (including the 20% holdback) and expenses set forth in the Interim Fee Application Request, to the extent such fees and expenses have not been previously paid.

g.  The pendency of an objection to payment of compensation or reimbursement of expenses shall not disqualify a Professional from the future payment of compensation or reimbursement of expenses pursuant to the Compensation Procedures.

h.  Neither (a) the payment of or the failure to pay, in whole or in part, monthly interim compensation and reimbursement of expenses under the Compensation Procedures, nor (b) the filing of or the failure to file an objection to any Monthly Fee Application or Interim Fee Application Request, shall bind any party in interest or the Court with respect to the allowance of interim or final applications for compensation for services rendered and reimbursement of expenses of Professionals. All fees and expenses paid to Professionals in accordance with the Compensation Procedures shall be subject to disgorgement until final allowance by the Court.

i.  Service of the Monthly Fee Applications, Interim Fee Application Requests, final fee applications, and notices of any hearing thereon (the "**Hearing Notices**") shall be as follows: (x) the Notice Parties will receive the Monthly Fee Applications, Interim Fee Application Requests, final fee applications, and Hearing Notices; and (y) the parties in interest requesting notice pursuant to Bankruptcy Rule 2002 shall

      receive only the Interim Fee Application Requests, final fee applications, and the Hearing Notices. Providing notice in this manner will permit the parties most active in these Cases to monitor the fees and expenses incurred by Professionals, while avoiding unnecessary duplication and mailing expenses.

    j.    The Committee, should one be appointed, is permitted to submit statements of expenses (excluding the fees and expenses of third-party counsel to the individual Committee members) and supporting vouchers to the Committee's counsel, which counsel shall collect and submit the Committee members' requests for reimbursement in accordance with the Compensation Procedures as if such Committee members were Professionals; provided, however, that the approval of the Compensation Procedures does not authorize payment of such expenses to the extent that such authorization does not exist under the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, or other applicable law.

14.    Based on the foregoing, the Debtors respectfully submit that the proposed Compensation Procedures would (a) enable the Debtors, the Court, and other parties in interest to closely monitor the costs of administering these Cases; and (b) reduce the financial burdens imposed on the Professionals.

## RELIEF REQUESTED

15.    The Debtors seek the entry of the order, substantially in the form attached as **Exhibit A** hereto, pursuant to Bankruptcy Code sections 105(a) and 331, Bankruptcy Rule 2016, and Local Rule 2016(a), establishing the proposed Compensation Procedures described herein for the allowance of interim compensation and the reimbursement of expenses of Professionals that may be retained by orders of this Court.

## BASIS FOR RELIEF

16.    Pursuant to Bankruptcy Code section 331, all Professionals are entitled to submit applications for interim compensation and reimbursement of expenses every 120 days, or more often if the Court permits. Specifically, section 331 provides, in relevant part, as follows:

> A trustee, an examiner, a debtor's attorney, or any professional person employed under section 327 or 1103 of this title may apply to the court not more than once every 120 days after an order for relief in a case under this

> title, or more often if the court permits, for such compensation for services rendered before the date of such an application or reimbursement for expenses incurred before such date as is provided under section 330 of this title. After notice and a hearing, the court may allow and disburse to such applicant such compensation or reimbursement.

11 U.S.C. § 331.

17. Congress' intent in enacting Bankruptcy Code section 331 is expressed unequivocally in the House and Senate Reports accompanying the enactment of the Bankruptcy Code, which provide as follows:

> The court may permit more frequent applications if the circumstances warrant, such as in very large cases where the legal work is extensive and merits more frequent payments. The court is authorized to allow and order disbursement to the applicant of compensation and reimbursement that is otherwise allowable under section 330.

H.R. Rep. No. 595, 95th Cong. 1st Sess. 330 (1977); S. Rep. No. 989, 95th Cong., 2d Sess. 4142 (1978).

18. Bankruptcy Code section 105(a) provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). As set forth below, courts have regularly entered orders, in accordance with section 105(a), establishing procedures providing for the interim compensation and expense reimbursement of professionals. Factors generally considered by the courts in determining whether such relief is warranted include "the size of [the] reorganization cases, the complexity of the issues involved, and the time required on the part of the attorneys for the debtor in providing services necessary to achieve a successful reorganization of the debtors." *In re Int'l Horizons, Inc.*, 10 B.R. 895, 897 (Bankr. N.D. Ga. 1981). In considering these factors, courts have determined that interim compensation procedures are appropriate to avoid having the professionals fund a Debtors' reorganization proceedings. *Id.*

19. Approval of the Compensation Procedures will permit the Court and all other parties to effectively monitor the fees and expenses incurred by the Professionals retained in the Chapter 11 Cases. The Debtors submit that the efficient administration of the Chapter 11 Cases will be significantly aided by establishing the proposed Compensation Procedures. Accordingly, the relief sought is in the best interests of the Debtors, their estates, and their creditors.

## NOTICE

20. Notice of this Motion shall be provided to: (a) the U.S. Trustee; (b) the holders of the thirty (30) largest unsecured claims against the Debtors on an aggregate basis; (c) any committee appointed in these Chapter 11 Cases, (d) Mark A. Weisbart, as Subchapter V Trustee and counsel thereto, (e) the Office of the United States Trustee; and (f) any party that has requested notice pursuant to Bankruptcy Rule 2002.

21. The Debtors submit that, under the circumstances, no other or further notice is required.

## NO PRIOR REQUEST

22. No previous request for the relief sought herein has been made to this Court or any other court.

WHEREFORE, the Debtors respectfully request that the Court enter the proposed order substantially in the form attached hereto as Exhibit A granting the relief requested in the Motion, and such other and further relief as may be just and proper.

Respectfully submitted by:

**GUTNICKI LLP**

/s/ Liz Boydston
Liz Boydston (SBN 24053684)
Alexandria Rahn (SBN 24110246)
10440 N. Central Expy., Suite 800
Dallas, Texas 75231
Telephone: (469) 935-6699
Facsimile: (469) 895-4413
lboydston@gutnicki.com
arahn@gutnicki.com

-and-

Max Schlan (Admitted *Pro Hac Vice*)
45 Rockefeller Plaza, Suite 2000
New York, New York 10111
Telephone: (646) 825-2330
mschlan@gutnicki.com

*Counsel to the Debtors and Debtors in Possession*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served via CM/ECF email upon all parties accepting said service, including (a) the U.S. Trustee; (b) the holders of the twenty (20) largest unsecured claims against the Debtors on an aggregate basis; (c) any committee appointed in these Cases, (d) Mark A. Weisbart, as Subchapter V Trustee and counsel thereto, (e) the Office of the United States Trustee; and (f) any party that has requested notice pursuant to Bankruptcy Rule 2002.

/s/*Liz Boydston*
Liz Boydston