**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | **CHAPTER 11** |
| | § | |
| **REMARKABLE HEALTHCARE OF** | § | **CASE NO. 24-40605** |
| **CARROLLTON LP, ET AL.,**[1] | § | |
| | § | **(Jointly Administered)** |
| | § | |
| **DEBTORS.** | § | |

**DEBTORS' MOTION TO EXTEND DEBTORS'**
**DEADLINE TO FILE PLAN UNDER SUBCHAPTER V**

**YOUR RIGHTS MAY BE AFFECTED BY THE RELIEF SOUGHT IN THIS PLEADING. YOU SHOULD READ THIS PLEADING CAREFULLY AND DISCUSS IT WITH YOUR ATTORNEY, IF YOU HAVE ONE IN THIS BANKRUPTCY CASE. IF YOU OPPOSE THE RELIEF SOUGHT BY THIS PLEADING, YOU MUST FILE A WRITTEN OBJECTION, EXPLAINING THE FACTUAL AND/OR LEGAL BASIS FOR OPPOSING THE RELIEF.**

**NO HEARING WILL BE CONDUCTED ON THIS MOTION/ OBJECTION/ APPLICATION UNLESS A WRITTEN OBJECTION IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AND SERVED UPON THE PARTY FILING THIS PLEADING *WITHIN TWENTY-ONE (21) DAYS FROM THE DATE OF SERVICE* SHOWN IN THE CERTIFICATE OF SERVICE UNLESS THE COURT SHORTENS OR EXTENDS THE TIME FOR FILING SUCH OBJECTION. IF NO OBJECTION IS TIMELY SERVED AND FILED, THIS PLEADING SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT. IF AN OBJECTION IS FILED AND SERVED IN A TIMELY MANNER, THE COURT WILL THEREAFTER SET A HEARING WITH APPROPRIATE NOTICE. IF YOU FAIL TO APPEAR AT THE HEARING, YOUR OBJECTION MAY BE STRICKEN. THE COURT RESERVES THE RIGHT TO SET A HEARING ON ANY MATTER.**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Remarkable Healthcare of Carrollton, LP (5960), Remarkable Healthcare of Dallas, LP (3418), Remarkable Healthcare of Fort Worth (1692), Remarkable Healthcare of Seguin, LP (4566), and Remarkable Healthcare, LLC (5142).

The above-captioned debtors and debtors in possession (the "**Debtors**") hereby move (the "**Motion**") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), under section 1189(b) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 9006(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), extending the deadline for Debtors to file their Small Business Chapter 11 Plan pursuant to 1189(b). In support of the Motion, the Debtors, by and through their proposed undersigned counsel, respectfully represent:

## JURISDICTION AND VENUE

1.      The Court has jurisdiction over this case pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors confirm their consent to the entry of a final order or judgment by the Court in connection with this Motion if it is determined that the Court, absent the parties' consent, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory and other predicates for the relief requested herein are Bankruptcy Code Sections 105(a), 1189(b) and Federal Bankruptcy Rule 9006(b)(1).

## BACKGROUND

4.      On March 20, 2024 (the "**Petition Date**"), each of the Debtors filed a voluntary petition in this Court commencing a case for relief under Subchapter V of Chapter 11 of the Bankruptcy Code (the "**Cases**").

5.      The Debtors continue to operate their businesses and manage their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108.

2

6.      On March 26, 2024, Mark Weisbart was appointed Subchapter V Trustee.

7.      As of the date hereof, the deadline for the Debtors to file their Subchapter V plan is June 18, 2024.

## RELIEF REQUESTED AND PRELIMINARY STATEMENT

8.      By the Motion, the Debtors seek an extension of time to file their Plan for 60 days due to circumstances that the Debtors should not justly be held accountable for because they were not foreseeable upon the filing these Cases, or because it had appeared they would be resolved with plenty of time before the required date to file a Subchapter V plan. Although the Debtors have been able to move toward reorganization, the Debtors have been confronted with twists and turns from their Landlords, who as of the date of the filing of this Motion *still have not sent a turn of the May 12th Management Transfer Agreements*. Despite this fact and the fact that the CHOW Hold has not been released, Landlords object to the relief requested herein. Alleon is not opposed.

## FACTS NECESSITATING THE EXTENSION

9.      As this Court is aware, the Debtors, their Lender, their Landlords, and HHSC were ordered by this Court to meet in person on April 25, 2024 to attempt to resolve the transition, if any, of the Debtors' operations at the Fort Worth, Carrollton, and Dallas Facilities.

10.     Despite concluding the April 25, 2024 in-person meeting with an agreement and announcing such agreement in court on April 26, 2024, such agreement fell through on May 6, 2024 at no fault of the Debtors.

11.     On May 9, 2024, the Landlords announced in court that they would be taking over operations of the Debtors' Carrollton and Dallas Facilities effective May 13, 2024.

3

12.     The Court ordered the parties to work "24 hours a day if necessary" to ensure the transition of the Debtors' Carrollton and Dallas Facilities to the Landlords' newly-created operating entities by 12:01 a.m. on May 13, 2024.

13.     The Debtors timely transitioned the operations of the literal Carrollton and Dallas Facilities to the Landlords' newly-created operating entities; however, as of the date of the filing of this Motion, the new operators *still have not returned* comments to the Management Transfer Agreements to the Debtors.

14.     Further, the new operators have not entered into agreements regarding liability for the operations of the Carrollton and Dallas Facilities.

15.     Additionally, the parties only recently able to agree on go-forward budgets for the non-operating Debtors and the operating Debtors, and only recently agreed to an *Interim Cash Collateral Order*.

