## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **REMARKABLE HEALTHCARE OF** | § | |
| **CARROLLTON LP, ET AL.** | § | **Case No. 24-40605** |
| | § | |
| | § | **Chapter 11** |
| Debtor. | § | |
| | § | **Jointly Administered** |
| | § | |

### UNITED STATES' MOTION FOR RELIEF FROM
### THE AUTOMATIC STAY TO SET OFF MUTUAL DEBTS

**YOUR RIGHTS MAY BE AFFECTED BY THE RELIEF SOUGHT IN THIS PLEADING. YOU SHOULD READ THIS PLEADING CAREFULLY AND DISCUSS IT WITH YOUR ATTORNEY, IF YOU HAVE ONE IN THIS BANKRUPTCY CASE. IF YOU OPPOSE THE RELIEF SOUGHT BY THIS PLEADING, YOU MUST FILE A WRITTEN OBJECTION, EXPLAINING THE FACTUAL AND/OR LEGAL BASIS FOR OPPOSING THE RELIEF.**

**NO HEARING WILL BE CONDUCTED ON THIS MOTION UNLESS A WRITTEN OBJECTION IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AND SERVED UPON THE PARTY FILING THIS PLEADING WITHIN FOURTEEN (14) DAYS FROM THE DATE OF SERVICE SHOWN IN THE CERTIFICATE OF SERVICE UNLESS THE COURT SHORTENS OR EXTENDS THE TIME FOR FILING SUCH OBJECTION. IF NO OBJECTION IS TIMELY SERVED AND FILED, THIS PLEADING SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT. IF AN OBJECTION IS FILED AND SERVED IN A TIMELY MANNER, THE COURT WILL THEREAFTER SET A HEARING WITH APPROPRIATE NOTICE. IF YOU FAIL TO APPEAR AT THE HEARING, YOUR OBJECTION MAY BE STRICKEN. THE COURT RESERVES THE RIGHT TO SET A HEARING ON ANY MATTER.**

TO THE HONORABLE BRENDA T. RHOADES, CHIEF UNITED STATES BANKRUPTCY JUDGE:

The United States of America (the "United States"), on behalf of the

Department of Health and Human Services ("HHS"), acting through its designated

component, the Centers for Medicare & Medicaid Services ("CMS"), respectfully moves the Court to grant relief from the automatic stay so that CMS may set off pre-petition monies it owes to debtor Remarkable Healthcare of Fort Worth, LP ("Remarkable Fort Worth") against pre-petition civil money penalties ("CMPs") that Remarkable Fort Worth owes to CMS.  In support of this motion, the United States shows as follows:

## **INTRODUCTION**

Prior to filing this bankruptcy case, Remarkable Fort Worth participated in the Medicare program as a Medicare provider. Effective April 18, 2024, CMS terminated Remarkable Fort Worth's Medicare provider agreement due to its history of noncompliance with Medicare program participation requirements. However, Remarkable Fort Worth also incurred substantial CMPs resulting from its noncompliance history prior to the termination of its provider agreement.

After termination of the provider agreement, Medicare patients were relocated to other long term care facilities and  Remarkable Fort Worth ceased operations. It is currently is in the process of transferring operational responsibility for the facility to a new management company.

On May 10, 2024, CMS imposed an administrative "*Strumpf* freeze" against the outstanding payments for pre-petition services. In this motion, CMS requests that the Court allow it to exercise its statutory setoff right, 11 U.S.C. § 553(a), by offseting the CMPs it is owed by Debtor against the administratively frozen reimbursements, and requests relief from the automatic stay for cause under Section 362(d) of the Bankruptcy Code.

2

## JURISDICTION AND VENUE

This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this District, pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding under 28 U.S.C. §§ 157(b)(2)(B), (b)(2)(G).

## ARGUMENT

The Bankruptcy Code recognizes and preserves non-bankruptcy setoff rights. *Citizens Bank of Md. v. Strumpf*, 516 U.S. 16, 18 (1995). Section 553(a) provides that the filing of a bankruptcy case "does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case . . . ." 11 U.S.C. § 553(a). Accordingly, a creditor's right to offset mutual debts is unaffected in bankruptcy so long as both debts arose before the commencement of the bankruptcy case. "Setoff, in effect, elevates an unsecured claim to secured status, to the extent that the debtor has a mutual, prepetition claim against the creditor." *Lee v. Schweiker*, 739 F.2d 870, 875 (3d Cir. 1984).

In this case, the automatic stay should be lifted to permit the United States to offset Remarkable Fort Worth's outstanding CMPs against the currently frozen Medicare payments. Pursuant to Section 362(d) of the Bankruptcy Code, the automatic stay can be lifted for "cause." 11 U.S.C. § 362(d). Cause to grant relief from a stay—allowing a creditor exercise a setoff—exists when the creditor establishes the elements required for a setoff:  1) the debtor and creditor must have prepetition claims against each other, 2) the obligations are mutual, and 3) the creditor would have the right to offset its claim under nonbankruptcy law. *Ogle v. United States Dep't of Agric. (In re Ogle)*, 2011 WL 666359,

*5 (Bankr. D.S.D. February 14, 2011) (citing *United States v. Krause (In re Krause)*, 261 B.R. 218, 223 (B.A.P. 8th Cir. 2001)).

