UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| IN RE: | § | |
|---|---|---|
| Remarkable Healthcare of | § | Case No. 24-40605 |
| Carrollton, LP. *et al.* | § | (Jointly Administered) |
| | § | |
| Debtor(s). | § | |

**OBJECTION TO DEBTORS' MOTION TO EXTEND DEBTORS' DEADLINE TO FILE PLAN UNDER SUBCHAPTER V (RE: DOCKET NO. 136)**

**TO THE HONORABLE BRENDA T. RHOADES, U.S. BANKRUPTCY JUDGE:**

KILGORE PROPERTY MANAGEMENT LLC, KRS CARROLLTON, LLC, KRS DALLAS, LLC, KRS FORT WORTH, LLC, and KRS SEGUIN, LLC (collectively, "KRS"), file this objection to the Debtors' above-captioned request to extend the Code §1189(b) deadline, and in support thereof would show to the Court the following.

1. The Debtors are not capable of confirming a Chapter 11 plan. The Court is well aware of most, if not all, of the problems afflicting these Debtors.

2. Absent the agreement of the KRS parties and Alleon, the three Debtors which no longer operate will not be able to pay administrative expense claims, and thus will not be able to confirm a plan.

3. It is impossible for Seguin to cure all of the defaults that must be cured in order to assume the Seguin lease, as to the monetary default facing Seguin and especially when taking into consideration the cross-defaults with the other three formerly operating properties.

4. The principals of the Debtors are insolvent and have been sued on the lease guaranties. As such, the principals face regulatory difficulty in maintaining a license and/or the ability to operate the facility.

5. The still unanswered question is whether these debtors qualify for Subchapter V status with the debt limits in place. It appears very unlikely that the total debts as of the petition date were less than $7.5 million among the Debtors.

6. All of the factors contributing to the inability to file a plan are systemic to these Debtors and to these cases, and are not beyond the control of the Debtors within the meaning of Code §1189(b).

7. On information and/or belief, the collections of the receivables will be substantially less than hoped by all of the parties, thus reducing the chance of paying the payroll loan obligations to KRS and the claims of Alleon, for starters.

8. The Debtors present no math to demonstrate any possibility of feasibility for the one Debtor supposedly capable of reorganization (Seguin), including exactly how much money is expected to release to Seguin, nor how much the Debtor intends to use those funds.

9. No evidence exists of negotiations with Alleon or KRS as to a plan. As the Court recently heard, the Debtors remain fixated on non-existent lease amendments and imaginary hard-money exit financing.

10. Other factors exist which KRS will present at the hearing.

11. KRS reserves the right to amend and/or supplement this pleading.

WHEREFORE, KRS Fort Worth LLC et al. respectfully requests that the Court deny the Code §1189(b) extension. Landlords respectfully request such other and further relief to which they are entitled at law or in equity.

Dated:  June 24, 2024 Respectfully submitted:

**WEYCER, KAPLAN, PULASKI & ZUBER, P.C.**

By: */s/ Jeff Carruth*
   JEFF CARRUTH (TX SBN: 24001846)
   2608 Hibernia, Suite 105
   Dallas, Texas 75204-2514
   Telephone: (713) 341-1158
   Fax: (713) 961-5341
   E-mail:  jcarruth@wkpz.com

**ATTORNEYS FOR:**

**KILGORE PROPERTY MANAGEMENT LLC
KRS CARROLLTON, LLC
KRS DALLAS, LLC
KRS FORT WORTH, LLC
KRS SEGUIN, LLC**

## CERTIFICATE OF SERVICE

On June 24, 2024, I hereby certify that a true and correct copy of the foregoing Notice of Appearance was served upon all registered ECF users who have appeared in this case to date through the ECF noticing system.

*/s/ Jeff Carruth*
JEFF CARRUTH