UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| REMARKABLE HEALTHCARE OF | § | Case No. 24-40605 |
| CARROLLTON, LP *et al.* | § | |
| | § | |
| Debtor(s). | § | |

## MOTION OF KRS SEGUIN LLC TO COMPEL DISCOVERY REGARDING MOTION TO LIFT STAY

---

**LBR 4001(a) NOTICE**

**Your rights may be affected by the relief sought in this pleading. You should read this pleading carefully and discuss it with your attorney, if you have one in this bankruptcy case. If you oppose the relief sought by this pleading, you must file a written objection, explaining the factual and/or legal basis for opposing the relief.**

**No hearing will be conducted on this Motion unless a written objection is filed with the Clerk of the United States Bankruptcy Court and served upon the party filing this pleading WITHIN 21 DAYS FROM THE DATE OF SERVICE[1] shown in the certificate of service unless the Court shortens or extends the time for filing such objection. If no objection is timely served and filed, this pleading shall be deemed to be unopposed, and the Court may enter an order granting the relief sought. If an objection is filed and served in a timely manner, the Court will thereafter set a hearing with appropriate notice. If you fail to appear at the hearing, your objection may be stricken. The Court reserves the right to set a hearing on any matter.**

---

**TO THE HONORABLE BRENDA T. RHOADES, U.S. BANKRUPTCY JUDGE:**

KRS Seguin, LLC, creditor, landlord, and party in interest ("KRS Seguin" or "KRS"), files

this *Motion of KRS Seguin LLC to Compel Discovery Regarding Motion to Lift Stay* (the "Motion")

and in support thereof would show to the Court the following.

---

[1] KRS Seguin is filing concurrently with this motion a motion for emergency hearing seeking a hearing on July 18, 2024.

**EMERGENCY HEARING REQUESTED**

1.      KRS is filing concurrently with this motion a motion for an emergency hearing to be conducted by telephone on **July 18, 2024** if possible.

2.      Counsel for the Debtors indicates that counsel is available on July 18, 2024 for a telephone hearing.

**FACTUAL BACKGROUND AND BASIS OF RELIEF**

3.      On July 9, 2024, the Court directed the parties to cooperate regarding discovery relating to the July 22, 2024 lift stay hearing.

4.      On July 12, 2024 KRS sent a limited, targeted set of document requests to the Debtors. *See* **Exhibit K048**.

5.      On July 14, 2024, the Debtors served discovery to KRS.  See **Exhibit K049**.

6.      The discovery of the Debtors to KRS was not narrow and targeted like the discovery of KRS, and obviously was retaliatory in nature.

7.      Needless to say, KRS objects to the discovery of the Debtors as overbroad, not relevant, unduly burdensome, and designed only to harass KRS and increase lease expenses.

8.      On July 15, 2024, the parties conferred regarding the discovery, the results of the conference are attached.  KRS agreed to scale down some of the requests to try and achieve resolution.  See **Exhibit K050**.

9.      As shown in the Exhibit K050, a number of disputes remain, and the exhibit shows the status of the disputes.

10.      With respect to Item No. 1, the bank statements, the Debtor indicated that the bank statements were not necessary because the Debtor had amended the March 2024 MORs to include the bank statements and not just activity print outs.  ***Conveniently, the Debtors appear to NOT have amended to include Seguin and the actual bank statements for March 22-April 30.***

| | | |
|---|---|---|
| 06/24/2024 | 164 (9 pgs) | Amended Chapter 11 Monthly Operating Report for the Month Ending: 04/30/2024 Filed by Remarkable Healthcare of Carrollton, LP (Rahn, Alexandria) (Entered: 06/24/2024) |
| 06/24/2024 | 165 (9 pgs) | Amended Chapter 11 Monthly Operating Report for the Month Ending: 04/30/2024 Filed by Remarkable Healthcare of Dallas, LP (Rahn, Alexandria) (Entered: 06/24/2024) |
| 06/24/2024 | 166 (9 pgs) | Amended Chapter 11 Monthly Operating Report for the Month Ending: 04/30/2024 Filed by Remarkable Healthcare of Fort Worth, LP (Rahn, Alexandria) (Entered: 06/24/2024) |

11.     The Debtors should be compelled, at minimum, to produce on July 19, 2024 at latest, the following:  all of #1, all of #2, all of #3, blast messages under #4, blast messages under #5, all of #7, #10 for post-petition, #11 for post-petition, #15 for any running total of the Debtors.

