IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| IN RE: § | |
| § | CHAPTER 11 |
| § | |
| REMARKABLE HEALTHCARE OF § | CASE NO. 24-40605 |
| CARROLLTON LP, ET AL.,[1] § | |
| § | (Jointly Administered) |
| § | |
| § | |
| DEBTORS. § | |

**DEBTORS' OBJECTION TO JOINT NOTICE OF DEPOSITION DESIGNATIONS OF KRS CARROLLTON LLC, KRS DALLAS LLC, KRS FORT WORTH LLC, KRS SEGUIN LLC, AND ALLEON CAPITAL PARTNERS LLC FOR HEARING ON AUGUST 9, 2024 — CINDY BOWERS DEPOSITION**

TO THE HONORABLE BRENDA T. RHOADES, CHIEF UNITED STATES BANKRUPTCY JUDGE:

REMARKABLE HEALTHCARE OF CARROLLTON, ET AL., as debtors and debtors-in-possession (the "**Debtors**"), by and through undersigned counsel, hereby file this objection (the "**Objection**") *to Joint Notice of Deposition Designations of KRS Carrolton LLC, KRS Dallas LLC, KRS Fort Worth LLC, KRS Seguin LLC, and Alleon Capital Partners LLC for Hearing on August 9, 2024—Cindy Bowers Deposition* [Dkt. 283] (the "**Bowers Depo. Designation**"), and in support thereof state the following:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Remarkable Healthcare of Carrollton, LP (5960), Remarkable Healthcare of Dallas, LP (3418), Remarkable Healthcare of Fort Worth (1692), Remarkable Healthcare of Seguin, LP (4566), and Remarkable Healthcare, LLC (5142).

1

## I.  BACKGROUND

### A. GENERAL BACKGROUND

1. On March 20, 2024 (the "**Petition Date**"), the Debtors filed petitions for relief under subchapter V of chapter 11 of the United States Bankruptcy Code, 11 U.S.C. § 101 et seq. (the "**Bankruptcy Code**").

2. On March 26, 2024, Mark Weisbart was appointed Subchapter V Trustee.

3. From the Petition Date through May 12, 2024, the Debtors continued in the management and operation of their businesses and property as debtors in possession pursuant to Bankruptcy Code sections 1107, 1108, and 1184.

4. On April 26, 2024, the Debtor Remarkable Healthcare of Fort Worth, LP ("**RH Fort Worth**") ceased operations and the last resident was relocated.

5. On May 13, 2024, the operations for Debtors Remarkable Healthcare of Carrollton, LP ("**RH Carrollton**") and Remarkable Healthcare of Dallas, LP ("**RH Dallas**"), were transitioned to new management pursuant to the terms of the Amended Show Cause Order entered on May 10, 2024 and as amended on May 14, 2024.

6. Debtor Remarkable Healthcare of Seguin ("**RH Seguin**") continues in the management and operation of its businesses and property as debtor-in-possession pursuant to Bankruptcy Code sections 1107, 1108, and 1184.

### B. CIRCUMSTANCES SURROUNDING CINDY BOWERS'S DEPOSITION

7. On Friday, August 2, 2024 at 4:24 p.m. Central Time, Debtors' counsel received an email from counsel for KRS Carrolton LLC, KRS Dallas LLC, KRS Fort Worth LLC, and KRS Seguin LLC (the "**Landlord**") stating "Counsel: Please see attached notice of deposition. Thank you." *See* Email RE: Remarkable – notice of deposition Aug. 5, 2:00 pm, a true and correct copy is attached hereto as **Exhibit "A"**. The notice of deposition was for Cindy Bowers, who was

purportedly an employee of the Debtors and would be taken by video the upcoming Monday, August 5, 2024 at 2:00 p.m.

8. Debtors' counsel, Max Schlan, responded at 7:01 p.m. on August 2, 2024, stating: "Jeff, Ms. Bowers is indefinitely unavailable due to illness and will not be attending the deposition on Monday." *See id*. Landlord's counsel did not respond to correct Mr. Schlan that the deposition would indeed go forward.

9. On Monday August 5, 2024, Debtors' counsel Max Schlan reached out to Landlord's counsel at 7:47 a.m. inquiring as to his availability for a hearing on that same day or the following day on the Motion to Compel the Debtors intended to file that morning. *See* Emails Re: Availability for motion to compel [Remarkable], a true and correct copy is attached hereto as **Exhibit B**. Again, at no point, during the exchanges between Debtors' counsel and Landlord's counsel on Monday, August 5, 2024, did Landlord's counsel correct or inform Debtors' counsel that they had spoken with Cindy Bowers independently and that her deposition was going forward. *See id.*

10. It was not until the afternoon of August 6, 2024, when the Landlord's counsel filed the Bowers Depo. Designation that Debtors' counsel realized that Cindy Bowers's deposition had occurred the prior afternoon. Opposing counsel had proceeded with the deposition without informing Mr. Schlan that it would be going forward and that he was misinformed that Ms. Bowers's illness would keep her from attending.

11. Accordingly, the Debtors object to the designation of the transcript of Cindy Bowers's deposition (the "**Bowers Deposition Transcript**") and request that this Court exclude it from the evidence based on issues of due process, impropriety, and unfairness, as described more thoroughly herein.

