UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § § § | |
| | § | Case No. 24-40605 |
| REMARKABLE HEALTHCARE OF CARROLLTON, LP *et al.* | § § § § | |
| Debtor(s). | § | |

**MOTION TO LIFT AUTOMATIC STAY TO ENFORCE PAYROLL DIP 001 AND 002**

> **LBR 4001(a) NOTICE**
> **Your rights may be affected by the relief sought in this pleading. You should read this pleading carefully and discuss it with your attorney, if you have one in this bankruptcy case. If you oppose the relief sought by this pleading, you must file a written objection, explaining the factual and/or legal basis for opposing the relief.**
>
> **No hearing will be conducted on this Motion unless a written objection is filed with the Clerk of the United States Bankruptcy Court and served upon the party filing this pleading WITHIN FOURTEEN (14) DAYS FROM THE DATE OF SERVICE shown in the certificate of service unless the Court shortens or extends the time for filing such objection. If no objection is timely served and filed, this pleading shall be deemed to be unopposed, and the Court may enter an order granting the relief sought. If an objection is filed and served in a timely manner, the Court will thereafter set a hearing with appropriate notice. If you fail to appear at the hearing, your objection may be stricken. The Court reserves the right to set a hearing on any matter.**
>
> **KRS DOES _NOT_ WAIVE THE 30-DAY HEARING REQUIREMENT.**

**TO THE HONORABLE BRENDA T. RHOADES, U.S. BANKRUPTCY JUDGE:**

KRS Carrollton, LLC, KRS Dallas, LLC, and KRS Fort Worth, LLC, creditors, landlords, and parties in interest (collectively, "KRS"), files this *Motion to Lift Automatic Stay to Enforce Payroll DIP 001 and DIP 002* (the "Motion") and in support thereof would show to the Court the following.

1. KRS reserves the right to seek an expedited hearing on this motion.

2. KRS seeks to enforce its rights against the collateral provided under the two DIP loans. Docket Nos. 269, 270.

3. This Court has jurisdiction over this Motion pursuant to Sections 105, 363, 362, 365, 542, 553, and/or 1101 et seq. of the United States Bankruptcy Code, Title 11 of the U.S. Code, 11 U.S.C. §101 et seq. (the "Code" or "Bankruptcy Code"), and Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules" or individually a "Bankruptcy Rule"), and 28 U.S.C. §§157 and 1334.

4. This matter constitutes a core proceeding under 28 U.S.C. §157(b).

5. Venue is proper under 28 U.S.C. §§1408 and 1409.

6. The Court has constitutional authority to decide this Motion and enter final orders under *Stern v. Marshall*, 564 U.S. 462 (2011) and its progeny.

7. On or about March 22, 2024 and April 8, 2024, KRS funded payroll at the three DFW facilities.

8. On July 25, 2024, the Court entered orders granting and/or memorializing the DIP loans. Docket Nos. 269, 270.

9. The due dates of the DIP notes are August 3, 2024, and August 17, 2024 per the orders.

10. The Debtors have failed to pay the DIP notes.

11. KRS wishes to enforce the notes and proceed against the collateral provided in the two DIP orders. Docket Nos. 269, 270.

12. Cause exists to immediately lift, annul, and terminate the stay under Code § 362(d)(1) and/or Code § 362(d)(2).

13. KRS is not adequately protected.

14. The Debtors cannot be trusted with the receipt and use of cash.

15. Under the current cash management and cash collateral regime in this case, KRS is concerned that funds will arrive and will be spent before KRS is able to see or realize the funds.

16. The Debtors have no equity in the DIP collateral.

17. The Debtors are not capable of an effective reorganization. In fact the three DFW debtors have proposed only a liquidation.

18. The circumstances justify nullification of the stay of Rule 4001(a)(3).

WHEREFORE, KRS Carrollton, LLC, KRS Dallas, LLC, and KRS Fort Worth, LLC, creditors, landlords, and parties in interest, respectfully requests that the Court lift, annul, and terminate the automatic stay of so that KRS may enforce the DIP orders and the DIP notes upon the collateral provided in the DIP orders, and nullify the stay of Rule 4001(a)(3). Creditor respectfully requests such other and further relief to which Creditor is entitled at law or in equity.