16.     Moreover, on Friday, May 31, 2024, the parties announced they were *close* to an agreement on certain DIP documents; however, the Landlord reserved their rights to seek a *third* final hearing on the DIP should the parties not come to an agreement on the form of order.

17.     Additionally, on Friday, May 31, 2024, the Debtors and Alleon were able to come to an agreement on the process for cash collateral and reporting.

18.     Finally, despite the CHOW process being finalized in early May for the Debtors' Seguin Facility, the CHOW Hold has not been released, and thus, the Debtors' Medicaid payments for March 1, 2024, through the present *still* have not been released to the Debtors. Without a full understanding of the funds that will be deposited into the Debtors' accounts after the CHOW Hold concludes, the Debtors are unable at this time to propose a plan or negotiate with their creditors.

4

19.     Accordingly, the Debtors request that the Court enter the Proposed Order pursuant to Bankruptcy Code section 1189(b) and Bankruptcy Rule 9006(b)(1), granting an extension of sixty (60) days to the deadline to file a plan; thus, moving the current deadline of June 18, 2024 to **August 19, 2024**.[2]

20.     The Debtors' Lender, Alleon Capital, does not object to this the 60-day extension.

## ARGUMENT

21.     Pursuant to sections 1189(a) and (b), the plan in a Subchapter V case must be filed within ninety (90) days of the entry of the order for relief, except that the court may extend the 90-day period under circumstances, to wit, if a debtor demonstrates that the need for the extension is attributable to circumstances for which the debtor should not justly be held accountable. *See* 11 U.S.C. § 1189(b). Thus, in determining whether to grant the extension, this Court should consider whether the need for an extension is attributable to circumstances for which the Debtors are not fairly responsible or whether the Debtors can clearly demonstrate that the inability to file a plan was due to circumstances beyond their control. *In re Baker*, 625 B.R. 27, 35 (Bankr. S.D. Tex. 2020); *see also In re Pearl Res. LLC*, Nos. 20-31585, 20-31586, 2020 Bankr. LEXIS 2683, at *3 (Bankr. S.D. Tex. Sep. 30, 2020) (noting in the procedural history that the deadline for filing a plan had been extended after an emergency motion and a hearing on shortened notice); *In re Trepetin*, 617 B.R. 841 (Bankr. D. Md. 2020) (allowing chapter 7 debtor to convert to a case under Subchapter V and extending Subchapter V deadlines due to circumstances beyond the debtor's control); *In re Ventura*, 615 B.R. 1, 15 (Bankr. E.D.N.Y. 2020) (finding it appropriate to extend

---

[2] Sixty days is actually August 17, 2024, which is a Saturday, and the next business day is Monday, August 19, 2024.

deadlines a debtor cannot meet); *In re Bonert*, No. 2:19-bk-20836-ER Chapter: 11, 2020 Bankr. LEXIS 1783, at *20 (Bankr. C.D. Cal. June 3, 2020) (same citing *Ventura*).

22.     The Court has discretion to extend the deadline. *In re Twin Pines, LLC*, No. 19-10295-j11, 2020 Bankr. LEXIS 1217, at *7–11 (Bankr. D.N.M. Apr. 30, 2020) (finding that the court has discretion whether to extend the deadlines imposed by Subchapter V).

23.     The Debtors estimate that an extension of sixty (60) days is needed for them to propose a feasible plan. As previously noted, — and most importantly, despite the CHOW process being finalized in early May for the Debtors' Seguin Facility, — the CHOW Hold has not been released, and thus the Debtors' Medicaid payments for March 1, 2024 through the present *still* have not been released to the Debtors. Additionally, the CHOW process for the Dallas and Carrollton Facilities are nearly concluded, which should result in the CHOW Holds for those Facilities' payments to be released within the next 30-45 days. Without a full understanding of the funds that will be deposited into the Debtors' accounts after the CHOW Hold concludes, the Debtors are unable at this time to propose a plan or negotiate with their creditors.

24.     Indeed, until the CHOW Holds are released, and the parties are presented with the full financial picture, the Debtors and their major creditors will be unable to negotiate. Accordingly, extending the deadline for the Debtors to file a Subchapter V plan is consistent with the proper exercise of the Court's discretion. *See Twin Pines*, 2020 Bankr. LEXIS 1217, at *7–11.

25.     Based upon the issues that the Debtors have reasonably addressed and should not justly be held accountable, it makes sense to approve the extension to allow the Debtors the appropriate time to file a well-developed Plan that will ultimately be successful. It would be

extremely prejudicial to the Debtors and the creditors of their estates, to not extend the deadline as requested herein.

26.     The Debtors have made no prior request for the relief sought herein to this Court.

## **CONCLUSION**

WHEREFORE, based on the arguments and authorities set forth above, the Debtors respectfully request that the Court enter an order: (i) extending the deadline for filing their plan to **August 19, 2024**; and (ii) granting such other and further relief as the Court deems to be just and proper.

Dated: June 3, 2024

Respectfully submitted by:

**GUTNICKI LLP**

*/s/ Liz Boydston*
Liz Boydston (SBN 24053684)
Alexandria Rahn (SBN 24110246)
10440 N. Central Expy., Suite 800
Dallas, Texas 75231
Telephone: (469) 935-6699
Facsimile: (469) 895-4413
lboydston@gutnicki.com
arahn@gutnicki.com

*Counsel to the Debtors and Debtors in Possession*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on June 3, 2024, a true and correct copy of the foregoing document was served on all counsel of record via the Court's ecf system upon all parties consenting to such service.

/s/*Liz Boydston*
Liz Boydston