    A.   *The United States has Statutory and Common Law Setoff Rights Against the Frozen Medicare Payments.*

The Medicare Act recognizes a right to collect Medicare overpayments through setoff.  *See* 42 U.S.C. §§ 1395g(a) (providing for "appropriate" payments to providers subject to "necessary adjustments on account of previously made overpayments or underpayments"), 1395l(j) (acknowledging "offset" as means for remedying "payment . . . to a provider . . . in excess of . . .  the amount . . . due "); 11 U.S.C. § 553(a) (filing of bankruptcy case "does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case"); *see In re Metropolitan Hosp.*, 110 B.R. 731, 741 (Bankr. E.D. Pa. 1990) (noting statutory right of setoff under Medicare), *aff'd* 131 B.R. 283 (E.D. Pa. 1991).  A Medicare implementing regulation specifies that "Medicare payments to providers . . . may be . . . (3) Offset or recouped, in whole or in part, by a Medicare contractor if the Medicare contractor or CMS has determined that the provider or supplier to whom payments are to be made has been overpaid." 42 C.F.R. §§ 405.371(a). Medicare implementing regulations regarding survey, certification, and enforcement procedures further states that "[t]he amount of the penalty, when determined, may be deducted from any sum then or later owing by CMS or the State to the facility." 42 C.F.R. § 488.442(c). More generally, federal agency heads "may collect" the claims of their agencies "by administrative offset."  31 U.S.C. § 3716(a).

The United States also has a common law setoff right that exists independent of any statutory setoff right. *See In re Chateaugay*, 94 F.3d 772, 778-79 (2d Cir. 1996) (noting government's common law right to setoff); *United States v. Tafoya*, 803 F.2d 140, 141 (5th Cir. 1986); *In re Nuclear Imaging Systems*, 260 B.R. 724, 733-34 (Bankr. E.D. Pa. 2000).

### B. The Frozen Payments and the CMPs are Mutual Pre-petition Obligations.

The setoff in this case involves debts incurred prior to the Petition Date. Although Remarkable Fort Worth also owes CMPs that arose post-petition, CMS only seeks setoff of the pre-petition CMPs incurred by the facility. Remarkable Fort Worth owes the United States for CMPs incurred prior to the petition date, aggregating approximately $1,169,330. Currently, for claims that Remarkable Fort Worth submitted regarding services rendered prior to the petition date, CMS is holding $ 20,981.01 in the Medicare Trust Fund. However, this amount may increase given the nature of Medicare reimbursement claims occurring on a constant basis.

The Medicare CMP obligations the Debtor owes to CMS all arose prepetition. Claims "arise" for bankruptcy purposes when all transactions or acts necessary for liability occur. *Ogle v. Fid. & Deposit Co*., 586 F.3d 143, 146 (2d Cir. 2009) (citing *Olin Corp. v. Riverwood Int'l (In re Manville Forest Prods*.), 209 F.3d 125, 129 (2d Cir. 2000)); *Braniff Airways, Inc. v. Exxon Co.* 814 F.2d 1030, 1036 (5th Cir. 1987); *see also Matter of United Sciences of America, Inc.,* 893 F.2d 720, 724 (5th Cir. 1990) (claim deemed to arise prepetition if right to payment arises prepetition); s*ee also In re Metropolitan Hosp.*, 110 B.R. at 737 (holding payments on claims for prepetition services constitute prepetition debts of the Secretary to the debtor; consequently, prepetition Medicare underpayment determined post-petition could be set off against prepetition overpayment).

The obligations between the United States and Remarkable Fort Worth are mutual obligations. Obligations between the debtor and creditor are mutual when both obligations are held by the same parties, in the same right or capacity. *See In re Bevill*, 896 F.2d 54, 59 (3d. Cir. 1990); *see also Modern Settings, Inc. v. Prudential-Bache Sec, Inc.,* 936 F.2d 640, 648 (2d Cir. 1991). "The creditor's debt must be owed to the estate of the debtor and the estate's debt must be owed to the creditor." *In re IML Freight*, 65 B.R. 788, 793 (Bankr. D. Utah 1986); In this case, CMS pays Remarkable Fort Worth for services provided to Medicare beneficiaries, and Remarkable Fort Worth owes CMS as a Medicare provider for failure to comply with Medicare's program participation requirements. In these circumstances, obligations are mutual. *See Cherry Cotton Mills v. United States,* 327 U.S. 536, 539 (1946).

## **CONCLUSION**

For the above reasons, this Court should grant CMS relief from the automatic stay to offset the funds held by CMS in an administrative freeze against the roughly $1,169,330 in CMPs that Remarkable Fort Worth owes CMS.

Dated: June 20, 2024

Respectfully Submitted,

DAMIEN M. DIGGS
UNITED STATESATTORNEY

*/s/ Whitney Tharpe*
WHITNEY THARPE
Texas Bar #24064914
Assistant United States
Attorney 110 N. College
Street; Suite 700
Tyler, Texas 75702

6

Telephone: (903) 590-1400
Facsimile: (903) 590-1436
Whitney.Tharpe@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on June 20, 2024, a true and correct copy of the above and

foregoing document shall be served via electronic means, if available, otherwise by

regular, first class mail to:

Debtor
Remarkable Healthcare of Carrollton, LP 501 Plano Parkway
Carrollton, TX 75010

Attorneys for Debtor
Elizabeth Nicolle Boydston
Alexandria Rahn
Gutnicki LLP
10440 North Central Expressway, Suite 800
Dallas, TX 75231

Trustee
Mark A. Weisbart
Subchapter V Trustee
10501 N. Central Expy., Suite 106
Dallas, TX 75231

U.S. Trustee
Office of the U.S. Trustee
110 N. College Ave., Suite 300
Tyler, TX 75702

*/s/ Whitney Tharpe*
Whitney Tharpe
Assistant United States Attorney