## CONCLUSION AND PRAYER

WHEREFORE, KRS Seguin, LLC, creditor, and party in interest, respectfully requests that the Court set an emergency hearing and compel production from the Debtors shown in Exhibit K050.  Creditor respectfully requests such other and further relief to which Creditor is entitled at law or in equity.

Dated:  July 17, 2024

Respectfully submitted:

WEYCER, KAPLAN, PULASKI & ZUBER, P.C.
By:    */s/ Jeff Carruth*
   JEFF CARRUTH (TX SBN:. 24001846)
   3030 Matlock Rd., Suite 201
   Arlington, Texas 76105
   Telephone: (713) 341-1158
   E-mail:  jcarruth@wkpz.com

ATTORNEYS FOR
KRS CARROLLTON LLC, KRS DALLAS LLC,
KRS SEGUIN, LLC, KRS FORT WORTH LLC,
AND KILGORE PROPERTY MANAGEMENT LLC

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the foregoing was served on July 17, 2024 by electronic notice to all registered ECF users in this case.

*/s/ Jeff Carruth*
JEFF CARRUTH

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| REMARKABLE   HEALTHCARE   OF | § | Case No. 24-40605 |
| CARROLLTON, LP *et al.* | § | |
| | § | |
| Debtor(s). | § | |

**ORDER GRANTING MOTION OF KRS SEGUIN LLC TO COMPEL
DISCOVERY REGARDING MOTION TO LIFT STAY (RE: DOCKET NO.
231)**

On July 18, 2024, the Court conducted an emergency hearing regarding the above-

captioned motion. As set forth on the record, the Court is of the opinion that the following Orders

should be entered.

**IT IS THEREFORE ORDERED THAT:**

1.  The Motion is granted as set forth herein.

2.  The Debtors shall produce by **11:59 p.m. on July 19, 2024** all of the discovery
    sought by the KRS Seguin LLC in Exhibit K048, as modified below:

    all of #1, all of #2, all of #3, blast messages under #4, blast messages under #5, all
    of #7, #10 for post-petition, #11 for post-petition, #15 for any running total of the
    Debtors.

Dated: _____

_____
THE HONORABLE BRENDA T. RHOADES
UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT K048**

| | |
|---|---|
| **From:** | Jeff Carruth |
| **To:** | lboydston@gutnicki.com; Max Schlan; Alexandria Rahn |
| **Cc:** | Jeff Carruth |
| **Subject:** | Remarkable - KRS document request re July 22 hearings |
| **Date:** | Friday, July 12, 2024 4:54:00 PM |

Counsel:

In connection with matters set for hearing for July 22, 2024, and the instructions of the Court to cooperate as to discovery, here is the first document request list from the KRS landlords.

I would like to get these documents by no later than **6:00 p.m. CDT Thursday, July 18, 2024**.

Please let me know if you would like to discuss in order to simply the process.  My cell is 214-552-7242.

Thank you.

**DOCUMENT REQUEST LIST**

1.      All bank statements for each month of 2024 to date (January, 2024 through and including June, 2024) for each of the five Debtors.

2.      The bank transaction detail maintained in Excel or other spreadsheet format by the Debtors and/or John McPike for each bank account of the Debtors, including the "Column H" additional detail, as to each bank account and each Debtor for January 1, 2024 through and including the present.

3.      The payroll documents and information for each Seguin payroll for each post-petition payroll, that indicate and include the following information. *KRS will keep confidential all payroll information.*

| Payroll Date | Employer | Facility | Employee Name | Position | Rate | Gross Pay | Net Pay |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

4.      The emails and/or text messages transmitted by John McPike and/or Laurie Beth McPike to any employees of any of the Debtors on or after January 1, 2024 relating to W2 tax forms.

5.      The emails and/or text messages transmitted by John McPike and/or Laurie Beth McPike to any employees of any of the Debtors on or after January 1, 2024 relating to the ability of any Debtor to make payroll and/or the timing of payroll.

6.      Any documents evidencing the instances when John McPike and/or Laurie Beth McPike physically traveled to and/or entered the Seguin facility on or after January 1, 2024 through and including the present.

7.      Any documents evidencing any payments on the lease cure note from the Debtors to Mustang NH, LLC, GMP Dallas NH, LLC, WAG Development, Ltd., and Guadalupe NH Development, Ltd., from the confirmed plan in the 2018 bankruptcy case.

8.      Any loan documents between any of the Debtors and West Wharton Hospital District ("WWHD").

9.      The documents that evidence any funding provided by WWHD to any of the Debtors and the current balances due from any of the Debtors to WWHD.