3

## II.    OBJECTION

12.    First, the Bowers Deposition Transcript should be excluded due to improper notice. According to Federal Rule of Civil Procedure 30(b)(1), rendered applicable here through Federal Bankruptcy Rule 7030, requires "reasonable written notice to every other party." A notice period of less than three days is insufficient for preparation, particularly given that the deponent had told the Debtors that she was ill. What is reasonable written notice is not defined in Rule 30(b)(1), but courts within the Fifth Circuit have held that at least ten days is normally required to constitute "reasonable written notice." *See Duhaly v. Cincinnati Ins. Co.*, No. H-18-4158, 2019 U.S. Dist. LEXIS 118341, at *3 (S.D. Tex. 2019) (citing *Keybank Nat'l Ass'n v. Perkins Rowe Assocs., LLC*, No. 09-497-JJB-SCR, 2010 U.S. Dist. LEXIS 28708, 2010 WL 1252328, at *3 (M.D. La. Mar. 24, 2010) (notices "served on February 8 for depositions to be taken on February 11-15" were not reasonable notice); *Tradewinds Envtl. Restoration, Inc. v. St. Tammany Park, LLC*, No. 06-00593, 2008 U.S. Dist. LEXIS 11721, 2008 WL 449972, at *2 (E.D. La. Feb 14, 2008) (the court previously held that four business days is not "reasonable written notice" (citing *Auto Club Family Ins. v. Provosty*, No. 05-6482, 2006 U.S. Dist. LEXIS 62995, 2006 WL 2568054, at *2 (E.D. La. Sept. 5, 2006))); *Cleveland v. Coldwell Banker Real Estate Corp.*, No. 4:05CV10-M-A, 2008 U.S. Dist. LEXIS 123432, 2008 WL 141195, at *1 (N.D. Miss. Jan 10, 2008) ("This court has routinely held that 'reasonable written notice' should be at least 10 calendar days."); *see also Reedy v. CITGO Petroleum Corp.*, No. CV H-10-2971, 2011 U.S. Dist. LEXIS 19138, 2011 WL 13350687, at *6 (S.D. Tex. Dec. 1, 2011) (15-day notice of the depositions at issue was sufficient).

13.    Second, the Bowers Deposition Transcript should be excluded because counsel for the Landlord failed to inform the Debtors' counsel that he was mistaken and that the deposition would go forward. At no time did Mr. Schlan elect not to attend the deposition. Rather, Mr. Schlan informed Landlord's counsel based on his good faith understanding that Ms. Bowers would not be

able to attend. Had Mr. Schlan been made aware that Ms. Bowers would, in fact, attend the deposition, Mr. Schlan would have at the very least made sure that the Debtors had representation at the deposition. Furthermore, Landlord's counsel also did not attempt to coordinate with Debtors' counsel, given the impossibly short notice, to reschedule or find an alternative after Debtors' counsel informed him that the deponent was unavailable. The Landlord's lack of coordination and communication violates the procedural fairness of the proceedings. *See Portillo v. National Freight, Inc.*, 2021 WL 3486894 at *5, (D.N.J. Aug. 9, 2021) (finding that omissions to certain parties, including opposing counsel, "was misleading and coercive and threatened the fairness of th[e] litigation").

14. "Third, the Bowers Deposition Transcript should be excluded because the manner in which the deposition was conducted with such a lack of candor and transparency by Landlord's counsel hinders the Debtors' ability to adequately put on a defense. In short, admitting the Bowers Deposition Transcript into evidence would compromise the fairness of the hearing and would set a precedent approving of counsel acting with a lack of courtesy and cooperation that could have easily occurred with one simple email correcting Mr. Schlan's understanding. *See Lelsz v. Kavanagh,* 137 F.R.D 646, 654 (N.D. Tex. 1991) ("A lawyer owes, to opposing counsel, a duty of courtesy and cooperation, the observance of which is necessary for the efficient administration of our system of justice and the respect of the public it serves.")

WHEREFORE, the Debtors respectfully request that the Court exclude the Bowers Deposition Transcript from evidence, given the procedural improprieties and the unfair prejudice to the Debtors, and for such other and further relief that the Court deems just and equitable.

Dated: August 8August 8, 2024
       Dallas, Texas

**GUTNICKI LLP**

*/s/ Alexandria R. Rahn*
Liz Boydston (SBN 24053684)
Alexandria Rahn (SBN 24110246)
10440 N. Central Expy., Suite 800
Dallas, Texas 75231
Telephone: (469) 935-6699
Facsimile: (469) 895-4413
lboydston@gutnicki.com
arahn@gutnicki.com

-and-

Max Schlan (Admitted *Pro Hac Vice*)
45 Rockefeller Plaza
Suite 2000
New York, New York 10111
Telephone: (646) 825-2330
Facsimile: (646) 825-2330
mschlan@gutnicki.com

*Counsel to the Debtors and Debtors in Possession*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that this document was served on August 8, 2024 via ECF notice on all parties consenting to such notice or via U.S. first class mail, postage prepaid, to required parties, including the U.S. Trustee, Subchapter V Trustee, Debtor's secured creditors, all governmental units, and each of the Debtor's unsecured creditors.

                           */s/ Alexandria R. Rahn*
                            Alexandria R. Rahn