*{continued on following sheet}*

Dated:  September 16, 2024               Respectfully submitted:

                                         WEYCER, KAPLAN, PULASKI & ZUBER, P.C.
                                         By:   */s/ Jeff Carruth*
                                            JEFF CARRUTH (TX SBN: 24001846)
                                            2608 Hibernia, Suite 105
                                            Dallas, TX 75204-2514
                                            Telephone: (713) 341-1158
                                            Fax: (713) 961-5341
                                            E-mail:  jcarruth@wkpz.com

                                         ATTORNEYS FOR
                                         KRS CARROLLTON LLC, KRS DALLAS LLC,
                                         KRS SEGUIN, LLC, KRS FORT WORTH LLC,
                                         AND KILGORE PROPERTY MANAGEMENT LLC

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that a true and correct copy of the foregoing was served on September 16, 2024 (1) by electronic notice to all ECF users who have appeared in this case to date (2) by regular mail to all parties appearing in the attached address list (i.e. mailing matrix) obtained from the Court's PACER facility.

                                                             */s/ Jeff Carruth*
                                                             JEFF CARRUTH

# ECF NOTICE LIST

**24-40605 Notice will be electronically mailed to (duplicates deleted):**

Matthew W. Bourda on behalf of Creditor Direct Energy Business
matthew@jonesmurray.com

Elizabeth Nicolle Boydston on behalf of Debtor Remarkable Healthcare of Carrollton, LP
lboydston@gutnicki.com

Lynn Hamilton Butler on behalf of Creditor Alleon Capital Partners, LLC
lynn.butler@huschblackwell.com,
penny.keller@huschblackwell.com;christine.deacon@huschblackwell.com;ryan.burgett@huschblackwell.com

Jeff Carruth on behalf of Creditor KRS Carrollton, LLC
jcarruth@wkpz.com,
jcarruth@aol.com;atty_carruth@trustesolutions.com;ATTY_CARRUTH@bluestylus.com;carruthjr87698@notify.bestcase.com;jcarruth@ecf.courtdrive.com

Alejandra Garcia Castro on behalf of Creditor Alleon Capital Partners, LLC
alejandra.garciacastro@huschblackwell.com

Jamie Kirk on behalf of Creditor Texas Comptroller of Public Accounts, Revenue Accounting Division
bk-jkirk@texasattorneygeneral.gov, sherri.simpson@oag.texas.gov

Buffey E. Klein on behalf of Creditor Alleon Capital Partners, LLC
buffey.klein@huschblackwell.com,
tanya.adams@huschblackwell.com;buffey-klein-8494@ecf.pacerpro.com

Aimee E. Marcotte on behalf of Creditor A Lawn and Landcare Services Company, LLC
amarcotte@popehardwicke.com

Brent W. Martinelli on behalf of Creditor Quintairos, Prieto, Wood and Boyer PA
brent.martinelli@qpwblaw.com, meioshei.nash@qpwblaw.com

Christopher S. Murphy on behalf of Interested Party Texas Health and Human Services Commission
bk-cmurphy@oag.texas.gov, sherri.simpson@oag.texas.gov

Julie Anne Parsons on behalf of Creditor The County of Denton, Texas
jparsons@mvbalaw.com,
kalexander@mvbalaw.com;theresa.king@mvbalaw.com;julie.parsons@ecf.courtdrive.com

Harrison Pavlasek on behalf of Creditor Quatro Tax LLC
hpavlasek@forsheyprostok.com

Jeff P. Prostok on behalf of Creditor Quatro Tax LLC
jprostok@forsheyprostok.com,
lbreedlove@forsheyprostok.com;calendar@forsheyprostok.com;Calendar_0573@ecf.courtdrive.com;jprostok@ecf.courtdrive.com;khartogh@ecf.courtdrive.com;khartogh@forsheyprostok.com;forsheyprostokllp@jubileebk.net

Alexandria Rahn on behalf of Debtor Remarkable Healthcare of Carrollton, LP
arahn@gutnicki.com,
docket@gutnicki.com;1694884420@filings.docketbird.com

Robert A. Simon on behalf of Creditor MedixCar LLC
rsimon@whitakerchalk.com,
bpeck@whitakerchalk.com;acopeland@whitakerchalk.com

Randy Sorrels on behalf of Creditor Joyce Dorrough Mallory
linda@sorrelslaw.com

Clay Marshall Taylor on behalf of Interested Party Management MCOA LLC
clay.taylor@dentons.com

Whitney Tharpe on behalf of Creditor United States Department of Health and Human Services
whitney.tharpe@usdoj.gov, guadalupe.garcia@usdoj.gov

John Kendrick Turner on behalf of Creditor City of Carrollton
john.turner@lgbs.com, Dora.Casiano-Perez@lgbs.com;Dallas.Bankruptcy@lgbs.com

John M. Vardeman on behalf of U.S. Trustee US Trustee
john.m.vardeman@usdoj.gov

Mark A WEISBART (SBRA V)
mweisbart@haywardfirm.com,
tsimmons@haywardfirm.com;ecf.alert+Weisbart@titlexi.com

## **REGULAR MAIL LIST / MATRIX**

A separate list will be filed as stand alone filing and supplement to this certificate of service.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| REMARKABLE HEALTHCARE OF CARROLLTON, LP *et al.* | § § | Case No. 24-40605 |
| Debtor(s). | § § | |

## DECLARATION OF JOSHUA KILGORE IN SUPPORT OF MOTION TO LIFT AUTOMATIC STAY TO ENFORCE PAYROLL DIP 001 AND DIP 002

Joshua Kilgore, pursuant to 28 U.S.C. § 1746, hereby declares as follows:

1. My name is Joshua Kilgore. I am over the age of twenty-one (21) years, of sound mind, and competent to testify herein. I have personal knowledge of the facts stated herein and they are true and correct to the best of my knowledge and belief.