10.    The current accounts-payable detail report for each of the five Debtors.

11.    The documents evidencing each outstanding and/or unpaid post-petition obligation of each of the Debtors, including, for example, the invoices and/or statements from each creditor.

12.    Any personal financial statement of John McPike and/or Laurie Beth McPike issued to any creditor or potential lender on or after January 1, 2023.

13.    Any document presented to any of the Debtors, John McPike, and/or Laurie Beth McPike, from any person offering or proposing to provide a loan to any of the Debtors, including but not limited to any letters of intent or similar documents from any distressed lender, hard money lender, or similar lender.

14.    Copies of the diligence, deliverables, reports, and/or other document provided by any of the Debtors to any proposed or potential lender to any of the Debtors on or after Jan. 1, 2023.

15.    Any notices of any CMPs and/or other fines or penalties assessed by any governmental unit against any of the Debtors, received by the Debtors on or after January 1, 2023.

16.    The documents evidencing any regulatory surveys of the Seguin facility conducted on or after January 1, 2023.



DALLAS • HOUSTON • AMARILLO
D. (713) 341-1158
M. (214) 552-7242
F. (866) 666-5322

jcarruth@wkpz.com
www.wkpz.com

This communication and any attachments to it are confidential and intended solely for the use of the person to whom they are addressed. If you have received this e-mail in error, please notify us by telephone immediately at (713) 961-9045, and you are notified that any disclosure, distribution, or the taking of any action in reliance on the contents of this information is prohibited. Nothing in this message may be construed as a digital or electronic signature of any employee of Weycer, Kaplan, Pulaski & Zuber, P.C. ("WKPZ"). WKPZ automatically blocks e-mails containing objectionable language or suspicious content. Messages sent to WKPZ should be considered received only if confirmed by a return receipt. The IRS does not allow the use of informal tax advice, such as this communication, to avoid tax penalties. WKPZ expressly reserves and maintains any attorney-client privilege or work-product protections in this communication.

**EXHIBIT K049**

| | |
|---|---|
| **From:** | Max Schlan |
| **To:** | Jeff Carruth; Liz Boydston; Alexandria Rahn |
| **Subject:** | RE: Remarkable - KRS document request re July 22 hearings |
| **Date:** | Monday, July 15, 2024 4:31:35 PM |
| **Attachments:** | RH - First Document Request to Landlords.pdf |

Jeff,

To the extent you seek to have the Debtors produce the requested documents and communications by July 18, the Debtors object to these requests as irrelevant and unduly burdensome. Moreover, not even including the time to collect the requested documents, a privilege review alone will take more than the requested time.

It is curious your client was adamant to move forward immediately with Alleon's motion as well as your plethora of motions, including two on less than 24 hours' notice, yet now you require this abundance of discovery. From the Debtors' point of view, almost the entirety of your requests is simply irrelevant. For example, you make several requests related to payroll. Not a single motion on for Monday is related to payroll other than your improper DIP motions on which historical payroll information is not required.

That said, the Debtors intend to work diligently on satisfying your requests. Based on the requests, the Debtors estimate a collection period of approximately three to four weeks. That does not include privilege review. We would like to have a meet and confer to discuss the timeline as well as the need to continue the hearings scheduled for Monday to complete the discovery. We are available to meet and confer tomorrow, July 16, 2024 in the morning or all day on Wednesday, July 17, 2024. Please let us know if you are available.

Additionally, attached please find our document requests for the Landlords. We are happy to discuss at our meet and confer.

**Max Schlan**

Phone: (646) 825-2330
Cell: (516) 353-2817
Fax: (646) 825-2330
mschlan@gutnicki.com

---

**From:** Jeff Carruth <jcarruth@wkpz.com>
**Sent:** Friday, July 12, 2024 5:55 PM
**To:** Liz Boydston <lboydston@gutnicki.com>; Max Schlan <mschlan@gutnicki.com>; Alexandria Rahn <arahn@gutnicki.com>
**Cc:** Jeff Carruth <jcarruth@wkpz.com>
**Subject:** Remarkable - KRS document request re July 22 hearings

Counsel:
In connection with matters set for hearing for July 22, 2024, and the instructions of the Court to

cooperate as to discovery, here is the first document request list from the KRS landlords.

I would like to get these documents by no later than **6:00 p.m. CDT Thursday, July 18, 2024**.

Please let me know if you would like to discuss in order to simply the process.  My cell is 214-552-7242.

Thank you.