2. This declaration was prepared and is being submitted as an exhibit to the *Motion to Lift Automatic Stay to Enforce Payroll DIP 001 and DIP 002* (the "**Subject Motion**").

3. Capitalized terms shall have the same meaning as ascribed to such terms in the Subject Motions unless otherwise defined herein.

4. I am a Principal of KRS Dallas LLC, KRS Fort Worth LLC, KRS Fort Worth LLC, and Kilgore Property Management LLC (collectively, "KRS").

5. On or about March 22, 2024 and April 8, 2024, KRS funded payroll at the three DFW facilities.

6. On July 25, 2024, the Court entered orders granting and/or memorializing the DIP loans. Docket Nos. 269, 270.

7. The due dates of the DIP notes are August 3, 2024, and August 17, 2024 per the orders.

8. The Debtors have filed to pay the DIP notes.

9. KRS wishes to enforce the notes and proceed against the collateral provided in the two DIP orders.  Docket Nos. 269, 270.

10. Cause exists to immediately lift, annul, and terminate the stay under Code § 362(d)(1) and/or Code § 362(d)(2).

11. KRS is not adequately protected.

12. The Debtors cannot be trusted with the receipt and use of cash.

13. Under the current cash management and cash collateral regime in this case, KRS is concerned that funds will arrive and will be spent before KRS is able to see or realize the funds.

14. The Debtors have no equity in the DIP collateral.

15. The Debtors are not capable of an effective reorganization.  In fact the three DFW debtors have proposed only a liquidation.

FURTHER DECLARANT SAYETH NOT

Dated: September 16, 2024

_____/s/ Joshua Kilgore_____
Joshua Kilgore

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| REMARKABLE HEALTHCARE OF CARROLLTON, LP *et al.* | § § § § | Case No. 24-40605 |
| Debtor(s). | § | |

**ORDER GRANTING MOTION TO LIFT AUTOMATIC STAY TO ENFORCE PAYROLL DIP 001 AND DIP 002 (RE: DOCKET NO. 392)**

On _____ the Court conducted a hearing regarding the *Motion to Lift Automatic Stay to Enforce DIP 001 and DIP 002* (Docket No. 392) (the "Motion") filed herein on September 16, 2024 by KRS Carrollton, LLC, KRS Dallas, LLC, and KRS Fort Worth, LLC, creditors, landlords, and parties in interest (collectively, "KRS"). The Court finds and concludes that the Motion contained the appropriate notices under the Bankruptcy Local Rules; according to the certificate of service attached to the Motion, the Motion was served upon the parties entitled to receive notice under the Bankruptcy Local Rules; and that upon review of the record of this case and with respect to the Motion that cause exists to grant the relief requested therein.

**IT IS THEREFORE ORDERED THAT:**

1. The Motion is granted as set forth herein.

2. All capitalized terms shall have the same meaning as ascribed to such terms in the Motion, unless otherwise defined herein.

3. Effectively immediately upon entry of this order, the automatic stay of 11 U.S.C. §362(a) is hereby lifted, annulled, and terminated so that KRS immediately may enforce all rights and remedies under the DIP notes and the DIP orders, Docket Nos. 269, 270.

4. The relief granted by this Order is effectively immediately, and the stay of Fed. R. Bankr. P. 4001(a)(3) does not and shall not apply.

Dated: _____

_____
THE HONORABLE BRENDA T. RHOADES
UNITED STATES BANKRUPTCY JUDGE

Submitted by:

Jeff Carruth (TX SBN: 24001846)
**WEYCER, KAPLAN, PULASKI & ZUBER, P.C.**
2608 Hibernia, Suite 105
Dallas, Texas 75204-2514
Telephone: (713) 341-1158
Fax: (713) 961-5341
E-mail: jcarruth@wkpz.com

ATTORNEYS FOR ATTORNEYS FOR
KRS CARROLLTON LLC, KRS DALLAS LLC,
KRS SEGUIN, LLC, KRS FORT WORTH LLC,
AND KILGORE PROPERTY MANAGEMENT LLC