**DOCUMENT REQUEST LIST**

1.    All bank statements for each month of 2024 to date (January, 2024 through and including June, 2024) for each of the five Debtors.

2.    The bank transaction detail maintained in Excel or other spreadsheet format by the Debtors and/or John McPike for each bank account of the Debtors, including the "Column H" additional detail, as to each bank account and each Debtor for January 1, 2024 through and including the present.

3.    The payroll documents and information for each Seguin payroll for each post-petition payroll, that indicate and include the following information. *KRS will keep confidential all payroll information*.

| Payroll Date | Employer | Facility | Employee Name | Position | Rate | Gross Pay | Net Pay |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |

4.    The emails and/or text messages transmitted by John McPike and/or Laurie Beth McPike to any employees of any of the Debtors on or after January 1, 2024 relating to W2 tax forms.

5.    The emails and/or text messages transmitted by John McPike and/or Laurie Beth McPike to any employees of any of the Debtors on or after January 1, 2024 relating to the ability of any Debtor to make payroll and/or the timing of payroll.

6.    Any documents evidencing the instances when John McPike and/or Laurie Beth McPike physically traveled to and/or entered the Seguin facility on or after January 1, 2024 through and including the present.

7.    Any documents evidencing any payments on the lease cure note from the Debtors to Mustang NH, LLC, GMP Dallas NH, LLC, WAG Development, Ltd., and Guadalupe NH Development, Ltd., from the confirmed plan in the 2018 bankruptcy case.

8.    Any loan documents between any of the Debtors and West Wharton Hospital District ("WWHD").

9.    The documents that evidence any funding provided by WWHD to any of the Debtors and the current balances due from any of the Debtors to WWHD.

10.    The current accounts-payable detail report for each of the five Debtors.

11.    The documents evidencing each outstanding and/or unpaid post-petition obligation of each of the Debtors, including, for example, the invoices and/or statements from each creditor.

12.    Any personal financial statement of John McPike and/or Laurie Beth McPike issued to any creditor or potential lender on or after January 1, 2023.

13.    Any document presented to any of the Debtors, John McPIke, and/or Laurie Beth

McPike, from any person offering or proposing to provide a loan to any of the Debtors, including but not limited to any letters of intent or similar documents from any distressed lender, hard money lender, or similar lender.

14.    Copies of the diligence, deliverables, reports, and/or other document provided by any of the Debtors to any proposed or potential lender to any of the Debtors on or after Jan. 1, 2023.

15.    Any notices of any CMPs and/or other fines or penalties assessed by any governmental unit against any of the Debtors, received by the Debtors on or after January 1, 2023.

16.    The documents evidencing any regulatory surveys of the Seguin facility conducted on or after January 1, 2023.



**Jeff Carruth**

Trusted Legal Advisors Since 1976

DALLAS • HOUSTON • AMARILLO
D. (713) 341-1158
M. (214) 552-7242
F. (866) 666-5322

jcarruth@wkpz.com
www.wkpz.com

This communication and any attachments to it are confidential and intended solely for the use of the person to whom they are addressed. If you have received this e-mail in error, please notify us by telephone immediately at (713) 961-9045, and you are notified that any disclosure, distribution, or the taking of any action in reliance on the contents of this information is prohibited. Nothing in this message may be construed as a digital or electronic signature of any employee of Weycer, Kaplan, Pulaski & Zuber, P.C. ("WKPZ"). WKPZ automatically blocks e-mails containing objectionable language or suspicious content. Messages sent to WKPZ should be considered received only if confirmed by a return receipt. The IRS does not allow the use of informal tax advice, such as this communication, to avoid tax penalties. WKPZ expressly reserves and maintains any attorney-client privilege or work-product protections in this communication.

This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. Anyone who receives this message in error should notify the sender immediately by telephone or by return e-mail and delete it from his or her computer.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CHAPTER 11 |
| | § | |
| REMARKABLE HEALTHCARE OF | § | CASE NO. 24-40605 |
| CARROLLTON LP, ET AL.,[1] | § | |
| | § | (Jointly Administered) |
| | § | |
| DEBTORS. | § | |

## DEBTORS FIRST SET OF REQUESTS FOR PRODUCTION
## FROM KILGORE PROPERTY MANAGEMENT LLC AND AFFILIATES

The above-captioned debtors and debtors-in-possession, by and through its attorneys, Gutnicki LLP, requests the following production of Documents, pursuant to Fed. R. Bankr. P. 7034 and 9014 to be answered by Kilgore Property Management LLC, KRS Carrollton, LLC, KRS Dallas, LLC, KRS Fort Worth LLC, and KRS Seguin, LLC by July 19, 2024:

## DEFINITIONS

1. "Alleon" means Alleon Capital Partners LLC and shall include anyone acting on its behalf, over whom they have control, or which is, or may be subrogated to their interests, including, without limitation, any officer, agent, servant, employee, attorney, insurance company, investigator, independent adjusting company, affiliate, subsidiary, or other person or entity.

2. "Cases" means the above-captioned subchapter V of chapter 11 case and its affiliated, jointly administered cases.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Remarkable Healthcare of Carrollton, LP (5960), Remarkable Healthcare of Dallas, LP (3418), Remarkable Healthcare of Fort Worth (1692), Remarkable Healthcare of Seguin, LP (4566), and Remarkable Healthcare, LLC (5142).

3.  "Communication" includes any contact or act by which any information or knowledge is transmitted or conveyed between two or more persons or entities, by whatever means accomplished, and includes written contact such as correspondence, letters, notes, advertisements, proposals, solicitation, memoranda, telegrams, facsimiles, emails, or electronic file transfers, and oral transmission and conveyance of information, including face-to-face meetings, telephone conversations, and video conferences.

4.  "Concerning" means relating to, evidencing, supporting, negating, refuting, embodying, containing, memorializing, comprising, reflecting, analyzing, constituting, describing, identifying, referring to, referencing, discussing, indicating, connected with or otherwise pertaining in any way, in whole or in part, to the subject matter being referenced.

5.  "Creditor" has the broadest possible meaning under section 101(10) of title 11 of the United States Code.

6.  "Debtors" means, collectively, each debtor in the Cases, and shall include anyone acting on their behalf, over whom they have control, or which is, or may be subrogated to their interests, including, without limitation, any officer, agent, servant, employee, attorney, insurance company, investigator, independent adjusting company, affiliate, subsidiary, or other person or entity.

7.  "Document" has the broadest possible meaning under Federal Rule of Civil Procedure 34 and includes each and every form of Communication, and also includes, without limitation, all written, printed, typed, recorded, or graphic matter of any kind, type, nature, or description, in whatever form (e.g., final and draft versions) that is or has been in Your, as defined herein, actual or constructive possession, custody or control, including, but not limited to, all printed and electronic copies of electronic mail, notes, correspondence, memoranda, tapes, stenographic or handwritten notes, written forms of any kind, charts, blueprints, drawings, sketches, graphs, plans,

2

articles, specifications, diaries, letters, telegrams, photographs, minutes, contracts, agreements, reports, surveys, computer printouts, data compilations of any kind, teletypes, telexes, facsimiles, invoices, order forms, checks, drafts, statements, credit memos, reports, summaries, books, ledgers, notebooks, schedules, transparencies, recordings, catalogs, advertisements, promotional materials, films, video tapes, audio tapes, brochures, pamphlets or any written or recorded materials of any other kind, however stored (whether in tangible or electronic form), recorded, produced or reproduced, including backup tapes. The term "Document" shall include not only originals, but also any copies or reproductions of all such written, printed, typed, recorded, or graphic matter upon which any notations, comments or markings of any kind have been made that do not appear on the original documents or that are otherwise not identical to the original documents.

8.   "Facilities" mean the properties in which the Debtors operated prior to the Petition Date.

9.   "Landlords" means Kilgore Property Management LLC, KRS Carrollton, LLC, KRS Dallas, LLC, KRS Fort Worth LLC, and KRS Seguin, LLC, either individually or collectively, and shall include anyone acting on their behalf, over whom they have control, or which is, or may be subrogated to their interests, including, without limitation, any officer, agent, servant, employee, attorney, insurance company, investigator, independent adjusting company, affiliate, subsidiary, or other person or entity.

10. "Person" means a natural person or an entity, including, without limitation, a corporation, partnership, firm, sole proprietorship, association, joint venture, unincorporated association, trust, or any other entity of any type or description whatsoever, whether formed for business or other purposes.

11. "Petition Date" means March 20, 2024.

12. "PureHealth" means Management MCOA, LLC and shall include anyone acting on its behalf, over whom they have control, or which is, or may be subrogated to their interests, including, without limitation, any officer, agent, servant, employee, attorney, insurance company, investigator, independent adjusting company, affiliate, subsidiary, or other person or entity.

13. "Relevant Time Period" means October 1, 2023, to the present.

14. "WWHD" means West Wharton Hospital District and shall include anyone acting on its behalf, over whom they have control, or which is, or may be subrogated to their interests, including, without limitation, any officer, agent, servant, employee, attorney, insurance company, investigator, independent adjusting company, affiliate, subsidiary, or other person or entity.

15. "You" or "Your" means Landlord.

16. "Your Possession" includes, but is not limited to, personal emails, personal computers, home computers, texts, voicemails, digital documents, handwritten or typed notes or communications, and hard copy documents.

## INSTRUCTIONS

The preceding Definitions apply to each of these Instructions, and for purposes of the Requests, the following Instructions shall be followed:

1. To the extent You have provided and fully satisfied any of the below Requests, You shall provide a written response stating the date and manner of production of such Request(s).

2. All responses shall comply with the requirements of the Federal Rules of Bankruptcy Procedure and the Local Rules for the United States Bankruptcy Court for the Eastern District of Texas.

3.     The following Requests shall be deemed continuing in nature. In the event You become aware of or acquire additional information Concerning any of the following Requests, such additional information is to be promptly produced.

4.     You are to produce all responsive Documents in Your Possession, custody or control, wherever located, including, without limitation, those in the custody of Your representatives and affiliates. A Document is deemed to be in Your Possession, custody, or control if it is in Your physical custody, or if it is in the physical custody of any other person or entity and You: (i) own such Document in whole or in part; (ii) have a right, by contract, statute, or otherwise, to use, inspect, examine, or copy such Document on any terms; (iii) have an understanding, express or implied, that You may use, inspect, examine, or copy such Document on any terms; or (iv) as a practical matter, You have been able to use, inspect, examine, or copy such Document when You sought to do so. If any requested Document was, but no longer is, in Your control, state the disposition of each such Document.

5.     If any Document requested herein was formerly in Your Possession, custody or control and has been lost or destroyed or otherwise disposed of, You are requested to submit in lieu of any such Document a written statement (a) describing in detail the nature of the Document and its contents, (b) identifying the person(s) who prepared or authored the Document and, if applicable, the person(s) to whom the Document was sent, (c) specifying the date on which the Document was prepared or transmitted, and (d) specifying the date on which the Document was lost or destroyed and, if destroyed, the conditions of and reasons for such destruction and the person(s) requesting and performing the destruction.

6.     If any part of the following Requests cannot be responded to in full, please respond to the extent possible, specifying the reason(s) for Your inability to respond to the remainder and

stating whatever information or knowledge You have Concerning the portion to which You do not respond.

7.      If You object to any of these Requests, state in writing with specificity the grounds of Your objections. Any ground not stated shall be waived. If You object to a particular portion of any Request, You shall respond to any other portions of such Request as to which there is no objection and state with specificity the grounds of the objection.

8.      The fact that an investigation is continuing or that discovery is incomplete shall not be a justification for failing to respond to these Requests based on the knowledge or information that You possess at the time You respond to these Requests. If an investigation is continuing or discovery is not complete with respect to the matter inquired into by any Request, so state in Your response to that Request.

9.      Where any copy of any Document whose production is sought herein, whether a draft or final version, is not identical to any copy thereof, by reason of alterations, notes, comments, initials, underscoring, indication of routing, or other material contained thereon or attached thereto, all such non-identical copies are to be produced separately.

10.      The words "and" and "or" are to be construed both conjunctively and disjunctively. The singular form of a noun or pronoun includes the plural form and vice versa. The word "all" shall also include "each of," and vice versa. The word "any" shall be construed to mean "any and all" where the effect of such construction is to broaden the scope of the Request.

11.      If there are no Documents responsive to any particular Request, please state so in writing.

12.     A Request for any Document shall be deemed to include a request for any and all transmittal sheets, cover letters, exhibits, enclosures, or attachments to such Document, in addition to the Document in its full and unexpurgated form.

13.     Each Request for Documents herein includes a request for exact copies of all disks, CDs, DVDs, flash drives, memory sticks, and other removable media containing any information responsive to such Request. Electronically stored information ("ESI") must be produced in an electronically searchable form that preserves the document's metadata and relational information.  Please provide all ESI in the format in its native file, in addition, with associated single page tagged image file format ("TIFF") with associated text (".txt") files (OCR or extracted text from native files) and metadata.

14.     If the identity of Documents responding to a Request is not known, then that lack of knowledge must be specifically indicated in the response. If any information requested is not in Your Possession but is known or believed to be in the possession of another person or entity, then identify that person or entity and state the basis of Your belief or knowledge that the requested information is in such person's or entity's possession.

15.     Produce all Documents as they are kept in the ordinary course of business.

16.     To the extent you refuse to respond to any Request, in whole or in part, on grounds of privilege, identify the withheld Document or Communication on a privilege log stating: (i) the identity of the person(s) who prepared or authored the Document or took part in the Communication; (ii) the person(s) to whom the Document was shown or otherwise disclosed; (iii) the date(s) on which the Document was prepared and disseminated, or on which the Communication transpired or was disclosed; (iv) the general subject matter of the Document or Communication; (v) the nature of the Document or Communication (e.g., telephone conference,

office conference); and (v) the basis for the claim of privilege or withholding. Any redactions to Documents shall be prominently identified with a mark indicating the location and size of the redacted area.

17.     Unless otherwise specified in the Requests, You are to produce all Documents and Communications responsive to a Request from the Relevant Time Period.

## REQUESTS

1.     All Documents and Communications in Your Possession, including but not limited to your personal emails, personal computers, home computers, texts, and voicemails, Concerning the Debtors.

2.     All Documents and Communications in Your Possession, including but not limited to your personal emails, personal computers, home computers, texts, and voicemails, Concerning the sale, change of ownership, change of control, change of management, or other condition that would affect the status of the Landlord or the Debtors at the Facilities.

3.     All Documents and Communications by and among Landlords and the Debtors.

4.     All Documents and Communications by and among Landlords and Alleon Concerning the Debtors.

5.     All Documents and Communications by and among Landlords and Alleon Concerning the Facilities.

6.     All Documents and Communications by and among Landlords and Alleon Concerning the sale, change of ownership, change of control, change of management, or other condition that would affect the status of the Landlord or the Debtors at the Facilities.

7.     All Documents and Communications by and among Landlords and PureHealth Concerning the Debtors.

8.     All Documents and Communications by and among Landlords and PureHealth Concerning the Facilities.

9.     All Documents and Communications by and among Landlords and PureHealth Concerning the sale, change of ownership, change of control, change of management, or other condition that would affect the status of the Landlord or the Debtors at the Facilities.

10.     All Documents and Communications by and among Landlords and any Creditor, the Office of the United States Trustee, or Mark Weisbart, in his capacity as Subchapter V Trustee, Concerning the Debtors.

11.     All Documents and Communications Concerning the Your purchase of the Facilities (not subject to the Relevant Time Period).

12.     All Documents and Communications by and among Landlords and WWHD Concerning the Debtors.

July 15, 2024

**GUTNICKI LLP**
*/s/ Liz Boydston*
Liz Boydston (SBN 24053684)
Alexandria Rahn (SBN 24110246)
10440 N. Central Expy., Suite 800
Dallas, Texas 75231
Telephone: (469) 935-6699
Facsimile: (469) 895-4413
lboydston@gutnicki.com
arahn@gutnicki.com

-and-

Max Schlan (Admitted *Pro Hac Vice*)
45 Rockefeller Plaza
Suite 2000
New York, New York 10111
Telephone: (646) 825-2330
Facsimile: (646) 825-2330
mschlan@gutnicki.com

*Proposed Counsel to the Debtors and Debtors
in Possession*

**EXHIBIT K050**

| REQUEST | STATUS AFTER CALL |
|---|---|
| 1.      All bank statements for each month of 2024 to date (January, 2024 through and including June, 2024) for each of the five Debtors. | **Debtor refused or claims to be unable to produce by July 19.**<br><br>Bank statements were not attached to March 2024 MORs.<br><br>Debtor said June 15 that MORs refiled with bank statements.<br><br>***This is not true for Seguin.  See Docket Nos. 164-166.*** |
| 2.      The bank transaction detail maintained in Excel or other spreadsheet format by the Debtors and/or John McPike for each bank account of the Debtors, including the "Column H" additional detail, as to each bank account and each Debtor for January 1, 2024 through and including the present. | **Debtor refused or claims to be unable to produce by July 19.**<br><br>This item was already in existence and was shown to KRS and Alleon in meetings ordered to occur during recent cash collateral hearing. |
| 3.      The payroll documents and information for each Seguin payroll for each post-petition payroll, that indicate and include the following information. KRS will keep confidential all payroll information. | **Debtor refused or claims to be unable to produce by July 19.**<br><br>Debtor refused and indicated payroll not an issue.<br><br>KRS requests an order to determine who is and is not on the Seguin payroll or placed elsewhere. |
| 4.      The emails and/or text messages transmitted by John McPike and/or Laurie Beth McPike to any employees of any of the Debtors on or after January 1, 2024 relating to W2 tax forms. | **Debtor refused or claims to be unable to produce by July 19.**<br><br>KRS agreed to limit blast emails or texts addressing the issue. |

| REQUEST | STATUS AFTER CALL |
|---|---|
| | Debtors are believed to have issued incorrect or placeholder W2s. |
| 5.      The emails and/or text messages transmitted by John McPike and/or Laurie Beth McPike to any employees of any of the Debtors on or after January 1, 2024 relating to the ability of any Debtor to make payroll and/or the timing of payroll. | **Debtor refused or claims to be unable to produce by July 19.**<br><br>KRS agreed to limit blast emails or texts addressing the issue.<br><br>Debtor is believed to have had difficulties making Seguin payroll. |
| 6.      Any documents evidencing the instances when John McPike and/or Laurie Beth McPike physically traveled to and/or entered the Seguin facility on or after January 1, 2024 through and including the present. | **Debtor refused or claims to be unable to produce by July 19.**<br><br>This request pertains to the degree to which the McPikes are directly involved in the Seguin facility. |
| 7.      Any documents evidencing any payments on the lease cure note from the Debtors to Mustang NH, LLC, GMP Dallas NH, LLC, WAG Development, Ltd., and Guadalupe NH Development, Ltd., from the confirmed plan in the 2018 bankruptcy case. | **Debtor refused or claims to be unable to produce by July 19.**<br><br>This item goes to the cure necessary on Seguin as well as the claim by Mr. McPike that the cure note from the 2018 case was paid off. |
| 8.      Any loan documents between any of the Debtors and West Wharton Hospital District ("WWHD"). | Debtor indicated Debtor would look.<br><br>**Debtor agreed to produce by July 19.** |

EXHIBIT K050 - Page 2

| REQUEST | STATUS AFTER CALL |
|---|---|
| | |
| 9.      The documents that evidence any funding provided by WWHD to any of the Debtors and the current balances due from any of the Debtors to WWHD. | Debtor indicated Debtor would look. **Debtor agreed to produce by July 19.** |
| 10.     The current accounts-payable detail report for each of the five Debtors. | **Debtor refused or claims to be unable to produce by July 19.** KRS offered to limit to post-petition for purposes of July 19. This should be an easily generated report.  This would show what debts the Debtors have and have not paid post-petition. |
| 11.     The documents evidencing each outstanding and/or unpaid post-petition obligation of each of the Debtors, including, for example, the invoices and/or statements from each creditor. | **Debtor refused or claims to be unable to produce by July 19.** KRS offered to limit to post-petition for purposes of July 19. This should be an easily generated report.  This would show what debts the Debtors have and have not paid post-petition. |
| 12.     Any personal financial statement of John McPike and/or Laurie Beth McPike issued to any creditor or potential lender on or after January 1, 2023. | **Debtor refused and refused to facilitate.** Debtor indicates they do not represent the McPikes and cannot facilitate this request. |
| 13.     Any document presented to any of the Debtors, John McPike, and/or Laurie Beth McPike, from any person offering | This pertains to the exit financing that Mr. McPike has testified about several times. |

EXHIBIT K050 - Page 3

| REQUEST | STATUS AFTER CALL |
|---|---|
| or proposing to provide a loan to any of the Debtors, including but not limited to any letters of intent or similar documents from any distressed lender, hard money lender, or similar lender. | **Debtor agreed to produce by July 19.** |
| 14.    Copies of the diligence, deliverables, reports, and/or other document provided by any of the Debtors to any proposed or potential lender to any of the Debtors on or after Jan. 1, 2023. | This pertains to the exit financing that Mr. McPike has testified about several times.<br><br>**Debtor agreed to produce by July 19.** |
| 15.    Any notices of any CMPs and/or other fines or penalties assessed by any governmental unit against any of the Debtors, received by the Debtors on or after January 1, 2023. | **Debtor refused or claims to be unable to produce by July 19.**<br><br>Debtor refused, said was impossible, and would take weeks.<br><br>Debtor should have a running total at this point.<br><br>Debtor should have this on hand if Debtor has any kind of sense of where this case is going. |
| 16.    The documents evidencing any regulatory surveys of the Seguin facility conducted on or after January 1, 2023. | This pertains to the exit financing that Mr. McPike has testified about several times.<br><br>**Debtor agreed to produce by July 19.** |

EXHIBIT K050 - Page 4